UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.<br><br>        Defendant | Civil Action No. 04-10339-RWZ |

**AMERICAN SCIENCE & ENGINEERING'S
MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO STRIKE INEQUITABLE CONDUCT CLAIMS</u>**

In but one paragraph of only three sentences, the declaratory judgment plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), has attempted to allege two claims of inequitable conduct. Under Rule 9(b), however, the defendant-patentee, American Science & Engineering ("AS&E"), is entitled to know the precise time, place, and specific content, among other details, of the alleged misrepresentations forming the basis for that inequitable conduct. L-3 has failed to allege these details with the particularity that Rule 9(b) requires. Accordingly, this Court should strike L-3's inequitable conduct claims.

**THE DEFICIENT PLEADING**

In its complaint for declaratory judgments, L-3 claims that AS&E's two patents-in-suit, the so-called '533 and '623 patents, are unenforceable due to AS&E's alleged inequitable conduct in prosecuting those patents. Specifically, L-3's sole allegation of inequitable conduct is as follows:

> When prosecuting the '533 patent, AS&E and the inventors misled the United States Patent and Trademark Office (the "PTO") and failed to disclose material information to the PTO. In particular, AS&E failed to disclose a prior offer for sale of the invention embodied in the '533 patent, made by AS&E, to the PTO. Upon information and belief, AS&E did so with the intent of deceiving the PTO.

Complaint, Count Three, ¶ 29. L-3 copies this same allegation, word for word (except for the patent number), for its inequitable conduct claim regarding the '623 patent (*see* Count Six, ¶ 45), even though that patent was prosecuted separately and claims distinct inventions.

That is the extent of the inequitable conduct pleading. L-3 does not allege exactly what offer for sale AS&E has allegedly failed to disclose. Nor does L-3 allege what misstatements were made, when they were made, and by whom. What was said (or not said) that was false? How does L-3 know that information was withheld with intent to deceive the PTO? From the conclusory allegation, neither AS&E nor the Court can decipher the basis for L-3's contentions. AS&E is certainly entitled to know more specific details so that it can prepare its rebuttal.

### ARGUMENT

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This strict pleading requirement applies to claims of inequitable conduct. *Ferguson Beauregard/Logic Control v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003); *Systemation, Inc. v. Engel Indus., Inc,* 183 F.R.D. 49, 50-51 (D. Mass. 1998) (Collings, M.J.) (striking declaratory judgment counterclaim for inequitable conduct).[1]

---

[1] Inequitable conduct is essentially a form of fraud. Indeed, to establish a claim or defense of inequitable conduct, L-3 must prove that AS&E (a) misrepresented or withheld material facts (b) with a culpable intent to deceive the PTO. *See Allied Colloids, Inc. v. American Cyanamid Co.*, 64 F.3d 1570, 1578 (Fed. Cir. 1995); *Kingsdown Medical Consultants Ltd. v. Hollister, Inc*., 863 F.2d 867, 872 (Fed. Cir. 1988).

Under Rule 12(f), this Court "may order stricken from any pleading any insufficient defense." Courts in a number of jurisdictions, including this district, have applied this rule to strike deficient inequitable conduct pleadings. *See*, *e.g.*, *Systemation, Inc., supra*; *see also EMC Corp. v. Storage Technology Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996) (counterclaim of inequitable conduct failed to meet Rule 9(b) because accused infringer did not identify the allegedly withheld prior art); *Energy Absorption Sys. Inc. v. Roadway Safety Serv. Inc.,* 28 U.S.P.Q.2d 1079, 1080 (N.D. Ill. 1993) (striking inequitable conduct defense and requiring the defendant to "specifically plead the time, place, and content of any alleged misrepresentation that [the defendant] made to the Patent and Trademark Office"); *Sun-Flex Co. v. Softview Computer Products Corp.*, 750 F. Supp. 962, 963 (N.D. Ill. 1990) (striking inequitable conduct defense because the defendant's overly broad accusations did not identify the precise content of the fraudulent representations and omissions); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 178 (E.D.N.Y. 1988) (failure to allege which prior art was concealed dooms the pleading under Rule 9(b)), *aff'd*, 870 F.2d 642 (Fed. Cir. 1989).

