IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

**AMENDED COMPLAINT**
**FOR DECLARATORY JUDGMENT**

Plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), brings this civil action against defendant, American Science & Engineering, Inc. ("AS&E").

1. This is a complaint for declaratory judgment of invalidity, non-infringement, and unenforceability of two patents purportedly owned by defendant AS&E.

2. L-3 is a Delaware corporation having a principal place of business at 10E Commerce Way, Woburn, Massachusetts 01801.

3. Upon information and belief, AS&E is a Massachusetts corporation, having a principal place of business at 829 Middlesex Turnpike, Billerica, Massachusetts 01821.

4. Jurisdiction in this Court arises under the Patent Laws of the United States, and the laws of the Commonwealth of Massachusetts. This court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

5.       This Court has personal jurisdiction over the defendant because, upon information and belief, AS&E's principal place of business is in Massachusetts and AS&E has otherwise conducted itself in a substantial and continuous manner within Massachusetts.

6.       Venue is appropriate under 28 U.S.C. § 1391.

## HISTORY BETWEEN THE PARTIES

7.       The parties are competitors in the same field of technology: explosive detection systems ("EDS").  In particular, both parties manufacture and offer for sale, among other things, large truck-based X-ray detection systems designed for scanning large objects, such as cargo containers or other trucks.

8.       There has been a lengthy history of litigation between the parties directly related to the technologies at issue in this case, going back to at least 1995.  In December 1995, AS&E filed a two-count complaint against EG&G Astrophysics Research Corp. ("EG&G") (an L-3 predecessor company), captioned <u>American Science & Engineering, Inc. v. EG&G Astrophysics Research Corp.</u>, Civil Action No. 95-12649-DPW (D. Mass.) (the "First Case").  The First Case involved allegations of trade secret misappropriation arising out of EDS technologies used by both parties.  The First Case was eventually settled and the parties stipulated to a dismissal without prejudice.

9.       In September 1998, AS&E brought another case against L-3's predecessor company, EG&G, captioned <u>American Science & Engineering, Inc. v. EG&G Astrophysics Research Corp.</u>, Civil Action No. 98-11939-GAO (D. Mass.) (the "Second Case").  The Second Case was based on the same underlying facts as the First Case, but differed in that AS&E also alleged infringement of two patents, U.S. Patent Nos. 5,764,683 (the "'683 patent") and 5,313,511 (the "'511 patent").  L-3 counterclaimed for declarations of invalidity and non-

infringement and on a common-law tort theory based upon actions AS&E took in 1998 concerning a contractual relationship between EG&G and the United States Customs Service.

10.     While the Second Case was pending, AS&E filed suit in February 1999 against the Commissioner of the United States Customs Service, in a case captioned <u>American Science & Engineering, Inc. v. Kelly</u>, Civil Action No. 99-10365-GAO (D. Mass.) (the "Third Case"). Once again AS&E alleged that EG&G had misappropriated a trade secret. AS&E further alleged that the Customs Service was using the purported trade secret. EG&G intervened to assist the Customs Service in defense of the case. After extensive discovery and a multiple-day evidentiary preliminary injunction hearing, the Court denied AS&E's motion for a preliminary injunction. Subsequently, the Court granted the Customs Service's motion to dismiss.

11.     In addition to the First, Second, and Third Cases, another of L-3's predecessors, Vivid Technologies, Inc. ("Vivid"), was also drawn into patent litigation with AS&E. In 1996, facing threats from AS&E, Vivid filed a declaratory judgment action against AS&E, captioned <u>Vivid Tech., Inc. v. American Science & Engineering, Inc.</u>, Civil Action No. 96-11059-REK (D. Mass.) (the "Fourth Case"), alleging that AS&E's U.S. Patent No. 5,253,283 was invalid and not infringed. The district court entered a claim construction ruling favorable to Vivid, which was upheld by the Federal Circuit, and the case was remanded, in a ruling reported at 200 F.3d 795 (Fed. Cir. 1999). For over three years thereafter, the case remained pending, though dormant, in the district court. Only recently has AS&E agreed to a dismissal of the Fourth Case.

