UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
L-3 COMMUNICATIONS SECURITY  )
AND DETECTION SYSTEMS         )
CORPORATION DELAWARE        )
                                        )    Civil Action No. 04-10339-RWZ
              Plaintiff,     )
                                        )
             v.                    )    **JURY DEMANDED**
                                        )
AMERICAN SCIENCE &             )
ENGINEERING, INC.              )
                                        )
              Defendant     )
_____)

**AMERICAN SCIENCE & ENGINEERING'S
ANSWER TO L-3's AMENDED COMPLAINT
AND
<u>COUNTERCLAIMS FOR PATENT INFRINGEMENT</u>**

American Science & Engineering, Inc. ("AS&E"), answers the numbered allegations of the Amended Complaint for Declaratory Judgment and asserts its affirmative defenses and counterclaims against L-3 Communications Security and Detection Systems Corporation Delaware ("L-3") as follows.

**ANSWER**

1.      Paragraph 1 of L-3's complaint merely characterizes the nature of the action and thus no answer is required. To the extent an answer is required, however, AS&E denies that the two patents-in-suit are invalid, unenforceable, and not infringed. Accordingly, AS&E denies that L-3 is entitled to the declaratory judgment it seeks.

2.      AS&E admits the allegations in Paragraph 2 of L-3's complaint.

3.      AS&E admits the allegations in Paragraph 3 of L-3's complaint.

4. Paragraph 4 states conclusions of law to which no answer is required. To the extent an answer is required, however, AS&E denies that this Court has subject matter jurisdiction over the declaratory judgment claims under 28 U.S.C. §§ 2201 and 2202. AS&E, however, admits that, on its face, L-3's complaint arises under U.S. patent law and, therefore, subject matter jurisdiction would otherwise be proper under 28 U.S.C. §§ 1331 and 1338 if there were declaratory judgment jurisdiction, which AS&E disputes. AS&E denies that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because, for purposes of that section, both parties are citizens of Massachusetts.

5. AS&E admits the allegations of Paragraph 5 of L-3's complaint.

6. AS&E admits the allegations of Paragraph 6 of L-3's complaint.

7. AS&E admits that the parties are competitors in the field of explosive detection systems and that AS&E manufactures and sells truck-based x-ray detection systems, as alleged in Paragraph 7 of L-3's complaint. AS&E admits that L-3 offers for sales such truck-based systems but lacks sufficient knowledge or information to form a belief whether L-3 has actually manufactured or sold such systems.

8. AS&E denies the allegations in the first sentence of Paragraph 8 of L-3's complaint. AS&E admits the allegations in the second and third sentences of Paragraph 8 of L-3's complaint. AS&E admits that the so-called "First Case" was dismissed without prejudice but otherwise denies the remaining allegations in the fourth sentence of Paragraph 8.

9. AS&E admits the allegations in the first and second sentences and denies the allegations in the third sentence of Paragraph 9 of L-3's complaint.

10. AS&E admits the allegations in Paragraph 10 of L-3's complaint, except that AS&E denies the characterization of discovery as "extensive."

11. AS&E admits that it was involved in litigation with Vivid Technologies, Inc. but otherwise denies the remaining allegations of Paragraph 11 of L-3's complaint.

12. AS&E admits that the '533 and '623 patents result from continuations of the '683 patent and otherwise denies the remaining allegations of Paragraph 12 of L-3's complaint.

13. AS&E admits that it entered into a covenant not to sue regarding the '683 and '511 patents and otherwise denies the remaining allegations of Paragraph 13 of L-3's complaint.

14. AS&E admits that L-3 currently purports to offer for sale products under the CX-450M and CX-2500M model numbers. AS&E lacks sufficient knowledge or information to form a belief as to L-3's awareness, as alleged in the second sentence of Paragraph 14 of L-3's complaint. AS&E denies the remaining allegations of Paragraph 14 of L-3's complaint.

