IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>        Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

**L-3'S REPLY AND AFFIRMATIVE DEFENSES
TO AS&E'S COUNTERCLAIMS**

L-3 Communications Security and Detection Systems Corporation Delaware ("L-3") states the following in response to American Science & Engineering, Inc.'s ("AS&E") counterclaims:

1. Admitted.

2. L-3 admits that AS&E is in the business of X-ray inspection and security systems, but is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 2 of the counterclaims and thus denies the same.

3. L-3 admits that AS&E offers for sale a system called the "MobileSearch," but it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations and thus denies the same.

4. L-3 admits the first sentence and admits that it is headquartered in Massachusetts and offers for sale certain products in this district, but denies the remainder.

5. This paragraph contains only statements as to what AS&E "accepts as true," and does not appear to contain any allegations requiring a response.

6. L-3 admits that AS&E has purported to assert counterclaims for patent infringement, and that this Court would have jurisdiction over such counterclaims.

7. Admitted.

8. Admitted.

9. Admitted.

10. This paragraph states a legal conclusion to which no response is necessary.

11. L-3 admits that Roderick Swift and Andrew Tybinkowski are the individuals listed as the inventors on the face of the `533 and `623 patents, but it is without information sufficient to form a belief as to the truth or falsity of the remaining allegations and thus denies the same.

12. L-3 repeats and reincorporates its responses to paragraphs 1-11 as though restated in full herein.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. L-3 repeats and reincorporates its responses to paragraphs 1-16 as though restated in full herein.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

## AFFIRMATIVE DEFENSES

1. AS&E's claims are barred, in whole or in part, under one or more of the equitable doctrines of estoppel, laches, and waiver.

2. L-3 is not liable for patent infringement for the use or manufacture of any products by or for the United States with the authorization or consent of the United States within the meaning of 28 U.S.C. §1498.

3. L-3 has not infringed the claims of the '533 and '623 patents.

4. The claims of the '533 and '623 patents are invalid under 35 U.S.C. §1, et. seq.

5. Upon information and belief, AS&E has granted a license to L-3 or its customers, or is obligated to grant a license to L-3 or its customers on reasonable terms.

6. Upon information and belief, the '533 and '623 patents are unenforceable because AS&E, during prosecution of the applications for such patents before the United States Patent and Trademark Office ("PTO"), intentionally omitted to bring certain material prior art to the PTO's attention. In particular, AS&E failed to disclose to the PTO a prior art offer for sale to a governmental agency of the subject matter reflected in a contract numbered DAAB10-95-C-0001, between AS&E and the C3I Acquisition Center, dated October 19, 1994. AS&E further failed to disclose that a non-mobile CargoSearch system, located at Otay Mesa, California, was also prior art to the `533 and `623 patents. Upon information and belief, AS&E did so with the intent of deceiving the PTO.

7. Upon information and belief, L-3 is not liable to AS&E for damages relating to any acts alleged to have been performed prior to the date of the filing of this action because AS&E did not mark any products as required by 35 U.S.C. § 287 or otherwise give proper notice regarding the asserted patents.

- 4 -

        Respectfully Submitted,

        L-3 COMMUNICATIONS SECURITY AND
        DETECTION SYSTEMS CORPORATION DELAWARE,

Dated: July 23, 2004        /s/ Michael A. Albert
        Michael A. Albert, BBO #558566
        malbert@wolfgreenfield.com
        Robert M. Abrahamsen, BBO #636635
        John L. Strand, BBO #654985
        WOLF, GREENFIELD & SACKS, P.C.
        600 Atlantic Avenue
        Boston, Massachusetts 02210
        Tel.: 617.720.3500
        Fax: 617.720.2441