IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>RULE 37 MOTION FOR SANCTIONS</u>**

Plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), moves under Rule 37(d) for sanctions against defendant, American Science & Engineering, Inc. ("AS&E"), for failure to appear for a properly noticed deposition.

**<u>Background</u>**

L-3 brought this Declaratory Judgment action against AS&E in February 2004, in an effort to clear the air for L-3's future sales of certain mobile X-ray inspection systems. In its Complaint, L-3 asserted, among other things, that two of AS&E patents were (a) invalid over prior art, and (b) unenforceable because

that prior art was intentionally withheld from the United States Patent and Trademark Office (PTO).[1]

In the Complaint, and subsequently in interrogatory responses, L-3 identified the invalidating prior art not disclosed to the PTO as (1) a prior art offer for sale to a governmental agency of the subject matter reflected in contract number DAAB10-95-0001, between AS&E and the C3I Acquisition Center, and (2) a CargoSearch system located at Otay Mesa, California.

In its Answer, AS&E denied, among other things, "that the subject matter of Contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system are prior art to the claims of the [patents-in-suit]." (Answer at ¶¶ 29, 45).

Thus, L-3 sought discovery, as permitted by the Federal Rules of Civil Procedure, to prove what AS&E had denied, namely, that the specified X-ray inspection systems are invalidating prior art to the patents-in-suit.

To that end, on July 9, 2004, L-3 served document requests on AS&E (Ex. A, e.g., Req. Nos. 9, 10, 13, 14), and on September 17, 2004, noticed the deposition of AS&E for October 6, 2004 (Ex. B). The deposition notice concerned only the two X-ray systems discussed above and the circumstances that appeared to render them prior art to AS&E patents, and the knowledge of those prior art systems by those owing a duty of good faith and candor to the PTO in connection with the prosecution of those patents.

---

[1] To obviate a motion by AS&E to strike L-3's inequitable conduct claims for failure to meet the requirements of Rule 9(b), L-3 amended its Complaint to specify with particularity the prior art that was intentionally withheld from the PTO.

2

L-3 agreed to postpone the October 6 deposition because of delays by AS&E in its production of documents. (See Ex. C). AS&E finally made some documents available for inspection in the middle of November. On November 17, immediately after reviewing those documents, L-3 re-noticed for December 3 the deposition that had earlier been noticed for October 6. (See Ex. D). Because relevant documents concerning the Otay Mesa system were absent from AS&E's production, the deposition re-notice further demanded that AS&E produce those documents on November 29. (Ex. D, Schedule B).

L-3 appeared at the scheduled time and place for the deposition. (Ex. E). Neither a witness nor counsel for AS&E appeared. (Id.). No protective order had been sought.

## **Argument**

Rule 37(d) authorizes a Court to impose severe sanctions "If … a person designated under Rule 30(b)(6) to testify on behalf of a party fails… to appear before the officer who is to take the deposition, after being served with a proper notice." As explained in Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2291:

> No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition … has been properly served on the party.

According to Rule 37(d), the sanctions that may be imposed in this circumstance include, among others, the actions specified in subparagraphs (A), (B), and (C) of Rule 37(b)(2). Thus, the Court plainly has discretion to sanction AS&E for its failure to appear by, among other things, making findings of fact

3

847912.1

adverse to AS&E, or precluding AS&E from opposing certain of L-3's claims. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2289. Moreover, Rule 37 specifies:

> In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorneys fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

For the reasons that follow, L-3 asks that the Court sanction AS&E for this most recent[2] abuse by precluding it from opposing L-3's claims that AS&E's patents are invalid and unenforceable. At a minimum, the Court should find conclusively that (1) the product AS&E offered for sale to the U.S. Government in connection with contract number DAAB10-95-0001 more than one year before the effective filing date of the AS&E patents, and (2) the CargoSearch system delivered to the government and deployed at Otay Mesa, California more than one year before the effective filing date of the AS&E patents, are both prior art to the AS&E patents under 35 U.S.C. §102(b).

L-3 urgently needs to take discovery concerning the invalidity and unenforceability of AS&E's patents. The Court's scheduling order requires L-3 to serve expert reports on these issues, on which L-3 bears the burden of proof, by January 28, 2005. As outlined above, L-3 has been seeking to obtain such discovery since July. It once agreed to reschedule a Rule 30(b)(6) deposition on

---

[2] In an earlier case between these two parties involving related patents, AS&E refused to produce requested documents and did not appear for a Rule 30(b)(6) deposition. (See Ex. F). (L-3 was the predecessor in interest to EG&G Astrophysics Research Corporation).

4

847912.1

these issues, previously noticed for October 6, 2004, because AS&E had not produced certain documents. A re-notice of that deposition was served on November 17, for a rescheduled date of December 3. It appears that AS&E made no effort whatsoever to identify a witness to appear for that deposition. AS&E, moreover, completely ignored the demand in the deposition re-notice that it produce documents concerning the Otay Mesa CargoSearch system in advance of the deposition date.

AS&E did not move for a protective order to block the deposition or requested document production, and did not appear for the re-noticed deposition. L-3 has thus been stonewalled from obtaining the discovery it needs on the issues of invalidity and unenforceability.

Accordingly, L-3 requests that AS&E be sanctioned appropriately. It is L-3's expectation that this deposition would have elicited evidence sufficient to prove AS&E's patents invalid and unenforceable. Under the circumstances here, a finding adverse to AS&E on these issues would be appropriate. L-3 thus requests that judgment be entered declaring the patents invalid and unenforceable, and that AS&E's counterclaims be dismissed as moot with prejudice.

Finally, L-3 requests that AS&E be ordered to pay L-3's reasonable expenses, including attorney's fees, incurred as a result of AS&E's misconduct outlined above. L-3 will provide an accounting of the fees and expenses it incurred should such relief be granted.

847912.1

**Local Rule 37.1 Statement**

L-3's counsel, Robert Abrahamsen, and AS&E's counsel, John Ward, conferred by telephone at 12:30 P.M. on December 6, 2004 for approximately three minutes, to discuss the issues presented in this motion. AS&E's counsel was informed that L-3 intended to file a motion requesting that AS&E be sanctioned for failing to appear at the deposition noticed for December 3, 2004, and that the requested sanctions would include an order precluding AS&E from opposing L-3's defenses of invalidity and unenforceability, or, at a minimum, finding that the subject of contract number DAAB10-95-0001 and the CargoSearch system deployed at Otay Mesa are prior art to the AS&E patents. No agreement was reached as to the appropriateness of such sanctions.

**Conclusion**

For the above reasons, L-3's motion for sanctions against AS&E should be granted.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
DELAWARE

Dated: December 6, 2004
/s/ James J. Foster
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
John L. Strand, BBO #654985
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.720.3500
Fax: 617.720.2441
JFoster@wolfgreenfield.com

847912.1