# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

## PLAINTIFF'S FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), requests that Defendant, American Science and Engineering, Inc. ("AS&E"), produce for inspection and copying the documents enumerated below at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210, on August 9, 2004.

## DEFINITIONS

The Uniform Definitions in Discovery Requests of Local Civil Rule 26.5 are incorporated by reference.

"The '929 Reissue Application" means Reissue Application Serial No. 10/229,993, filed August 28, 2002.

"AS&E PATENTS" means U.S. Patent No. 6,292,533, U.S. Patent No. 5,903,623, and U.S. Patent No. 6,252,929

"AS&E PRODUCT" means an AS&E product that is covered by any claim of the AS&E PATENTS.

798599.1

"ACCUSED PRODUCT" means any L-3 product that AS&E believes is covered by a claim of the AS&E PATENTS.

"COUNTERPART" means any United States patent or application or any foreign patent or application that claims the benefit of the filing date of any application that led to any of the AS&E PATENTS, or contains (explicitly or by incorporation by reference) any portion of the disclosure of any application that led to any of the AS&E PATENTS.

"LICENSE" means any license under any of the AS&E PATENTS, or any COUNTERPART.

## REQUESTS

1.      All documents concerning the decision by AS&E to seek patent coverage on the inventions of each of the AS&E PATENTS.

2.      All documents concerning the preparation, filing or prosecution, of any of the AS&E PATENTS.

3.      All documents concerning any COUNTERPART to any of the AS&E PATENTS.

4.      With respect to each invention claimed in any of the AS&E PATENTS, all documents concerning:

     (a)      its conception and reduction to practice;

     (b)      its first documentation or other written representation;

     (c)      its first disclosure to any other person;

     (d)      its first public demonstration, disclosure, sale, offer for sale, or other commercialization;

     (e)      any experimental use; and

     (f)     the identity of each person who has knowledge concerning the documents responsive to (a)-(e).

5.     With respect to all AS&E PRODUCTS and all products licensed under any of the AS&E PATENTS, all documents concerning:

     (a)     the relation of the product to any of the AS&E PATENTS;

     (b)     the first manufacture or production of the product;

     (c)     the first demonstration, disclosure, or public use of the product; and

     (d)     the first sale or offer for sale of the product.

6.     All documents and things concerning searches for prior art to the AS&E PATENTS, including copies of all prior art uncovered in such searches.

7.     All prior art considered at any time by AS&E, or any of its employees, to be relevant to the AS&E PATENTS.

8.     All documents concerning any communications or correspondence between AS&E and the United States government concerning the subjects claimed in the AS&E PATENTS, including any requests for bids, contracts, or white papers.

9.     All documents concerning Contract No. DAAB10-95-C-0001 or its negotiation.

10.     All documents concerning ASE-5901, Vol. 2 of 2, Price Proposal for AS&E MOBILE CARGOSEARCH X-Ray Inspection System.

11.    All documents concerning ASE-5839, Vol. 1 of 2, Technical Proposal for AS&E CARGOSEARCH 2 X-Ray Inspection System, prepared for the Defense Advanced Research Projects Agency (DARPA).

12.    All documents concerning Broad Agency Announcement DAAB 10-91-Q-2036 or any response of AS&E's made thereto.

13.    All documents concerning Contract DAAD05-92-C-0073 or its negotiation.

14.    All documents concerning AS&E's CargoSearch system that was deployed at Otay Mesa.

15.    All documents and things that have been identified to AS&E by any person as relevant prior art to the AS&E patents.

16.    All documents and things from the files of the named inventors of each of the AS&E PATENTS concerning the matters disclosed or claimed in each of the AS&E PATENTS or any COUNTERPART.

17.    All documents from AS&E's personnel files concerning the named inventors of each of the AS&E PATENTS.

18.    All documents and things that were considered, reviewed, or relied on by AS&E, the inventors of each of the AS&E PATENTS, or those acting on their behalf, in deciding what to claim in each of the AS&E PATENTS.

19.    All documents concerning any information received from third parties by any of the named inventors of any of the AS&E PATENTS concerning the matters disclosed or claimed in any of the AS&E PATENTS.

