# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS
CORPORATION DELAWARE,

        Plaintiff,

v.                                        CIVIL ACTION NO. 04-10339-RWZ

AMERICAN SCIENCE &
ENGINEERING, INC.,

        Defendant.

## RE-NOTICE OF DEPOSITION

Please take notice that plaintiff, L-3 Communications Security and
Detection Systems Corporation Delaware ("L-3"), pursuant to Rule 30(b)(6) of the
Federal Rules of Civil Procedure, requests the oral deposition (previously noticed
for October 6, 2004) of defendant, American Science and Engineering, Inc.
("AS&E"), at the offices of Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue,
Boston, MA 02210, beginning at 9:30 A.M. on Friday, December 3, 2004, unless
there is agreement as to a different time or place, on the matters listed in the
attached Schedule A.

The materials identified on the attached Schedule B are to be produced on
Monday, November 29, 2004.

Since there will be considerable expense in preparing for and taking the
deposition, defendant is reminded that the "person so designated shall testify as
to matters known or reasonably available to the organization," and will thus be
expected to have conducted a sufficient investigation, or have been given
sufficient information, to be prepared to give that testimony.  The failure to

produce a witness sufficiently prepared to testify on all of the listed matters may result in sanctions pursuant to Rule 37(a).

Each person designated by AS&E to testify on its behalf on the matters on the attached schedule may also be deposed by L-3 pursuant to Rule 30(a)(1) and (b)(1) on any matter within the scope permitted by Rule 26(b)(1).

**ATTORNEYS FOR PLAINTIFF L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,**

Dated: November 17, 2004

James J. Foster
Michael A. Albert
Robert M. Abrahamsen
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA  02210
Telephone:  (617) 720-3500

## CERTIFICATE OF SERVICE

I certify that on November 17th, 2004 a copy of this document was served by facsimile (617-443-0004) and by First Class Mail upon:

Eric Paul Belt
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110

## SCHEDULE A

1.     Contract No. N39998-97-C-5209 awarded by the U.S. Department of the Navy, and the rights and obligations conferred by it.

2.     Grant No. 95-G-003 awarded by the U.S. Department of Transportation, Federal Aviation Administration, and the rights and obligations conferred by it.

3.     Contract DAAB10-95-C-0001, its negotiation, and the rights and obligations conferred by it.

4.     The product AS&E agreed to build and deliver pursuant to contract DAAB10-95-C-0001.

5.     The CargoSearch system deployed at Otay Mesa.

6.     Knowledge of contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system by those substantially involved in the prosecution of U.S. Patent No. 5,764,683 ("the '683 patent"), U.S. Patent No. 5,903,623 ("the '623 patent"), U.S. Patent No. 6,252,929 ("the '929 patent"), and U.S. Patent No. 6,292,533 ("the '533 patent").

SCHEDULE B

1.  Documents responsive to Request Nos. 13 and 14 of L-3's First Request for Production of Documents, served on AS&E on July 9, 2004.

# EXHIBIT E

00001

```
 1        Volume: I    Pages: 1 to 9

 2        IN THE UNITED STATES DISTRICT COURT

 3        FOR THE DISTRICT OF MASSACHUSETTS

 4  - - - - - - - - - - - -  - - - - - -

 5  L-3 COMMUNICATIONS SECURITY

 6  AND DETECTION SYSTEMS

 7  CORPORATION DELEWARE,          Civil Action

 8      Plaintiff          No.04-10339-RWZ

 9  v.

10  AMERICAN SCIENCE & ENGINEERING,

11  INC.,

12      Defendant

13  - - - - - - - - - - - -  - - - - - -

14

15        SCHEDULED 30(b)(6) DEPOSITION of

16        AMERICAN SCIENCE & ENGINEERING, INC.

17          Friday, Decemeber 3, 2004

18               9:45 a.m.

19        Wolf, Greenfield & Sacks, P.C.

20          600 Atlantic Avenue

21             23rd Floor

22        Boston, Massachusetts 02210-2206

23

24  Melissa Z. Comins, RPR and CSR No. 132293
```

**AS&E 30(b)(6)**                                    **Page 1**

00002

1  APPEARANCES:

2

3      WOLF, GREENFIELD & SACKS, P.C.

4      By:  Robert M. Abrahamsen, Esq.

5      600 Atlantic Avenue

6      23rd Floor

7      Boston, Massachusetts 02210-2206

8      (617) 720-3500

9      Counsel for the Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**AS&E 30(b)(6)**                    **Page 2**

