UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
L-3 COMMUNICATIONS SECURITY           )
AND DETECTION SYSTEMS                 )
CORPORATION DELAWARE                  )
                                      )   Civil Action No. 04-10339-RWZ
            Plaintiff,                )
                                      )
       v.                             )
                                      )
AMERICAN SCIENCE &                    )
ENGINEERING, INC.                     )
                                      )
            Defendant                 )
_____)

### DEFENDANT AS&E's OPPOSITION TO
### PLAINTIFF L-3's RULE 37 MOTION FOR SANCTIONS

### INTRODUCTION

This is not a case in which the noticed party, American Science & Engineering, Inc. ("AS&E"), tried to avoid the deposition at issue or has outright refused to attend. Rather, this is a case in which L-3 Communications Security and Detection Systems Corporation ("L-3") has turned a simple scheduling conflict into a stunt to drive up the costs of the litigation and to unnecessarily involve the Court's time and efforts. Specifically, AS&E's counsel told L-3's counsel that it could not attend the deposition--noticed for December 3, 2004--because both AS&E's counsel and the witness could not make the date. AS&E offered alternative dates and was led to believe that the matter was resolved, only to be informed on the eve of the deposition that L-3 would go ahead with the deposition anyway and then file a motion for sanctions. This Court should not tolerate such stunts, nor should it allow L-3 to profit from mere scheduling conflicts. Accordingly, this Court should deny L-3's motion for sanctions.

## **BACKGROUND FACTS**

### I. AS&E <u>AND</u> L-3 UNDERSTOOD THAT THE DECEMBER 3rd DEPOSITION WOULD BE POSTPONED

On November 16, 2004, L-3 noticed a deposition of an AS&E witness for December 3rd, a date that AS&E immediately recognized to be unworkable for both its lead counsel and for the witness that L-3 sought to depose. AS&E timely notified L-3 that its lead counsel was immersed in preparation for another trial and that the witness requested by L-3 would be away. When AS&E offered alternative dates for the deposition, L-3 appeared to be willing to compromise. L-3 never suggested that time was pressing or that alternative dates were unworkable. Indeed, L-3 itself suggested an alternative deposition date of December 20, 2004. *See* **Exh. 1**, E-mail from Counsel for AS&E to Counsel for L-3, December 2, 2004 (12:59 pm). Time, in other words, was not of the essence.

### II. L-3 SUDDENLY REFUSED TO COMPROMISE

Just when AS&E thought that the issue was resolved, and that the deposition of its witness would go forward at a later date, L-3 notified counsel for AS&E that it intended to hold the deposition on December 3rd anyway. L-3 informed AS&E of this intention on November 30, three days before the deposition was to take place and far too late for AS&E to produce its witness or its lead counsel. AS&E asserted that there must be a misunderstanding and that it was willing to arrange for mutually agreeable alternative dates for the deposition. L-3 responded, brusquely, that "unless there is an ironclad agreement on a specific alternative date, the deposition Friday… will proceed as scheduled." **Exh. 2**, E-mail from Counsel for L-3 to Counsel for AS&E, December 1, 2004.

Counsel for AS&E quickly responded, reminding L-3 of AS&E's scheduling issues and asking, as a professional courtesy, that L-3 honor the previous understanding that the parties

would reschedule the deposition for a later date. Counsel for AS&E noted that, given L-3's willingness to postpone the deposition until December 20th--2 weeks from the December 3rd date--there was "no reason why [L-3] should not be willing to wait the few days it may require [AS&E] to coordinate this matter." **Exh. 1**, E-mail from Counsel for AS&E to Counsel for L-3, December 2, 2004 (12:59 pm).

Without addressing the prior understanding that the deposition would be rescheduled for a later time, Counsel for L-3 refused to call off the deposition, even though it admitted that there was "nothing magic" about the selected date. **Exh. 3**, E-mail from Counsel for L-3 to Counsel for AS&E, December 2, 2004 (3:37 pm). Counsel for AS&E immediately submitted alternative dates, namely January 26 and February 14, 2005, and asked that L-3 to choose the date that worked best for its schedule. **Exh. 4**, E-mail from Counsel for AS&E to Counsel for L-3, December 2, 2004 (4:49 pm).

Despite AS&E obvious willingness to compromise and its expectation that L-3 would honor its stated scheduling difficulties, L-3 went ahead and held the deposition on Friday, December 3rd. L-3 then filed its motion for sanctions the following Monday morning

### III. L-3 PREVIOUSLY ATTEMPTED A SIMILAR STUNT

It should be noted that this is not the first time L-3 has held a charade deposition for the sole purpose of seeking sanctions. In the previous litigation between the parties[1], L-3's counsel held a deposition to set up a sanctions motion even though AS&E had asked to postpone the deposition. Specifically, AS&E's counsel asked that the deposition be postponed pending a motion to dismiss the case (which the Court ultimately granted) and further asked that L-3's

---

[1] *American Science & Engineering, Inc. v. EG&G Astrophysics Research Corp., Civil Action No, 98-11939-GAO*

counsel not bother with the charade of having a court reporter attend the deposition for the sole purpose of recording that AS&E did not appear. *See* **Exh. 5**, Letter from AS&E's counsel, dated November 4, 2003. L-3's counsel cited the alleged failure to attend the deposition when it opposed AS&E's motion to dismiss, arguing that the alleged failure somehow countered dismissal, but the Court ignored this.

