IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

## REPLY MEMORANDUM OF L-3 IN SUPPORT OF
## RULE 37 MOTION FOR SANCTIONS

### INTRODUCTION

L-3 respectfully requests leave of Court to file this Reply to AS&E's Opposition to L-3's Rule 37 Motion for Sanctions.

In a previous patent action between the parties over this technology, AS&E willfully ignored discovery rules and failed to meet deadlines, putting L-3 to needless delay and expense. In that case, as in this one, AS&E simply refused to be deposed and, coincidentally, on the same subjects as the deposition in this case. The Court eventually allowed AS&E to drop that case, but only after AS&E promised to not, at any time in the future, assert the patents in that suit against L-3's product.

In this action, AS&E, after a delay of several months in producing documents, has again simply refused – and to this day continues to refuse – to be deposed within the time limits of the Court's scheduling order. When served

853273.1

with a notice compelling its appearance, AS&E failed to show up at the duly-scheduled deposition, without even moving for a protective order.

AS&E does not substantively rebut these facts. Instead, it belittles L-3's effort to obtain compliance with the rules within the deadlines set by the Court as a "simple scheduling conflict" or a "stunt," and fills its Opposition with misleading characterizations and several outright inaccuracies that warrant this Reply.

## **FACTS**

AS&E's unsworn Opposition contains several inaccurate and misleading statements. The Reply Declaration of James J. Foster accompanying this Reply Memorandum sets the record straight by describing, in sworn testimony, the following events:

1. At a scheduling conference on July 27, 2004, the Court gave the parties six months (until January 28, 2005) to conduct discovery sufficient to obtain information needed for the parties' experts to prepare their reports.

2. To obtain that information, L-3 noticed the deposition of AS&E for October 6, but postponed it, at AS&E's request, because AS&E needed more time to gather and produce documents.

3. After further delay by AS&E in producing documents, on November 16 L-3 re-noticed the October 6 deposition for December 3. (Time was growing short, as the rescheduled date would have been only eight weeks before the expert report deadline.)

4. Not until November 29, at 4:46 p.m., did AS&E notify L-3 that it had a problem with the December 3 date. Despite the late notice, L-3 told AS&E it

would, as a courtesy, reschedule the deposition but only if AS&E would commit to a reasonable alternate date.

5.  AS&E was, however, apparently not able to live within the Court's January 28 deadline. AS&E told L-3 it would not commit to a deposition until, at the earliest, January 26, 2005. This would have effectively suspended discovery <u>for two months</u>, making completion of discovery within the Court-ordered schedule impossible.

6.  Recognizing this was unacceptable under the Court's scheduling order, AS&E proposed stipulating to move back the dates in the scheduling order. Inasmuch as L-3 had not caused any of these delays, and had filed this case to clear a cloud of unwarranted patent litigation, L-3 could not agree to this request.

7.  Because AS&E had not committed to a reasonable date certain for the deposition, L-3, having reached its limit, refused to withdraw the notice. At that point, AS&E should have either appeared for the noticed deposition or, at a minimum, moved for a protective order. If it had done the latter, it would have been required to explain its scheduling problems, and ask the Court to alter the scheduling order.

8.  It did neither. Instead, AS&E simply ignored the deposition notice. L-3 then had no choice but to bring the matter before the Court by recording AS&E's refusal to appear at the deposition and then filing this motion for sanctions under Rule 37.

AS&E had previously ignored discovery obligations. In the prior litigation (referenced in both parties' opening briefs), involving similar patent claims and issues, AS&E likewise failed to agree on any reasonable deposition date, failed to show up for its own deposition, and failed even to file any opposition or other response to two separate motions for sanctions that resulted from its noncompliance with discovery obligations and promises.[1,2]

### DISCUSSION

When this Court gave the parties a full <u>six months</u>, until January 28, 2005, to conduct discovery to obtain the information needed by their experts to prepare the reports required by rule 26, the Court had a right to expect that the parties would cooperate in scheduling depositions so that that deadline can be met.

AS&E, however, has not cooperated.

<u>Five of the six months the Court allowed</u> for discovery before submitting expert reports have now elapsed. AS&E has yet to allow L-3 to take even a single day of its deposition. Indeed, even in the more than three weeks that has passed since AS&E did not show up on December 3, AS&E has been unwilling to be deposed. AS&E's intransigence has severely prejudiced L-3's ability to establish its defenses. L-3 thus requests that the Court rectify this situation.

---

[1] AS&E had also refused to produce requested documents. Foster Reply Decl., ¶14.

[2] Ultimately, that case was dismissed by stipulation after AS&E agreed to provide the statement required by <u>Super Sack Mfg. Corp. v. Chase Packaging Corp.</u>, 57 F.3d 1054 (Fed. Cir. 1995) that AS&E would not, at any time in the future, assert the patents-in-suit against L-3's products.

AS&E's Opposition is grossly misleading when it describes this as a "simple scheduling dispute." As set forth in the Foster Reply Declaration, the dispute arose out of AS&E's refusal to be deposed anytime during the entire month of December or nearly the entire month of January. This was after the other delays discussed above. Whether the deposition should have been taken on December 3 as opposed to another day in early December was never an issue. Indeed, L-3 told AS&E that there was "no magic" to a specific date, the point being that L-3 was flexible as to the exact day just so long as AS&E agreed to be deposed on _some_ day shortly after the deposition was noticed. AS&E now quotes the "no magic" comment in its papers, missing the point that the language reflects L-3's efforts (ignored by AS&E) to work out a reasonable solution. The issue was, and is, AS&E's refusal to appear for a deposition on _any_ date consistent with this Court's scheduling order. It offered L-3 no reason or explanation, and it still does not offer any to the Court. It has filed no declaration setting forth under oath (or even in unsworn form) the obstacles that prevented its counsel or witness from showing up. Nor did it even make use of the procedure provided for such a situation by the federal rules, namely, a motion for a protective order.

