IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br>v.<br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

**REPLY DECLARATION OF JAMES J. FOSTER
IN SUPPORT OF MOTION FOR SANCTIONS**

1.  As counsel for L-3, I make this Reply Declaration under penalty of perjury in support of L-3's motion for sanctions.

2.  I am submitting a Reply Declaration because the Opposition AS&E filed misled. As will be discussed below, this motion did not arise out of a "simple scheduling conflict." Nor was this motion filed as a "stunt" to drive up the costs of litigation, as AS&E offensively, and disingenuously, implied. Rather, this motion grew out of AS&E's refusal to meet the demands of the Court's scheduling order.

3.  I attended the scheduling conference on July 27, 2004. At that conference, the Court required that expert reports be exchanged on January 28, 2005. This gave the parties a full six months to first gather documents and then to take depositions to obtain the information that their experts needed to prepare their reports. Normally, six months would provide plenty of time.

4.    Discovery had started conventionally and predictably.  We had served document requests on July 9, 2004, and received a perfunctory response from AS&E on August 25 raising boilerplate objections and promising production of various categories of documents.  We expected to take AS&E's deposition promptly on receipt of copies of those documents.  On September 17 we thus served a notice of deposition for October 6.

5.    AS&E, however, requested that the deposition be postponed to give it more time to gather and produce the documents it had promised way back on August 25.  Because there were still several months left before the January 28 deadline, we courteously acceded to that postponement.

6.    AS&E delayed several months in producing the documents.  Although the requests had been served July 9, 2004, AS&E did not produce them until after November 4.  After inspecting them and receiving copies, on November 16 we again noticed the deposition, this time for December 3.

7.    At 4:46 p.m. on November 29, I received a telephone message from an attorney for AS&E saying that December 3 "doesn't work for us," and wanting to reschedule.  I then had conversations with him in which he told me that AS&E's difficulties had arisen ostensibly because another of AS&E's attorneys would be tied up in trial in another case until December 20.

8.    In considering his request to postpone the deposition, I was concerned about the January 28 deadline.  I thus told him we would agree to change the date of the deposition only _if_ AS&E would commit to a reasonable alternate date.  The response

he gave each time was that he was "endeavoring" to get acceptable dates from his client and he would get back to me.

9. When he did not get back to me with proposed dates, I became concerned that AS&E was attempting to stall the taking of the deposition for a substantial period, which would obviously cause problems because of the January 28 deadline. I thus communicated to him orally and in writing (Ex. 2 to AS&E Opp.) that the deposition notice for December 3 would not be withdrawn unless I had an "ironclad" agreement to a specific alternate date.

10. I then received an e-mail (Ex. 4 to AS&E Opp.) from him on December 2 confirming my worst suspicions. He proposed that the deposition be postponed for <u>at least two months</u> to either January 26 or February 14, 2005. Since this would make it impossible for L-3 to make the January 28 deadline, I had to reject his suggestion.

11. He followed up that message with another one in which he proposed pushing back the dates in the scheduling order to accommodate this two month delay. L-3 rejected changing the scheduling order.

12. Since this issue was important and could not be resolved between the parties, we obviously needed to bring it to the Court's attention. To put the issue in a procedural posture ripe for the Court to decide, we refused to withdraw the deposition notice. When AS&E failed to appear for the scheduled deposition, we filed this motion. This procedure and its necessity was clearly explained in a December 2 e-mail (Ex. 3 to AS&E Opp.) to AS&E counsel:

> We had originally noticed this deposition for October 6, but postponed it because your client needed more time to produce documents. We faxed our notice for tomorrow's deposition on November 17. If all your client wanted was a more convenient date, it has

854260.1                                    3

> had ample time to suggest one, but has not done so. We strive to be courteous to other counsel, but it appears that your client is trying to avoid or, at a minimum, seriously delay discovery. This is nothing magic about tomorrow, but we cannot agree to call the deposition off if your client cannot commit to an acceptable date certain on which it will be held. <u>Under the rules, the only way to deal with an intransigent party is to notice a deposition, record the no-show, and move for sanctions</u>. As the Court has set deadlines, we cannot allow your client to string us along for months.

(Emphasis added).

      13.    These communications belie the irresponsible statement in AS&E's Opposition that this Motion is a stunt, which it clearly is not. Rather, the rules provide for such a motion as the vehicle to compel compliance with a party's obligation to timely participate in conducting the discovery needed to meet the Court's deadlines.

      14.    AS&E's record on complying with discovery rules is not good. AS&E had refused to appear for a deposition in an earlier patent action against L-3. The notice for that deposition had covered pretty much the same subjects as the deposition notice here. In that action, L-3 had also filed two motions to compel AS&E to produce documents, to which AS&E filed no opposition. AS&E was allowed to drop that action only after agreeing never to attempt to enforce the patents in that suit against L-3's product.

Dated: December 28, 2004          /s/ James J. Foster
                                          James J. Foster