UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY | ) | |
| AND DETECTION SYSTEMS | ) | |
| CORPORATION DELAWARE | ) | |
| | ) | Civil Action No. 04-10339-RWZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN SCIENCE & | ) | |
| ENGINEERING, INC. | ) | |
| | ) | |
| Defendant | ) | |

**AMERICAN SCIENCE & ENGINEERING'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE L-3'S
REPLY IN SUPPORT OF RULE 37 MOTION FOR SANCTIONS**

Under Local Rule 7.1(B)(3), a party wishing to file a reply brief may do so "only with leave of court." Parties to litigation normally seek leave by submitting a motion. Under Local Rule7.1(A)(2), such a motion requires that the parties confer to resolve or narrow the issues. L-3 Communications Security and Detection Systems Corp. of Delaware ("L-3"), however, ignored this rule when, on December 28, 2004, it filed its Reply in Support of its Rule 37 Motion for Sanctions without first conferring with counsel for American Science and Engineering, Inc. ("AS&E"). L-3's omission is symptomatic of a pattern of violating the Local Rules. In fact, this is not the first time that L-3 has ignored this Court's procedural requirements. Accordingly, this Court should strike, with prejudice, L-3's Reply in Support of Rule 37 Motion for Sanctions.

1

**FACTUAL BACKGROUND**

On December 6, 2004, L-3 filed a Rule 37 motion for sanctions. AS&E filed its opposition to L-3's motion on December 20, 2004. On December 28, 2004, L-3 filed its reply brief and supporting declaration.

L-3, however, did not confer with AS&E before filing its reply. Nor did L-3 file a certification that the parties conferred. These failures are consistent with L-3's habit of violating the Local Rules. For example, in connection with earlier motion practice in March 2004, L-3 filed a motion for leave to file an opposition brief that exceeded the twenty page limit of Local Rule 7.1(B)(4). L-3 failed to confer with counsel before doing so. AS&E's counsel sent L-3's counsel a letter noting this violation:

> Please note that Local Rule 7.1(A)(2) provides that "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Before filing your motion for leave to exceed the twenty page limit for your opposition brief, you never called me to seek my assent or otherwise to confer in good faith.
>
> I assume your failure was a simple oversight and that it will not happen again.

*See* **Exhibit 1**, Letter from AS&E's Counsel to L-3's Counsel, dated March 26, 2004.

In spite of AS&E's hope that L-3 would comply with the rules in the future so as to facilitate advancement of this litigation, L-3 again failed to observe this Court's procedural requirements. Specifically, during preparation of the parties' Rule 16.1 joint statement in July 2003, L-3 failed to send AS&E a written settlement proposal ten days before the scheduling conference. In a letter dated July 19, 2004, AS&E's counsel again noted L-3's failure to observe the rules:

> [U]nder Local Rule 16.1(c), you were required to send me a written settlement proposal no later than ten days before the scheduling conference. That deadline has come and gone and you have not yet fulfilled your obligation. I will bring this omission to the attention of the Court.

**Exhibit 2**, Letter from Counsel for AS&E to Counsel for L-3, dated July 19, 2004.

Thus, L-3 has established a pattern of flouting the procedural rules of this Court. Moreover, AS&E has gently reminded L-3 of its obligations.

## ARGUMENT

Local Rule 7.1(B)(3) requires that "all other papers not filed as indicated in subsections (B)(1) and (2), whether in the form of a <u>reply brief</u> or otherwise, may be submitted <u>only with leave of court</u>." (emphasis added). Leave of court may be obtained by filing a motion. To file such a motion, the moving party must follow Local Rule 7.1(A)(2), which requires that "no motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

The Court may deny a motion that does not comply with this rule. *See, e.g., Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 102 (D. Mass. 1996) (Neiman, M.J.) (denying motion to compel because defendant failed to comply with several local rules, including LR 7.1); *Raytheon Co. v. Underwriter's At Lloyd's London,* Civ. A. No. 01-11328-RWZ, 2002 WL 1034852 at *2 (D. Mass., May 22, 2002) (Zobel, J.) (denying a motion given moving party's failure to comply with the Local Rules).

L-3 violated Local Rule 7.1(A)(2) when it failed to confer with AS&E's counsel and failed to include the required certificate of compliance. Had L-3 conferred with AS&E prior to filing its reply brief, AS&E would surely have assented to L-3's filing of its reply. By ignoring its obligations under Local Rule 7.1, however, L-3 creates the misimpression that AS&E withheld its assent to the filing of L-3's reply. In light of L-3's pattern of flouting the Local Rules, AS&E requests that this Court impress upon L-3 the importance of following the Local Rules by striking its reply.

Moreover, L-3 filed its reply in the context of a motion for sanctions concerning AS&E's alleged failure to attend a noticed deposition. (AS&E, of course, did not refuse to attend but merely sought an alternative deposition date to avoid scheduling conflicts.) L-3 should not be heard to complain about AS&E's alleged failures when L-3 itself does not follow this Court's rules.

## CONCLUSION

For all of the foregoing reasons, AS&E respectfully requests that this Court strike, with prejudice, L-3's Reply in Support of its Rule 37 Motion for Sanctions.

Dated: January 4, 2005

AMERICAN SCIENCE AND ENGINEERING, INC.

*By its attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com
jward@bromsun.com

01945/00511 355279.1

4