L-3's allegations fail to meet the requirements of Rule 9(b). For example, L-3 has not identified the offer for sale, to whom it was made, when it was made, and what product the offer involved. If, for example, the alleged offer for sale were made less than one year before the application filing date, it cannot be material because it cannot serve to invalidate the patent under the on-sale/public use bar of 35 U.S.C. § 102(b). L-3 has failed to state the timing of the alleged offer. Likewise, if the offer for sale fails to disclose each and every element of the claim at issue, it cannot serve to invalidate that claim. L-3 has failed to allege as much.

Nor has L-3 specified the patent claims to which the alleged offer is material. That is an important omission because only the claims define the protected inventions. And each claim of each patent defines a separate invention that stands or falls on its own. 35 U.S.C. § 282 (each claim of a patent is presumed valid independently of each other claim). Thus, L-3 cannot simply state, as it does, that the offer disclosed "the invention embodied in the '533 [or '623] patent" without specifying which invention of which claim. There is not one unitary invention of the patents, but rather many inventions found in the various claims.

In *Systemation, Inc.*, *supra*, the defendant stated an inequitable conduct defense in terms very similar to those used in L-3's complaint. The defendant alleged that "during prosecution of the '880 and '944 patents, . . . the applicant, having knowledge of certain prior art willfully refrained from disclosing such prior art to the Patent and Trademark Office." 183 F.R.D. at 50. Magistrate Judge Collings held that this pleading failed to meet the standards of Rule 9(b). *Id*. at 51. L-3's allegation states hardly more than that and thus fails for the same reason.

In addition, L-3 bases its "intent to deceive" allegation on "information and belief" and is thus required to state the source of its information and the factual basis for its belief. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 878 (1st Cir. 1991). That is, how does L-3 know or believe the alleged offer for sale was intentionally withheld or misrepresented? What or who is the source of L-3's information? No allegations answer these concerns.[2]

---

[2] Conclusory allegations and those made on information and belief, like L-3's, fail to meet the particularity required by Rule 9(b), even when the alleged fraud relates to matters solely within the knowledge of the opposing party. *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985); *Evanowski v. BankWorcester Corp.*, 788 F. Supp. 611, 615 (D. Mass. 1991) (Skinner, J.) (allegations of fraud based on information and belief are subjected to stricter scrutiny).

Aside from the express particularity requirements of Rule 9(b), there is sound public policy for more closely scrutinizing L-3's allegations of inequitable conduct:

> [T]he habit of charging inequitable conduct in almost every major patent case has become *an absolute plague*. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential, on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice. The charge was formerly known as "fraud on the Patent Office," a more pejorative term, but the change of name does not make the thing itself smell any sweeter.

*Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) (emphasis added) (vacating holding of inequitable conduct); *see also FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987) (affirming dismissal of inequitable conduct defense, which "is not, or should not be, a magic incantation to be asserted against every patentee"); *Avco Corp. v. PPG Industries, Inc.*, 867 F. Supp. 84, 89 (D. Mass. 1994) (Young, J.) (noting that "the Federal Circuit [has] criticized the too frequent resort to the inequitable conduct defense").

Accordingly, because L-3 has failed to specifically plead the particulars of its inequitable conduct claims, and given the sound policy for more closely scrutinizing the pleading, this Court should strike Counts Three and Six of L-3's complaint. Alternatively, under Rule 12(e), this Court should require L-3 to state more definitively the inequitable conduct claims so that AS&E can prepare to rebut the charges.

## CONCLUSION

For all of the foregoing reasons, AS&E respectfully requests that this Court strike Counts Three and Six of L-3's complaint or require a more definite statement.

| | |
|---|---|
| Dated: June 3, 2004 | AMERICAN SCIENCE AND ENGINEERING, INC. |
| | *By its attorneys*, |
| | /s/ Erik P. Belt |
| | Erik Paul Belt, BBO # 558620 |
| | BROMBERG & SUNSTEIN LLP |
| | 125 Summer Street |
| | Boston, Massachusetts 02110 |
| | Tel:  (617) 443-9292 |
| | Facsimile:  (617) 443-0004 |
| | ebelt@bronsum.com |

01945/00511  314320.1