## AS&E'S ALLEGATIONS OF INFRINGEMENT

12.     Consistent with its practice of engaging in repeated threats to file suit, as well as actual lawsuits, against L-3 and/or its predecessors alleging infringement of purported intellectual property rights, AS&E has repeatedly accused L-3, both in direct personal

communications and in writing, of infringing patents genealogically related to the `683 patent (one of the patents that was asserted in the Second Case). In particular, AS&E, over the past three years, has repeatedly asserted that L-3 infringes, and has repeatedly threatened L-3 with litigation alleging infringement of, U.S. Patent No. 6,292,533, entitled "Mobile X-Ray Inspection System for Large Objects," issued May 15, 2001 (the "`533 patent"), and U.S. Patent No. 5,903,623, also entitled "Mobile X-Ray Inspection System for Large Objects," issued May 11, 1999 (the "`623 patent"). Both the `533 patent and the `623 patent (the "Related Patents") are continuation patents of the `683 patent.

13.     Because AS&E continued to maintain these allegations of infringement, during settlement negotiations relating to the Third Case in 2003 and 2004, L-3 attempted to obtain a global settlement that would relieve it of any apprehension of suit regarding the `683 patent or the Related Patents. Although AS&E agreed to enter into a covenant not to sue regarding the `511 and `683 patents, it refused to enter into a covenant not to sue regarding the Related Patents. Because it would not relieve L-3 of the apprehension of suit regarding those patents that AS&E had expressly created through repeated threats over a several-year period, and because of the history of aggressive and lengthy litigation between the parties brought about by AS&E's conduct, a reasonable apprehension of suit with respect to the Related Patents still hangs over L-3's head.

14.     Certain products that AS&E has expressly accused of infringement, including the so-called "MOBIX" systems, are currently offered for sale by L-3 under the CX-450M and CX-2500M model numbers. L-3 is not aware at the present time what other products that it makes or has made may fall within the scope of AS&E's infringement contentions or threat to

sue, and accordingly its apprehension of suit is not limited to these specific products but relates to AS&E's past and current product lines in general.

15. Based upon these repeated threats, AS&E's refusal to sign a covenant not to sue, and L-3's continued offering for sale and manufacturing of accused systems, L-3 has a reasonable apprehension that AS&E will file a lawsuit against L-3 alleging infringement of the `533 and `623 patents. Therefore, an actual controversy exists between the parties with respect to the infringement, validity, and enforceability of the `533 and `623 patents, and the Court has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and § 2202, over this civil action.

## COUNT ONE

### DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE `533 PATENT

16. The allegations of paragraphs 1-15 are realleged and incorporated by reference as if fully set forth herein.

17. This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that L-3 has not and does not infringe the `533 patent.

18. AS&E has accused L-3 of infringement of the `533 patent and has threatened L-3 with litigation for alleged infringement of the `533 patent.

19. No product currently or previously made, used, sold, or offered for sale by L-3 or any of its predecessors-in-interest, and no method currently or previously practiced by L-3 or any of its predecessors-in-interest, infringes any claim of the `533 patent.

20. L-3 is entitled to a declaratory judgment that the `533 patent has not been infringed by L-3 or its predecessors in interest.

## COUNT TWO

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE `533 PATENT

21.    The allegations of paragraphs 1-20 are realleged and incorporated by reference as if fully set forth herein.

22.    This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that the `533 patent is invalid.

23.    AS&E has accused L-3 of infringement of the `533 patent and has threatened L-3 with litigation for alleged infringement of the `533 patent.

24.    The `533 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 101, et seq.

25.    L-3 is entitled to a declaration that the `533 patent is invalid.

## COUNT THREE

### DECLARATORY JUDGMENT OF
### UNENFORCEABILITY OF THE `533 PATENT

26.    The allegations of paragraphs 1-25 are realleged and incorporated by reference as if fully set forth herein.

27.    This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that the `533 patent is unenforceable.

28.    AS&E has accused L-3 of infringement of the `533 patent and has threatened L-3 with litigation for alleged infringement of the `533 patent.