15. Paragraph 15 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies the allegations in Paragraph 15 of L-3's complaint.

### Answer to Count One
### Declaratory Judgment of
### Non-Infringement of the '533 Patent

16. AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-15 of L-3's complaint.

17. Paragraph 17 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, and on information and belief, AS&E denies that L-3 has not and does not infringe the '533 patent.

18. AS&E denies the allegations of Paragraph 18 of L-3's complaint.

19. On information and belief, AS&E denies the allegations of Paragraph 19 of L-3's complaint.

20. Paragraph 20 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies the allegations in Paragraph 20.

## Answer to Count Two
## Declaratory Judgment of
## Invalidity of the '533 Patent

21. AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-20 of L-3's complaint.

22. Paragraph 22 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, AS&E denies that the '533 patent is invalid.

23. AS&E denies the allegations of Paragraph 23 of L-3's complaint.

24. Paragraph 24 of L-3's complaint states one or more legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies that the '533 patent is invalid and thus denies the allegations of Paragraph 24 of L-3's complaint.

25. Paragraph 25 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies that the '533 patent is invalid and thus denies the allegations of Paragraph 25 of L-3's complaint.

## Answer to Count Three
## Declaratory Judgment of
## Unenforceability of the '533 Patent

26. AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-25 of L-3's complaint.

27.     Paragraph 27 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, AS&E denies that the '533 patent is unenforceable.

28.     AS&E denies the allegations of Paragraph 28 of L-3's complaint.

29.     AS&E denies that it failed to disclose any material information to the PTO while prosecuting the '533 patent, denies that the subject matter of Contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system are prior art to the claims of the '533 patent, denies that it intended to deceive the PTO, and thus denies the allegations of Paragraph 29 of L-3's complaint.

30.     AS&E denies the allegations of Paragraph 30 of L-3's complaint.

31.     Paragraph 31 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies that the '533 patent is unenforceable and thus denies the allegations of Paragraph 31 of L-3's complaint.

### Answer to Count Four
### Declaratory Judgment of
### Non-Infringement of the '623 Patent

32.     AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-31 of L-3's complaint.

33.     Paragraph 33 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, and on information and belief, AS&E denies that L-3 has not and does not infringe the '623 patent.

34.     AS&E denies the allegations of Paragraph 34 of L-3's complaint.

35.     On information and belief, AS&E denies the allegations of Paragraph 35 of L-3's complaint.

36. Paragraph 36 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies the allegations in Paragraph 36.

### Answer to Count Five
### Declaratory Judgment of
### Invalidity of the '623 Patent

37. AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-36 of L-3's complaint.

38. Paragraph 38 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, AS&E denies that the '623 patent is invalid.

39. AS&E denies the allegations of Paragraph 39 of L-3's complaint.

40. Paragraph 40 of L-3's complaint states one or more legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies that the '533 patent is invalid and thus denies the allegations of Paragraph 40 of L-3's complaint.

41. Paragraph 41 of L-3's complaint states legal conclusions to which now answer is required. To the extent an answer is required, however, AS&E denies that the '623 patent is invalid and thus denies the allegations of Paragraph 41 of L-3's complaint.

### Answer to Count Six
### Declaratory Judgment of
### Unenforceability of the '623 Patent

42. AS&E repeats and incorporates by reference its answers and responses to Paragraphs 1-41 of L-3's complaint.

43. Paragraph 43 of L-3's complaint merely characterizes the nature of the action and thus does not require an answer. To the extent an answer is required, however, AS&E denies that the '623 patent is unenforceable.

44. AS&E denies the allegations of Paragraph 44 of L-3's complaint.

45. AS&E denies that it failed to disclose any material information to the PTO while prosecuting the '623 patent, denies that the subject matter of Contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system are prior art to the claims of the '623 patent, denies that it intended to deceive the PTO, and thus denies the allegations of Paragraph 45 of L-3's complaint.