20.    All documents authored, co-authored, or edited by any of the named inventors of each of the AS&E PATENTS, or any other AS&E employee concerning the subjects disclosed or claimed in each of the AS&E PATENTS or any COUNTERPART, including technical disclosures, papers, presentations, and publications.

21.    Copies of all patents or pending applications that mention, relate, or refer to any of the AS&E PATENTS or the matters claimed in the AS&E PATENTS, or that are referred to by any of the AS&E PATENTS.

22.    All related documents maintained by the attorneys who prosecuted the AS&E PATENTS, the '929 Reissue Application, or any COUNTERPART.

23.    The file history of the '929 Reissue Application.

24.    All related correspondence between AS&E and any patent attorneys or agents who aided AS&E or the named inventors of any of the AS&E PATENTS in the prosecution of any of the AS&E PATENTS or any COUNTERPART.

25.    All documents concerning inventorship, enforceability, prior art, or state of the art searches or opinions conducted by or for AS&E that relate to any of the AS&E PATENTS, and the subjects disclosed or claimed in those patents or any COUNTERPART.

26.    All documents concerning the ownership of or transfer or assignment of an ownership interest in any of the AS&E PATENTS or any COUNTERPART.

27.    All documents concerning any agreements related to the subjects disclosed or claimed in any of the AS&E PATENTS or any COUNTERPART, including all LICENSES.

28.    All documents concerning any agreement, understanding, or contract between AS&E and any other person concerning any AS&E PRODUCT, including assignments, indemnification agreements, or transfer of intellectual property rights.

29.    All documents that refer or relate to the negotiation of any actual or potential LICENSE, under which AS&E would have granted or received any rights concerning any of the AS&E PATENTS.

30.     All documents concerning AS&E policies or practices regarding licensing of intellectual property rights.

31.     All documents concerning any persons utilized by AS&E to develop, test, analyze, manufacture, or market any AS&E PRODUCT.

32.     All documents and things concerning the research, design or development, of any AS&E PRODUCT.

33.     All documents and things concerning any technology purchased, acquired, or licensed by AS&E to research, design, develop, test, or sell any AS&E PRODUCT.

34.     All documents concerning this litigation.

35.     All documents concerning any communications, negotiations, or agreements, between AS&E and any person concerning the technology at issue.

36.     All documents concerning any collaboration, agreement, or joint venture between AS&E and any other person, including the United States government, concerning the technology at issue.

37.     All distribution agreements and sales agreements for AS&E PRODUCTS.

38.     All documents concerning the design, operation, or use of all AS&E PRODUCTS and ACCUSED PRODUCTS, including all notebooks, memos, letters, drawings, diagrams, specifications, user or other manuals, and testing documents.

39.     All documents concerning the marketing, promotion, distribution, or sale of all AS&E PRODUCTS and ACCUSED PRODUCTS, including trade or promotional literature, advertising, catalogs, brochures, and product specification sheets.

40.     All documents concerning any product, component, or service of L-3, or purchases or use of L-3 products by AS&E.

41.     All documents concerning any comparison between any AS&E PRODUCT, any ACCUSED PRODUCT, or any third party product.

42.     All documents concerning any examination, inspection, or testing of any ACCUSED PRODUCT.

43.     All documents concerning AS&E's assertions that L-3 has infringed any of the AS&E PATENTS.

44.     All documents concerning any communications, negotiations, or agreements between AS&E and any person concerning any of the AS&E PATENTS, any COUNTERPARTS, any AS&E PRODUCT, any ACCUSED PRODUCT, or this litigation.

45.    All documents concerning the validity or invalidity of any claim of any of the AS&E PATENTS.

46.    All documents concerning any objective indicia of non-obviousness of any claim of any of the AS&E PATENTS.

47.    All documents concerning the commercial success of any AS&E PRODUCT, any ACCUSED PRODUCT, or any product produced under a LICENSE.

48.    All documents concerning a perceived need in the marketplace for the invention claimed in any of the AS&E PATENTS.