00003

1                    I N D E X

2

3

4              E X H I B I T S

5  No.                    Page

6

7              None.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

00004

```
 1              P R O C E E D I N G S

 2

 3           MR. ABRAHAMSEN:  I am here to take the

 4  deposition of A, S & E under Rule 30(b)(6) pursuant

 5  to a notice served on November 17, 2004.

 6           Because there is no witness from

 7  A, S & E present, however, I will simply make a

 8  statement for the record.

 9           Plaintiff L-3 brought this declaratory

10  judgment action against A, S & E in an effort to

11  clear the air for future sales of certain mobile

12  x-ray inspection systems by L-3.

13           In its complaint, L-3 asserted, among

14  other things, that the asserted -- that certain

15  A, S & E patents were invalid over prior art and

16  unenforceable because that prior art was

17  intentionally withheld from the United States Patent

18  and Trademark Office.

19           Initially in its complaint and

20  subsequently in interrogatory responses, L-3

21  identified the invalidating prior art not disclosed

22  to the PTO as a prior art offer for sale to a

23  governmental agency of the subject matter reflected

24  in a contract to build a mobile CargoSearch system
```

**AS&E 30(b)(6)**                                          **Page 4**

00005

1  as well as a stationary CargoSearch system that had

2  been built and installed at a government facility at

3  Otay Mesa, California.

4          In its answer, A, S & E denied that

5  either such system was prior art to the patents in

6  suit, thus, L-3 began taking discovery as permitted

7  by the Federal Rules of Civil Procedure to prove

8  what A, S & E had denied; namely, that the specified

9  x-ray inspection systems are a prior art to the

10  patents.

11          L-3 served discovery requests on

12  A, S & E on July 9, 2004 requesting, among other

13  things, production of documents concerning contracts

14  with the government to build the prior art systems

15  as well as documents detailing the specifics of

16  those systems.

17          Further, on September 17, 2004,

18  A, S & E served a notice of deposition on A, S & E

19  with a deposition to take place on October 6, 2004.

20          A couple of days before the -- because

21  documents had not yet been produced by A, S & E, L-3

22  agreed to postpone the deposition for a more

23  convenient date after documents had been produced.

24          Finally, during the second week of

00006

1  July, A, S & E produced or rather made available for

2  inspection a number of documents, and after

3  reviewing those documents on November 17, 2004,

4  immediately renoticed the 30(b)(6) deposition

5  previously scheduled for October 6, 2004 for today,

6  December 3, 2004.

7          Because documents concerning the

8  stationary CargoSearch system at Otay Mesa and the

9  contract to build that system had not been produced

10  by A, S & E, L-3 requested that those documents be

11  produced prior to the deposition, in particular, on

12  November 29, 2004.

13          Having not received any documents from

14  A, S & E by the end of the day on November 29, 2004,

15  L-3's counsel contacted A, S & E to determine when

16  such documents would be made available.

17          At that time, A, S & E's counsel

18  indicated that it believed it would have to

19  reschedule the deposition and it appeared that no

20  efforts had been made to date to collect any further

21  responsive documents.

22          On July 28, 2004, a scheduling order

23  was entered in this case requiring expert reports to

24  be served on January 28, 2005.  That order further

**AS&E 30(b)(6)**                    **Page 6**

00007

1  required a settlement report to be filed on

2  January 28, 2005.

3         Because of these deadlines, L-3 felt

4  that the deposition that was to take place today, if

5  it was to be rescheduled at all, should be

6  rescheduled for sometime in the near future.

7         L-3 indicated it would be willing to

8  work with A, S & E to reschedule the deposition for

9  the convenience of counsel and witnesses, that it

10  would require a date certain in the near future in

11  order to do so.

12         In response to this request, A, S & E

13  proposed dates of January 26 and February 14 for the

14  deposition to be rescheduled.

15         L-3 informed A, S & E that such dates

16  so far in the future would be unworkable because of

17  the due date for expert reports and the settlement

18  report of January 28.

19         L-3's counsel further informed A, S &

20  E's counsel that it would be unwilling to extend the

21  schedule in this case as such rescheduling would be

22  grossly unfair to L-3 as well as the court as

23  A, S & E -- I'm sorry, as L-3 desires to resolve

24  this matter expeditiously.

00008

1    A, S & E's counsel was informed that

2  L-3 intends to move to sanctions for A, S & E's

3  failure to comply with its discovery obligations,

4  yet A, S & E still refused to a date -- propose an

5  earlier date for this deposition and no witness

6  obviously appeared here today.