## VI.   AS&E HAS ACTIVELY PARTICIPATED IN DISCOVERY

AS&E has actively participated in discovery in this case. On July 27, 2004, AS&E complied with Rule 26 and made automatic disclosures to L-3. On August 25, AS&E served written responses and objections to (1) L-3's First Set of Interrogatories, (2) First Requests for Production of Documents, and (3) First Request for Admissions. Subsequently, AS&E produced approximately fifty (50) boxes of documents for inspection by L-3. Clearly, AS&E has always fulfilled its discovery obligations and has never before indicated that it would ignore discovery.

## V.   AS&E IS SEEKING SUMMARY JUDGMENT ON L-3'S INEQUITABLE CONDUCT CLAIMS

Concurrent with the filing of this opposition, or shortly thereafter, AS&E will file a motion for summary judgment on L-3's inequitable conduct claims (Counts 3 and 6). This motion for summary judgment will be based upon documents that have already been produced to L-3 and are in the public record. The motion will narrow substantive issues in this case and thus will also narrow the scope of depositions and other discovery to come. Given the possibility that this motion will dispose of a large portion of L-3's defense (on the merits, not on procedural wrangling), AS&E respectfully requests that this Court postpone deciding the sanctions motion until it has addressed the summary judgment motion.

## **ARGUMENT**

### I.   L-3 SEEKS TO INAPPROPRIATELY TRANSFORM A SCHEDULING CONFLICT INTO A DISPOSITIVE MATTER

Sanctions under Rule 37 are reserved for those who litigate with extreme disregard for the Rules of the Court. *Gaudette v. Panos,* 852 F.2d 30, 31 (1st Cir. 1988) (dispositive sanction is "completely out of proportion" to minor discovery failings); *see also Snappy v. Morris Car Rental,* 151 F.R.D. 17, 18 (D. R. I. 1993) (denying sanction of dismissal of claims, even though claimant failed to comply with discovery requests nearly 12 months after deadline to do so). The most extreme sanction, dismissal of a claim or defense, is inappropriate absent an arrogant and willful flouting of the Rules by the non-moving party. *United States v. Pole No. 3172, Hopkinton*, 852 F.2d 636 (1st Cir. 1988) (dismissal of claim for failure to appear at deposition was an abuse of discretion absent evidence of willfulness, bad faith, and prejudice to the moving party).

AS&E has certainly not disregarded its discovery obligations and, indeed, has made a good faith effort to comply with its obligations throughout this case. For example, AS&E made approximately fifty (50) boxes of documents available for production to L-3 and has answered voluminous written discovery requests. As evidenced by the correspondence between counsel for the parties, AS&E is and has been willing to provide a witness for deposition. *See* **Exh. 1**, E-mail from Counsel for AS&E to Counsel for L-3, December 2, 2004 (12:59 pm). Counsel for AS&E emphasized, however, that the date demanded by L-3 for the deposition was unworkable because AS&E's lead counsel was preparing for a trial. Counsel for AS&E even proposed alternative deposition dates it hoped would be amenable to both parties. **Exh. 4**, E-mail from Counsel for AS&E to Counsel for L-3, December 2, 2004 (4:49 pm).

Notwithstanding AS&E's efforts to reschedule the deposition for a mutually agreeable date, L-3 continued to threaten AS&E with sanctions if it did not submit to the noticed December 3rd date. L-3 admitted to AS&E, however, that it would not be prejudiced by an alternative deposition date, saying "there is nothing magic" about the noticed date. **Exh. 3**, E-mail from Counsel for L-3 to Counsel for AS&E, December 2, 2004 (3:37 pm). L-3 also indicated that an alternative deposition date would be feasible when it asked that AS&E "commit to an acceptable date certain on which [the deposition] will be held" other than December 3rd. *Id.* L-3 was not prejudiced by AS&E's inability to attend the December 3rd deposition. Therefore, sanctions are unwarranted.

## II.  DISMISSAL OF CLAIMS IS AN EXTREME SANCTION THAT DOES NOT APPLY TO THIS SET OF FACTS

Dismissal of a party's claims or defenses is an extreme sanction that should not be applied if lesser sanctions are available. *See, e.g.*, *Wouters v. Martin County, Florida,* 9 F.3d 924, 934 (11th Cir. 1993) (dismissal of claims reversed for abuse of discretion where monetary sanctions were available). Here, while monetary sanctions are also unwarranted, they are theoretically available. Therefore, sanctions in the form of dispositive rulings are inappropriate and should be denied.

## III.  L-3 SHOULD NOT BE GRANTED COSTS AND ATTORNEY'S FEES FOR ITS OWN REFUSAL TO COMPROMISE

Rule 37(d) does not permit monetary sanctions for violation of a deposition order if "the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). AS&E notified L-3 that it was unable to attend the December 3rd deposition because, *inter alia*, its lead counsel was involved in a trial. AS&E also gave L-3 plenty of advance notice that it could not make the December 3rd deposition. In spite

6

of AS&E's repeated requests that the deposition be rescheduled, L-3 went ahead and scheduled the deposition for a date it <u>knew</u> to be untenable for its adversary. L-3 should not be awarded costs and attorneys' fees for its own stubbornness, especially because AS&E's inability to attend the deposition was made inevitable by L-3's refusal to compromise.

## CONCLUSION

L-3 should not be permitted to use an artificial motion for sanctions to obtain a dispositive ruling in its favor. Such a ploy undermines the purpose of the Federal Rules and attempts to manipulate the Court. For this reason, and for the reasons given above, AS&E respectfully requests that this Court deny L-3's motion for Rule 37 sanctions.

Dated: December 20, 2004

AMERICAN SCIENCE AND
ENGINEERING, INC.

*By its attorneys*,


  /s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004
ebelt@bronsum.com

01945/00511 351938.1