While the rules are to be construed to do substantial justice, a party may not cavalierly ignore them, putting an opposing party to needless delay and expense. Time is indeed an issue. This is a declaratory judgment action to clear the air of AS&E's unwarranted threats that burden L-3's efforts to provide needed security devices to customers such as airlines and ports. AS&E cannot be

5

853273.1

allowed to undermine the action by noncompliance with the rules and ignoring of the case schedule.

When a party will not agree to appear for a deposition within a reasonable period, the appropriate procedure to bring the issue to the Court's attention is to notice the deposition for a reasonable date anyway. Usually, the noticed party either arranges to be present, or moves for a protective order, explains its problem, and the Court resolves the issue. Here, AS&E simply ignored the notice. It forced L-3 to move for sanctions. It has not met its burden under Rule 37(a)(4)(A) to show that its refusal was "substantially justified" in order to avoid imposition of appropriate sanctions (including fees, as provided by Rule 37(d)(3)). Indeed, it has not even attempted to meet that burden through explanation, let alone proof, of any good cause justifying its failure, other than vague allusions to unavailability for lengthy stretches of time. AS&E would use that purported unavailability to prevent L-3 from deposing it at any time during the Court-ordered discovery period.

In an effort to resolve the issue without resort to the Court, L-3 warned AS&E that it would be willing to reschedule if, but only if, AS&E agreed to produce its witness on a reasonable date certain. (See Foster Reply Decl., ¶¶8, 9). Instead of cooperating, however, AS&E proposed a date two months away, knowing such a distant date would be inconsistent with the Court's scheduling order.

Notably, AS&E has not asked the Court, either in its Opposition or in an independent motion, to alter the deadlines in the scheduling order, including the

853273.1

January 28, 2005 deadline for filing expert reports.  While conceding in its Opposition that the earliest date it proposed for conducting the deposition was January 26, 2005, AS&E makes no attempt to explain why L-3 should have been expected to agree to a two-month suspension of discovery under these pressing circumstances.  AS&E's Opposition repeatedly asserts that it had proposed "alternative deposition dates," but scarcely mentions that those dates were two or more months down the pike, and fell either immediately before (in one case) or well after (in the other case) the deadline for completing discovery and for filing expert reports.

Moreover, this deposition is not some loose end at the conclusion of lengthy discovery – it is but the first deposition L-3 has attempted to take in this case.  It was to be limited to particular activities and products L-3 contends are prior art to AS&E's patents.  Many more depositions will be required, once AS&E gets certain basic information from this one that will help identify appropriate deponents.  L-3 is facing a deadline of January 28, 2005 to submit its expert reports.  AS&E's foot-dragging should not be tolerated, and its pattern of ignoring the federal rules should not be rewarded.  (Indeed, AS&E's counsel, notwithstanding their alleged "unavailability" for this deposition, found time to prepare a motion for partial summary judgment, filed yesterday even though the deadline for such a motion is not for many months and discovery relevant to these issues has not as yet been had.)

AS&E further requested that the Court postpone deciding this sanctions motion until it had addressed the summary judgment motion that AS&E only just

7

filed.  AS&E's request puts the cart before the horse.  Under Rule 56(f), a party can request a continuance of a motion for summary judgment until the party has an opportunity to conduct discovery directed towards the issues presented by the motion.  Here, AS&E is turning that principle on its head, suggesting that the Court suspend requiring AS&E to submit to discovery until after it decides the substantive motions to which such discovery would relate, thus depriving L-3 of the relevant evidence that such discovery would uncover.

The simple issue here is that AS&E has refused to provide admittedly-relevant discovery in a manner that allows compliance with the schedule ordered by the Court.

## REQUESTED RELIEF

Under the circumstances, the Court should appropriately sanction AS&E by granting L-3's request to reach findings adverse to AS&E on the subjects that would have been covered under the deposition.

The Court should also extend by two months the deadline <u>for L-3</u> to submit expert reports and <u>for L-3</u> to complete its discovery, but <u>not</u> to extend those deadlines for AS&E.  Subsequent deadlines, such as those for filing dispositive motions, might need to be adjusted for L-3 as well.

853273.1

L-3 should also be awarded the costs, including reasonable attorneys' fees, incurred in taking the deposition and bringing this motion.

                                                   Respectfully submitted,

                                                   L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
DELAWARE

Dated: December 28, 2004      /s/ James J. Foster
                                        James J. Foster, BBO #553285
                                        jfoster@wolfgreenfield.com
                                        Michael A. Albert, BBO #558566
                                        malbert@wolfgreenfield.com
                                        Robert M. Abrahamsen, BBO #636635
                                        rabrahamsen@wolfgreenfield.com
                                        WOLF, GREENFIELD & SACKS, P.C.
                                        600 Atlantic Avenue
                                        Boston, Massachusetts 02210
                                        Tel.: 617.646-8000
                                        Fax: 617.646-8646

853273.1