29.    When prosecuting the `533 patent, AS&E, its attorneys, its agents, and the inventors misled the United States Patent and Trademark Office (the "PTO") and failed to disclose material information to the PTO. In particular, AS&E failed to disclose to the PTO a

prior art offer for sale to a governmental agency of the subject matter reflected in a contract numbered DAAB10-95-C-0001, between AS&E and the C3I Acquisition Center, dated October 19, 1994. AS&E further failed to disclose that a non-mobile CargoSearch system, located at Otay Mesa, California, was also prior art to the `533 patent. Upon information and belief, AS&E did so with the intent of deceiving the PTO.

30. The `533 patent is unenforceable because AS&E committed inequitable conduct in procuring the `533 patent.

31. L-3 is entitled to a declaration that the `533 patent is unenforceable due to inequitable conduct.

## COUNT FOUR

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE `623 PATENT

32. The allegations of paragraphs 1-31 are realleged and incorporated by reference as if fully set forth herein.

33. This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that L-3 has not and does not infringe the `623 patent.

34. AS&E has accused L-3 of infringement of the `623 patent and has threatened L-3 with litigation for alleged infringement of the `623 patent.

35. No product currently or previously made, used, sold, or offered for sale by L-3 or any of its predecessors-in-interest, and no method currently or previously practiced by L-3 or any of its predecessors-in-interest, infringes any claim of the `623 patent.

36. L-3 is entitled to a declaratory judgment that the `623 patent has not been infringed by L-3 or its predecessors in interest.

## COUNT FIVE

### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE `623 PATENT

37.     The allegations of paragraphs 1-36 are realleged and incorporated by reference as if fully set forth herein.

38.     This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that the `623 patent is invalid.

39.     AS&E has accused L-3 of infringement of the `623 patent and has threatened L-3 with litigation for alleged infringement of the `623 patent.

40.     The `623 patent is invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 101, et seq.

41.     L-3 is entitled to a declaration that the `623 patent is invalid.

## COUNT SIX

### DECLARATORY JUDGMENT OF
### UNENFORCEABILITY OF THE `623 PATENT

42.     The allegations of paragraphs 1-41 are realleged and incorporated by reference as if fully set forth herein.

43.     This is a civil action for declaratory judgment under 28 U.S.C. § 2201(a) and § 2202 that the `623 patent is unenforceable.

44.     AS&E has accused L-3 of infringement of the `623 patent and has threatened L-3 with litigation for alleged infringement of the `623 patent.

45.     When prosecuting the `623 patent, AS&E, its attorneys, its agents, and the inventors misled the United States Patent and Trademark Office (the "PTO") and failed to disclose material information to the PTO. In particular, AS&E failed to disclose to the PTO a

prior art offer for sale to a governmental agency of the subject matter reflected in a contract numbered DAAB10-95-C-0001, between AS&E and the C3I Acquisition Center, dated October 19, 1994.  AS&E further failed to disclose that a non-mobile CargoSearch system, located at Otay Mesa, California, was also prior art to the `623 patent.  Upon information and belief, AS&E did so with the intent of deceiving the PTO.

46.     The `623 patent is unenforceable because AS&E committed inequitable conduct in procuring the `623 patent.

47.     L-3 is entitled to a declaration that the `623 patent is unenforceable due to inequitable conduct.

## RELIEF REQUESTED

WHEREFORE, L-3 seeks:

A.     A declaration that the `533 patent is not and has not been infringed by L-3 or any of its predecessors in interest;

B.     A declaration that the `533 patent is invalid;

C.     A declaration that the `533 patent is unenforceable;

D.     A declaration that the `623 patent is not and has not been infringed by L-3 or any of its predecessors in interest;

E.     A declaration that the `623 patent is invalid;

F.     A declaration that the `623 patent is unenforceable;

G.     An award of attorneys' fees against AS&E pursuant to 35 U.S.C. § 285, as well as costs; and,

I.     Such further relief as the Court may deem proper.

**JURY TRIAL REQUESTED**

L-3 requests a trial by jury of all issues so triable.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION DELAWARE,

Dated: June 17, 2004

/s/ Michael A. Albert
Michael A. Albert, BBO #558566
malbert@wolfgreenfield.com
Robert M. Abrahamsen, BBO #636635
John L. Strand, BBO #654985
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.720.3500
Fax: 617.720.2441