46. AS&E denies the allegations of Paragraph 46 of L-3's complaint.

47. Paragraph 47 of L-3's complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, AS&E denies that the '623 patent is unenforceable and thus denies the allegations of Paragraph 47 of L-3's complaint.

## AFFIRMATIVE DEFENSES

1. L-3 fails to state claims upon which relief may be granted.

2. The Court lacks subject matter jurisdiction to entertain the declaratory judgment claims under 28 U.S.C. §§ 2201 and 2202.

3. L-3's claims are barred, in whole or in part, under one or more of the equitable doctrines of estoppel, laches, and unclean hands.

4. The '533 and '623 patents, are valid, enforceable, and infringed.

5. At all times during prosecution of the '533 and '623 patents, AS&E acted with good faith and candor towards the PTO and with no intent to deceive the PTO.

6. AS&E reserves the right to assert additional defenses as they become apparent during discovery in this action.

## COUNTERCLAIMS

American Science & Engineering, Inc. ("AS&E") states the following counterclaims against L-3 Communications Security & Detection Systems Corporation Delaware ("L-3").

### The Parties

1. AS&E is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business at 829 Middlesex Turnpike, Billerica, MA 01821.

2. AS&E's principal business is the discovery, research, development, manufacture, engineering, and sale of X-ray inspection and security systems. AS&E's X-ray systems can be used for the detection of hidden explosives, drugs, and other contraband in, for example, luggage, parcels, cargo, and vehicles. AS&E's X-ray inspection and security systems can be used at airports, border crossings, ports of entry, terminals, correctional facilities, military bases, and other facilities and locations requiring security. As such, AS&E's systems are particularly useful for homeland security. AS&E's X-ray technology also can be used in medical applications, scientific research, and in other applications. AS&E's customers include the United States Government, the U.S. Postal Inspection Service, and the U.S. Customs Service.

3. Among the X-ray inspection systems developed, manufactured, and sold by AS&E is the MobileSearch™ X-ray inspection system, which is an inspection system mounted on a truck or other vehicle and can be used for inspecting cargo, particularly cargo in large containers, automobiles, trucks, and other vehicles. The MobileSearch™ X-ray inspection systems embody inventions claimed in certain AS&E patents, including the two patents in suit.

4. On information and belief, L-3 is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 10 Commerce Way,

Woburn, MA, 01801. L-3 is doing business in this judicial district in that it is headquartered here and offers for sale products in this district, including, but not limited to, the products at issue in this case.

5. For purposes of these counterclaims, AS&E accepts as true L-3's allegations in its complaint, in its opposition to AS&E's motions to dismiss (both in this case and in Civil Action No. 98-11939-GAO), and in its arguments in open court that L-3 manufactures, uses, offers to sell, and/or sells certain mobile cargo X-ray inspection systems, including the CX-450M and CX-2500M systems. In particular, and for purposes of these counterclaims, AS&E accepts as true L-3's allegation that "L-3 sells truck-mounted, transmission-only imaging systems, resembling in some respects the system disclosed in the AS&E patents." *See* Plaintiff's Opposition to Defendant AS&E's Motion to Dismiss for Lack of Actual Controversy at p. 6. AS&E thus bases these counterclaims on, *inter alia*, the evidence of L-3's alleged manufacture and sale of, and offers to sell, its mobile x-ray inspection systems, which L-3 supplied in its opposition to AS&E's motions to dismiss; L-3's own statements and arguments; information from L-3's website (www.dsxray.com), which L-3 pointed out in its opposition papers; and other information that AS&E has developed concerning L-3's alleged mobile x-ray inspection systems.

### Jurisdiction and Venue

6. AS&E asserts counterclaims for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**The Patents Infringed**

8. On September 18, 2001, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 6,292,533, entitled "Mobile X-ray Inspection System for Large Objects," ("the '533 patent").