49.    All documents concerning infringement of any of the AS&E PATENTS, including all documents that relate to tests, studies, investigations, inspections, or analyses of any ACCUSED PRODUCT relied on to determine whether that product infringes any of the claims of the AS&E PATENTS.

50.    All documents concerning the infringement pleaded in the Answer and Counterclaims.

51.    All documents concerning AS&E's first awareness of each ACCUSED PRODUCT, including the circumstances under which AS&E became aware of each such product.

52.    All documents concerning when and under what circumstances AS&E first formed a belief that any of the ACCUSED PRODUCTS were infringing any of the AS&E PATENTS.

53.    All documents concerning notice to L-3 of infringement of any of the AS&E PATENTS.

54.    All documents concerning notice to any person other than L-3 of infringement of any of the AS&E PATENTS.

55.    All documents concerning any decision or opinion by AS&E to sue, not sue, or to delay suing L-3 or any other person for infringement of any of the AS&E PATENTS.

56.    All documents concerning any contested proceedings (other than this litigation) involving any of the AS&E PATENTS, any COUNTERPART, including all pleadings, discovery requests and responses, briefs, decisions, orders, settlement agreements, and prior art made known to AS&E during the course of those proceedings.

57.   All documents concerning *Heimann Systems GmbH v. American Science & Engineering, Inc.*, Civ. No. 00-10276-WGY (D. Mass.), including all motions, affidavits, expert reports (including those of Dr. Robert G. Zameroff, Robert Beland, and any other experts), exhibits, attachments, and briefs.

58.   All documents concerning any communications or any contacts between AS&E and any other person regarding any of the AS&E PATENTS.

59.   All documents concerning U.S. patent no. 5,692,028.

60.   All AS&E annual reports from 1985 to now.

61.   Documents that identify the persons having responsibility for the following functions concerning the making, using, or selling of any AS&E PRODUCTS at any time:

      (a)   Chief Executive Officer;

      (b)   Chief Operating Officer;

      (c)   licensing;

      (d)   manufacturing;

      (e)   marketing or distribution;

      (f)   advertising;

      (g)   sales;

      (h)   product design;

      (i)   product engineering; and

(j)    research and development.

62.    All documents concerning the following policies of AS&E:

(a)    document retention or destruction;

(b)    disclosure of inventions to patent counsel or patent staff;

(c)    competitive intelligence;

(d)    monitoring third parties' activities in the marketplace; and

(e)    awards, incentives, or compensation to inventors who become listed on any U.S. patents assigned to AS&E.

63.    All documents concerning each person who will share in the costs of, or participate in any proceeds (whether settlement payments, royalties, damages, etc.) awarded, in this litigation.

64.    All advertisements, promotional materials, and communications to customers or prospective customers concerning L-3.

65.    All documents concerning any witness statements obtained by AS&E relating to this litigation.

66.    All documents that relate to AS&E's commercial exploitation of any matter claimed in any of the AS&E PATENTS or COUNTERPARTS, including feasibility studies, marketing plans, marketing forecasts, estimates or projections of market share, periodic research

and development reports, advertisements, promotional brochures, product literature, catalogs, trade show exhibits or displays, technical brochures, specifications, price lists, contracts, purchase orders, papers published or presented, and documents referring or relating to research, development, marketing, manufacturing, production, negotiations, efforts to sell, offers for sale, and actual sales.

67.     For each person AS&E intends to use as a witness in this case:

    (a)     all documents of that person referring or concerning this case, or any issues in this case, including any matters about which that person will testify in this case;

    (b)     all documents reviewed or consulted by that person as a part of any participation in this case;

    (c)     all documents upon which that person has relied or intends to rely in this case; and

    (d)     all documents or things provided to such person by AS&E in connection with this case.

68.     For each person AS&E intends to use as an expert witness in this case:

    (a)     all publications, articles, books, or papers authored, co-authored, edited, co-edited, or otherwise he generated;

    (b)     all documents authored, co-authored, edited, co-edited, or otherwise he generated that refer or relate to any opinions or testimony to be rendered in this case;

(c)    all transcripts, including all exhibits, of his testimony in any other

litigation;

(d)    all documents or things he reviewed or consulted as a part of any

participation in this case;

(e)    all documents and all things upon which he relied or intends to rely;

(f)    all documents or things upon which he based any opinions or testimony in

this case;

(g)    all documents or things provided to or received from him by AS&E in

connection with this case; and

(h)    a resume or curriculum vitae listing his education, experience, or training.