7    L-3 was thus left with no choice but

8  to appear to take this deposition and subsequently

9  take appropriate action with the court to sanction

10  A, S & E and hopefully A, S & E -- and hopefully to

11  encourage A, S & E to comply with its discovery

12  obligations in the future.  That's all.  Thanks.

13    (Whereupon the proceedings

14    concluded at 10:05 a.m.)

15

16

17

18

19

20

21

22

23

24

00009

1  Commonwealth of Massachusetts

2  Suffolk, ss.

3

4    I, Melissa Z. Comins, Certified Shorthand

5  Reporter No. 132293 and Registered Professional

6  Reporter and Notary Public in and for the

7  Commonwealth of Massachusetts, do hereby certify

8  that the statements hereinbefore set forth are a

9  true record of the statements made by the parties

10  present.

11    I further certify that I am neither related to

12  or employed by any of the parties in or counsel to

13  this action, nor am I financially interested in the

14  outcome of this action.

15    In witness whereof, I have hereunto set my hand

16  and seal this 3rd day of December 2004.

17

18

19

20            Notary Public

21            CSR # 132293

22  My commission expires:

23  June 13, 2008

24

**AS&E 30(b)(6)**                    **Page 9**

# EXHIBIT F

1

1                              Volume:  I

2                              Pages:  1 - 5

3

4             IN THE UNITED STATES DISTRICT COURT

5            FOR THE DISTRICT OF MASSACHUSETTS

6             Civil Action No. 98-11939-GAO

7

8    - - - - - - - - - - - - - - - - - - - - - - - -

9    AMERICAN SCIENCE & ENGINEERING, INC.,

10                    Plaintiff,

11

12   vs.

13

14   EG&G ASTROPHYSICS RESEARCH CORPORATION,

15                    Defendant.

16   - - - - - - - - - - - - - - - - - - - - - - - -

17             CERTIFICATE OF NONAPPEARANCE

18   DEPOSITION OF AMERICAN SCIENCE & ENGINEERING, INC.

19                 November 4, 2003

20                    10:00 a.m.

21             Wolf, Greenfield & Sacks, P.C.

22                 600 Atlantic Avenue

23                 Boston, Massachusetts

24       Reporter:  Donna J. Whitcomb, CSR/RPR/RMR

1

2    A P P E A R A N C E S:

3

4        WOLF, GREENFIELD & SACKS, P.C.

5        By Robert M. Abrahamsen, Esquire

6        600 Atlantic Avenue

7        Boston, Massachusetts  02210

8        (617) 720-3500

9        On behalf of EG&G Astrophysics Research

10       Corporation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1           P R O C E E D I N G S

2           MR. ABRAHAMSEN:  A notice of

3    deposition was served on American Science &

4    Engineering on October 20th, 2003 requesting a

5    30(b)(6) deposition on matters described in an

6    attached Schedule A and requesting AS&E to designate

7    an individual to testify by Friday, October 31st,

8    2003.

9           It was also requested in the notice

10   that AS&E produce documents described in an attached

11   Schedule B by November 3rd, 2003.  AS&E failed to

12   designate an individual to testify by the October

13   31st deadline and also failed to produce the

14   identified documents by the November 3rd deadline.

15           We're here prepared to take the

16   30(b)(6) deposition, but AS&E has failed to show up.

17   I just confirmed with Eric Belt, counsel for AS&E,

18   that AS&E will not be showing up.

19           L-3 noticed this deposition in an

20   effort to meet an impending deadline of November

21   12th for the disclosure of expert records.  On

22   Friday, October 30th, AS&E informed us that it did

23   not intend to attend the deposition pending

24   resolution of a motion to dismiss it recently filed.

4

1          In response to that letter also on

2    October 31st we informed AS&E that we could not

3    acquiesce to its request, that the deposition be

4    postponed, because of the impending discovery

5    schedule.

6          We explicitly informed AS&E that its

7    refusal to attend and give testimony would be at its

8    peril.

9          (Whereupon the proceedings concluded

10   at 10:15 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

5

1                          CERTIFICATE

2              I, Donna J. Whitcomb, do hereby certify

3     that the foregoing record, Pages 1 through 4, is

4     a complete, accurate and true transcription of my

5     stenographic notes taken in the aforementioned

6     matter to the best of my skill and ability.

7

8

9     _____

10                 DONNA J. WHITCOMB

11

12

13

14

15              CERTIFIED ORIGINAL

16              LEGALINK BOSTON

17

18

19

20

21

22

23

24