9. On May 11, 1999, the PTO issued United States Patent No. 5,903,623, also entitled "Mobile X-ray Inspection System for Large Objects" ("the '623 patent").

10. Pursuant to 35 U.S.C. § 282, the '533 and '623 patents and each of their claims are presumed valid and enforceable.

11. Roderick Swift and Andrew Tybinkowski are the inventors of the '533 and '623 patents. Both inventors assigned their rights in these patents to AS&E. AS&E owns the '533 and '623 patents and has full right, title, and interest in and to them.

**Counterclaim Count I**
**Infringement of the '533 Patent**

12. AS&E realleges and incorporates by reference Paragraphs 1-12 of the counterclaims.

13. On information and belief, and in violation of 35 U.S.C. § 271(a)-(c) and (f), L-3 has been and still is infringing, contributing to, and actively inducing infringement of the '533 patent by manufacturing, using, offering to sell, and/or selling within the United States mobile X-ray inspection systems that are covered by one or more claims of the '533 patent.

14. On information and belief, L-3 has profited and continues to profit from its manufacture, use, offers to sell, and/or sale of the infringing mobile X-ray inspection systems.

15. Upon information and belief, L-3'S infringement of the '533 patent has been and continues to be willful, wanton, and deliberate.

16. AS&E has been and continues to be damaged and irreparably harmed by L-3's infringement of the '533 patent.

## Counterclaim Count II
### Infringement of the '623 Patent

17. AS&E realleges and incorporates by reference Paragraphs 1-11 of the counterclaims.

18. On information and belief, and in violation of 35 U.S.C. § 271(a)-(c) and (f), L-3 has been and still is infringing, contributing to, and actively inducing infringement of the '623 patent by manufacturing, using, offering to sell, and/or selling within the United States mobile X-ray inspection systems that are covered by one or more claims of the '623 patent.

19. On information and belief, L-3 has profited and continues to profit from its manufacture, use, offers to sell, and/or sale of the infringing mobile X-ray inspection systems.

20. Upon information and belief, L-3'S infringement of the '623 patent has been and continues to be willful, wanton, and deliberate.

21. AS&E has been and continues to be damaged and irreparably harmed by L-3's infringement of the '623 patent.

**WHEREFORE**, AS&E respectfully asks this Court to enter judgment for AS&E and against L-3, and to grant AS&E the following relief:

(a) An order pursuant to 35 U.S.C. § 271 finding that L-3 infringes the '533 patent;

(b) An order pursuant to 35 U.S.C. § 271 finding that L-3 infringes the '623 patent;

(c) An order pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65 preliminarily and permanently enjoining L-3 (including its officers, directors, employees, agents,

servants, attorneys, and persons in active concert or participation with them) from infringing the '533 and/or '623 patents;

(d) An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate AS&E for L-3's infringement of the '533 patent and an accounting to determine the proper amount of such damages;

(e) An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate AS&E for L-3's infringement of the '623 patent and an accounting to determine the proper amount of such damages;

(f) A three-fold increase in damages as a result of L-3's willful, wanton, and deliberate acts of infringement;

(g) An award pursuant to 35 U.S.C. § 284 of costs and prejudgment and post judgment interest on AS&E's compensatory damages;

(h) An award pursuant to 35 U.S.C. § 285 of AS&E's attorneys' fees incurred in this action;

(i) An order directing the recall of all existing L-3 mobile X-ray inspection systems that infringe the '533 and/or '623 patents; and

(j) Such further relief as this Court deems just and proper.

**JURY DEMAND**

AS&E requests a trial by jury on all issues so triable.

Dated: June 30, 2004            AMERICAN SCIENCE & ENGINEERING, INC.

By its Attorneys,

/s/ Erik P. Belt
Erik Paul Belt, BBO# 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: (617) 443-9292
Facsimile: (617) 443-0004
E-mail: ebelt@bromsun.com

01945/00511  318887.1