69.    All documents concerning, or which AS&E alleges in any way support, a claim of

damages by AS&E.


70.    All other documents and things relevant to any claim or defense of the parties.


71.    All documents identified in AS&E's responses to L-3's interrogatories.

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION DELAWARE,

Dated:  July 9, 2004

Michael A. Albert, BBO #558566
James J. Foster, BBO #553285
Robert M. Abrahamsen, BBO #636635
John L. Strand, BBO #654985
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646

15

## CERTIFICATE OF SERVICE

I certify that, on July 9, 2004, I caused copies of the attached document to be served on the counsel for AS&E in the manner indicated:

**By hand:**

Erik Belt, Esq.
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA 02111
Tel.: 617.443.9292

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS
CORPORATION DELAWARE,

Plaintiff,

v.

AMERICAN SCIENCE &
ENGINEERING, INC.,

Defendant.

CIVIL ACTION NO. 04-10339-RWZ

## NOTICE OF DEPOSITION

Please take notice that plaintiff, L-3 Communications Security and

Detection Systems Corporation Delaware ("L-3"), pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure, requests the oral deposition of defendant,

American Science and Engineering, Inc. ("AS&E"), at the offices of Wolf,

Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, MA 02210, beginning at

9:30 A.M. on Wednesday, October 6, 2004, unless there is agreement as to a

different time or place, on the matters listed in the attached Schedule.

Since there will be considerable expense in preparing for and taking the

deposition, defendant is reminded that the "person so designated shall testify as

to matters known or reasonably available to the organization," and will thus be

expected to have conducted a sufficient investigation, or have been given

sufficient information, to be prepared to give that testimony. The failure to

produce a witness sufficiently prepared to testify on all of the listed matters may

result in sanctions pursuant to Rule 37(a).

820833.2

Each person designated by AS&E to testify on its behalf on the matters on the attached Schedule may also be deposed by L-3 pursuant to Rule 30(a)(1) and (b)(1) on any matter within the scope permitted by Rule 26(b)(1).

**ATTORNEYS FOR PLAINTIFF L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,**

Dated: September 17, 2004

James J. Foster
Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone:  (617) 720-3500

## CERTIFICATE OF SERVICE

I certify that on September 17th, 2004 a copy of this document was served by facsimile (617-443-0004) and by First Class Mail upon:

Eric Paul Belt
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110

SCHEDULE

1.      Contract No. N39998-97-C-5209 awarded by the U.S. Department of the Navy, and the rights and obligations conferred by it.

2.      Grant No. 95-G-003 awarded by the U.S. Department of Transportation, Federal Aviation Administration, and the rights and obligations conferred by it.

3.      Contract DAAB10-95-C-0001, its negotiation, and the rights and obligations conferred by it.

4.      The product AS&E agreed to build and deliver pursuant to contract DAAB10-95-C-0001.

5.      The CargoSearch system deployed at Otay Mesa.

6.      Knowledge of contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system by those substantially involved in the prosecution of U.S. Patent No. 5,764,683 ("the '683 patent"), U.S. Patent No. 5,903,623 ("the '623 patent"), U.S. Patent No. 6,252,929 ("the '929 patent"), and U.S. Patent No. 6,292,533 ("the '533 patent").

# EXHIBIT C

**Abrahamsen, Robert**

| | |
|---|---|
| **From:** | Foster, James |
| **Sent:** | Monday, October 04, 2004 2:49 PM |
| **To:** | 'ebelt@bromsun.com' |
| **Cc:** | Abrahamsen, Robert |
| **Subject:** | Deposition |

Eric -- We had noticed your client for a deposition on Wednesday. Several weeks ago, we agreed that we would cooperate with you in rescheduling because of delays in document production. Can you give us dates? Otherwise, we will renotice them for the week of October 18. JJF