IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

## DECLARATION OF ROBERT M. ABRAHAMSEN IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR (1) A HEARING ON ITS SANCTIONS MOTION AND (2) AN EXTENSION OF ITS DEADLINE FOR SERVING EXPERT REPORTS

1.      As counsel for plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), I make this Declaration under penalty of perjury in support of Plaintiff's Emergency Motion for a Hearing on Its Sanctions Motion and for and Extension of Its Deadline for Serving Expert Reports.

2.      Attached as Exhibit ("Ex.") 1 is a copy a document entitled "Memorandum in Support of Plaintiff's Motion for Sanctions," which was filed by L-3 on December 6, 2004.

3.      Attached as Ex. 2 is a copy of a document entitled "Reply Memorandum of L-3 in Support of Rule 37 Motion for Sanctions," which was filed by L-3 on December 28, 2004.

4.     Attached as Ex. 3 is a copy of a document entitled "Reply Declaration of James J. Foster in Support of Motion for Sanctions," which was also filed by L-3 on December 28, 2004.

5.     Attached as Ex. 4 is a copy of an Electronic Order issued by the Court on July 28, 2004.

6.     Attached as Ex. 5 is a copy of a document entitled "Joint Statement Pursuant to Local Rule 16.1(D)," which was jointly filed by the parties on July 20, 2004.

Dated: January 19, 2005          /s/ Robert M. Abrahamsen
                                 Robert M. Abrahamsen

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS
CORPORATION DELAWARE,

Plaintiff,

v.                                                            CIVIL ACTION NO. 04-10339-
                                                              RWZ
AMERICAN SCIENCE &
ENGINEERING, INC.,

Defendant.

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## RULE 37 MOTION FOR SANCTIONS

Plaintiff, L-3 Communications Security and Detection Systems Corporation

Delaware ("L-3"), moves under Rule 37(d) for sanctions against defendant,

American Science & Engineering, Inc. ("AS&E"), for failure to appear for a

properly noticed deposition.

### Background

L-3 brought this Declaratory Judgment action against AS&E in February

2004, in an effort to clear the air for L-3's future sales of certain mobile X-ray

inspection systems. In its Complaint, L-3 asserted, among other things, that two

of AS&E patents were (a) invalid over prior art, and (b) unenforceable because

that prior art was intentionally withheld from the United States Patent and Trademark Office (PTO). [1]

In the Complaint, and subsequently in interrogatory responses, L-3 identified the invalidating prior art not disclosed to the PTO as (1) a prior art offer for sale to a governmental agency of the subject matter reflected in contract number DAAB10-95-0001, between AS&E and the C3I Acquisition Center, and (2) a CargoSearch system located at Otay Mesa, California.

In its Answer, AS&E denied, among other things, "that the subject matter of Contract DAAB10-95-C-0001 and the Otay Mesa CargoSearch system are prior art to the claims of the [patents-in-suit]." (Answer at ¶¶ 29, 45).

Thus, L-3 sought discovery, as permitted by the Federal Rules of Civil Procedure, to prove what AS&E had denied, namely, that the specified X-ray inspection systems <u>are</u> invalidating prior art to the patents-in-suit.

To that end, on July 9, 2004, L-3 served document requests on AS&E (Ex. A, <u>e.g.</u>, Req. Nos. 9, 10, 13, 14), and on September 17, 2004, noticed the deposition of AS&E for October 6, 2004 (Ex. B). The deposition notice concerned only the two X-ray systems discussed above and the circumstances that appeared to render them prior art to AS&E patents, and the knowledge of those prior art systems by those owing a duty of good faith and candor to the PTO in connection with the prosecution of those patents.

---

[1] To obviate a motion by AS&E to strike L-3's inequitable conduct claims for failure to meet the requirements of Rule 9(b), L-3 amended its Complaint to specify with particularity the prior art that was intentionally withheld from the PTO.

2

L-3 agreed to postpone the October 6 deposition because of delays by AS&E in its production of documents. (See Ex. C). AS&E finally made some documents available for inspection in the middle of November. On November 17, immediately after reviewing those documents, L-3 re-noticed for December 3 the deposition that had earlier been noticed for October 6. (See Ex. D). Because relevant documents concerning the Otay Mesa system were absent from AS&E's production, the deposition re-notice further demanded that AS&E produce those documents on November 29. (Ex. D, Schedule B).

L-3 appeared at the scheduled time and place for the deposition. (Ex. E). Neither a witness nor counsel for AS&E appeared. (Id.). No protective order had been sought.

## Argument

Rule 37(d) authorizes a Court to impose severe sanctions "If ... a person designated under Rule 30(b)(6) to testify on behalf of a party fails... to appear before the officer who is to take the deposition, after being served with a proper notice." As explained in Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2291:

> No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition ... has been properly served on the party.

According to Rule 37(d), the sanctions that may be imposed in this circumstance include, among others, the actions specified in subparagraphs (A), (B), and (C) of Rule 37(b)(2). Thus, the Court plainly has discretion to sanction AS&E for its failure to appear by, among other things, making findings of fact

3

adverse to AS&E, or precluding AS&E from opposing certain of L-3's claims.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2289.

Moreover, Rule 37 specifies:

> In lieu of any order or in addition thereto, the court shall require the
> party failing to act or the attorney advising that party or both to pay
> the reasonable expenses, including attorneys fees, caused by the
> failure unless the court finds that the failure was substantially
> justified or that other circumstances make an award of expenses
> unjust.

For the reasons that follow, L-3 asks that the Court sanction AS&E for this

most recent[2] abuse by precluding it from opposing L-3's claims that AS&E's

patents are invalid and unenforceable. At a minimum, the Court should find

conclusively that (1) the product AS&E offered for sale to the U.S. Government in

connection with contract number DAAB10-95-0001 more than one year before

the effective filing date of the AS&E patents, and (2) the CargoSearch system

delivered to the government and deployed at Otay Mesa, California more than

one year before the effective filing date of the AS&E patents, are both prior art to

the AS&E patents under 35 U.S.C. §102(b).

L-3 urgently needs to take discovery concerning the invalidity and

unenforceability of AS&E's patents. The Court's scheduling order requires L-3 to

serve expert reports on these issues, on which L-3 bears the burden of proof, by

January 28, 2005. As outlined above, L-3 has been seeking to obtain such

discovery since July. It once agreed to reschedule a Rule 30(b)(6) deposition on

---

[2] In an earlier case between these two parties involving related patents, AS&E
refused to produce requested documents and did not appear for a Rule 30(b)(6)
deposition. (See Ex. F). (L-3 was the predecessor in interest to EG&G
Astrophysics Research Corporation).

847912.1

these issues, previously noticed for October 6, 2004, because AS&E had not produced certain documents. A re-notice of that deposition was served on November 17, for a rescheduled date of December 3. It appears that AS&E made no effort whatsoever to identify a witness to appear for that deposition. AS&E, moreover, completely ignored the demand in the deposition re-notice that it produce documents concerning the Otay Mesa CargoSearch system in advance of the deposition date.

AS&E did not move for a protective order to block the deposition or requested document production, and did not appear for the re-noticed deposition. L-3 has thus been stonewalled from obtaining the discovery it needs on the issues of invalidity and unenforceability.

Accordingly, L-3 requests that AS&E be sanctioned appropriately. It is L-3's expectation that this deposition would have elicited evidence sufficient to prove AS&E's patents invalid and unenforceable. Under the circumstances here, a finding adverse to AS&E on these issues would be appropriate. L-3 thus requests that judgment be entered declaring the patents invalid and unenforceable, and that AS&E's counterclaims be dismissed as moot with prejudice.

Finally, L-3 requests that AS&E be ordered to pay L-3's reasonable expenses, including attorney's fees, incurred as a result of AS&E's misconduct outlined above. L-3 will provide an accounting of the fees and expenses it incurred should such relief be granted.

5

## Local Rule 37.1 Statement

L-3's counsel, Robert Abrahamsen, and AS&E's counsel, John Ward, conferred by telephone at 12:30 P.M. on December 6, 2004 for approximately three minutes, to discuss the issues presented in this motion. AS&E's counsel was informed that L-3 intended to file a motion requesting that AS&E be sanctioned for failing to appear at the deposition noticed for December 3, 2004, and that the requested sanctions would include an order precluding AS&E from opposing L-3's defenses of invalidity and unenforceability, or, at a minimum, finding that the subject of contract number DAAB10-95-0001 and the CargoSearch system deployed at Otay Mesa are prior art to the AS&E patents. No agreement was reached as to the appropriateness of such sanctions.

## Conclusion

For the above reasons, L-3's motion for sanctions against AS&E should be granted.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
DELAWARE

Dated:  December 6, 2004

/s/ James J. Foster
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
John L. Strand, BBO #654985
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.720.3500
Fax: 617.720.2441
JFoster@wolfgreenfield.com

6

847912.1

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY
AND DETECTION SYSTEMS
CORPORATION DELAWARE,

Plaintiff,

v.

AMERICAN SCIENCE &
ENGINEERING, INC.,

Defendant.

CIVIL ACTION NO. 04-10339-
RWZ

## REPLY MEMORANDUM OF L-3 IN SUPPORT OF
## RULE 37 MOTION FOR SANCTIONS

## INTRODUCTION

L-3 respectfully requests leave of Court to file this Reply to AS&E's

Opposition to L-3's Rule 37 Motion for Sanctions.

In a previous patent action between the parties over this technology,

AS&E willfully ignored discovery rules and failed to meet deadlines, putting L-3 to

needless delay and expense.  In that case, as in this one, AS&E simply refused

to be deposed and, coincidentally, on the same subjects as the deposition in this

case.  The Court eventually allowed AS&E to drop that case, but only after AS&E

promised to not, at any time in the future, assert the patents in that suit against

L-3's product.

In this action, AS&E, after a delay of several months in producing

documents, has again simply refused – and to this day continues to refuse – to

be deposed within the time limits of the Court's scheduling order.  When served

with a notice compelling its appearance, AS&E failed to show up at the duly-scheduled deposition, without even moving for a protective order.

AS&E does not substantively rebut these facts. Instead, it belittles L-3's effort to obtain compliance with the rules within the deadlines set by the Court as a "simple scheduling conflict" or a "stunt," and fills its Opposition with misleading characterizations and several outright inaccuracies that warrant this Reply.

## FACTS

AS&E's unsworn Opposition contains several inaccurate and misleading statements. The Reply Declaration of James J. Foster accompanying this Reply Memorandum sets the record straight by describing, in sworn testimony, the following events:

1.     At a scheduling conference on July 27, 2004, the Court gave the parties six months (until January 28, 2005) to conduct discovery sufficient to obtain information needed for the parties' experts to prepare their reports.

2.     To obtain that information, L-3 noticed the deposition of AS&E for October 6, but postponed it, at AS&E's request, because AS&E needed more time to gather and produce documents.

3.     After further delay by AS&E in producing documents, on November 16 L-3 re-noticed the October 6 deposition for December 3. (Time was growing short, as the rescheduled date would have been only eight weeks before the expert report deadline.)

4.     Not until November 29, at 4:46 p.m., did AS&E notify L-3 that it had a problem with the December 3 date. Despite the late notice, L-3 told AS&E it

2

would, as a courtesy, reschedule the deposition but only if AS&E would commit to a reasonable alternate date.

5.    AS&E was, however, apparently not able to live within the Court's January 28 deadline.  AS&E told L-3 it would not commit to a deposition until, at the earliest, January 26, 2005.  This would have effectively suspended discovery for two months, making completion of discovery within the Court-ordered schedule impossible.

6.    Recognizing this was unacceptable under the Court's scheduling order, AS&E proposed stipulating to move back the dates in the scheduling order.  Inasmuch as L-3 had not caused any of these delays, and had filed this case to clear a cloud of unwarranted patent litigation, L-3 could not agree to this request.

7.    Because AS&E had not committed to a reasonable date certain for the deposition, L-3, having reached its limit, refused to withdraw the notice.  At that point, AS&E should have either appeared for the noticed deposition or, at a minimum, moved for a protective order.  If it had done the latter, it would have been required to explain its scheduling problems, and ask the Court to alter the scheduling order.

8.    It did neither.  Instead, AS&E simply ignored the deposition notice.  L-3 then had no choice but to bring the matter before the Court by recording AS&E's refusal to appear at the deposition and then filing this motion for sanctions under Rule 37.

AS&E had previously ignored discovery obligations.  In the prior litigation (referenced in both parties' opening briefs), involving similar patent claims and issues, AS&E likewise failed to agree on any reasonable deposition date, failed to show up for its own deposition, and failed even to file any opposition or other response to two separate motions for sanctions that resulted from its noncompliance with discovery obligations and promises.[1],[2]

## DISCUSSION

When this Court gave the parties a full <u>six months</u>, until January 28, 2005, to conduct discovery to obtain the information needed by their experts to prepare the reports required by rule 26, the Court had a right to expect that the parties would cooperate in scheduling depositions so that that deadline can be met.

AS&E, however, has not cooperated.

<u>Five of the six months the Court allowed</u> for discovery before submitting expert reports have now elapsed.  AS&E has yet to allow L-3 to take even a single day of its deposition.  Indeed, even in the more than three weeks that has passed since AS&E did not show up on December 3, AS&E has been unwilling to be deposed.  AS&E's intransigence has severely prejudiced L-3's ability to establish its defenses.  L-3 thus requests that the Court rectify this situation.

---

[1] AS&E had also refused to produce requested documents.  Foster Reply Decl., ¶14.

[2] Ultimately, that case was dismissed by stipulation after AS&E agreed to provide the statement required by <u>Super Sack Mfg. Corp. v. Chase Packaging Corp.</u>, 57 F.3d 1054 (Fed. Cir. 1995) that AS&E would not, at any time in the future, assert the patents-in-suit against L-3's products.

853273.1

AS&E's Opposition is grossly misleading when it describes this as a "simple scheduling dispute." As set forth in the Foster Reply Declaration, the dispute arose out of AS&E's refusal to be deposed anytime during the entire month of December or nearly the entire month of January. This was after the other delays discussed above. Whether the deposition should have been taken on December 3 as opposed to another day in early December was never an issue. Indeed, L-3 told AS&E that there was "no magic" to a specific date, the point being that L-3 was flexible as to the exact day just so long as AS&E agreed to be deposed on some day shortly after the deposition was noticed. AS&E now quotes the "no magic" comment in its papers, missing the point that the language reflects L-3's efforts (ignored by AS&E) to work out a reasonable solution. The issue was, and is, AS&E's refusal to appear for a deposition on any date consistent with this Court's scheduling order. It offered L-3 no reason or explanation, and it still does not offer any to the Court. It has filed no declaration setting forth under oath (or even in unsworn form) the obstacles that prevented its counsel or witness from showing up. Nor did it even make use of the procedure provided for such a situation by the federal rules, namely, a motion for a protective order.

While the rules are to be construed to do substantial justice, a party may not cavalierly ignore them, putting an opposing party to needless delay and expense. Time is indeed an issue. This is a declaratory judgment action to clear the air of AS&E's unwarranted threats that burden L-3's efforts to provide needed security devices to customers such as airlines and ports. AS&E cannot be

853273.1

allowed to undermine the action by noncompliance with the rules and ignoring of the case schedule.

When a party will not agree to appear for a deposition within a reasonable period, the appropriate procedure to bring the issue to the Court's attention is to notice the deposition for a reasonable date anyway.  Usually, the noticed party either arranges to be present, or moves for a protective order, explains its problem, and the Court resolves the issue.  Here, AS&E simply ignored the notice.  It forced L-3 to move for sanctions.  It has not met its burden under Rule 37(a)(4)(A) to show that its refusal was "substantially justified" in order to avoid imposition of appropriate sanctions (including fees, as provided by Rule 37(d)(3)).  Indeed, it has not even attempted to meet that burden through explanation, let alone proof, of any good cause justifying its failure, other than vague allusions to unavailability for lengthy stretches of time.  AS&E would use that purported unavailability to prevent L-3 from deposing it at <u>any</u> time during the Court-ordered discovery period.

In an effort to resolve the issue without resort to the Court, L-3 warned AS&E that it would be willing to reschedule if, but only if, AS&E agreed to produce its witness on a reasonable date certain.  (See Foster Reply Decl., ¶¶8, 9).  Instead of cooperating, however, AS&E proposed a date two months away, knowing such a distant date would be inconsistent with the Court's scheduling order.

Notably, AS&E has not asked the Court, either in its Opposition or in an independent motion, to alter the deadlines in the scheduling order, including the

853273.1

January 28, 2005 deadline for filing expert reports. While conceding in its Opposition that the earliest date it proposed for conducting the deposition was January 26, 2005, AS&E makes no attempt to explain why L-3 should have been expected to agree to a two-month suspension of discovery under these pressing circumstances. AS&E's Opposition repeatedly asserts that it had proposed "alternative deposition dates," but scarcely mentions that those dates were two or more months down the pike, and fell either immediately before (in one case) or well after (in the other case) the deadline for completing discovery and for filing expert reports.

Moreover, this deposition is not some loose end at the conclusion of lengthy discovery – it is but the first deposition L-3 has attempted to take in this case. It was to be limited to particular activities and products L-3 contends are prior art to AS&E's patents. Many more depositions will be required, once AS&E gets certain basic information from this one that will help identify appropriate deponents. L-3 is facing a deadline of January 28, 2005 to submit its expert reports. AS&E's foot-dragging should not be tolerated, and its pattern of ignoring the federal rules should not be rewarded. (Indeed, AS&E's counsel, notwithstanding their alleged "unavailability" for this deposition, found time to prepare a motion for partial summary judgment, filed yesterday even though the deadline for such a motion is not for many months and discovery relevant to these issues has not as yet been had.)

AS&E further requested that the Court postpone deciding this sanctions motion until it had addressed the summary judgment motion that AS&E only just

7

853273.1

filed. AS&E's request puts the cart before the horse. Under Rule 56(f), a party

can request a continuance of a motion for summary judgment until the party has

an opportunity to conduct discovery directed towards the issues presented by the

motion. Here, AS&E is turning that principle on its head, suggesting that the

Court suspend requiring AS&E to submit to discovery until after it decides the

substantive motions to which such discovery would relate, thus depriving L-3 of

the relevant evidence that such discovery would uncover.

The simple issue here is that AS&E has refused to provide admittedly-

relevant discovery in a manner that allows compliance with the schedule ordered

by the Court.

**REQUESTED RELIEF**

Under the circumstances, the Court should appropriately sanction AS&E

by granting L-3's request to reach findings adverse to AS&E on the subjects that

would have been covered under the deposition.

The Court should also extend by two months the deadline <u>for L-3</u> to

submit expert reports and <u>for L-3</u> to complete its discovery, but <u>not</u> to extend

those deadlines for AS&E. Subsequent deadlines, such as those for filing

dispositive motions, might need to be adjusted for L-3 as well.

L-3 should also be awarded the costs, including reasonable attorneys'
fees, incurred in taking the deposition and bringing this motion.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
DELAWARE

Dated:  December 28, 2004     /s/ James J. Foster
                              James J. Foster, BBO #553285
                              Michael A. Albert, BBO #558566
                              Robert M. Abrahamsen, BBO #636635
                              WOLF, GREENFIELD & SACKS, P.C.
                              600 Atlantic Avenue
                              Boston, Massachusetts 02210
                              Tel.: 617.646-8000
                              Fax: 617.646-8646
                              JFoster@wolfgreenfield.com

9

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

## REPLY DECLARATION OF JAMES J. FOSTER
## IN SUPPORT OF MOTION FOR SANCTIONS

1.      As counsel for L-3, I make this Reply Declaration under penalty of perjury in support of L-3's motion for sanctions.

2.      I am submitting a Reply Declaration because the Opposition AS&E filed misled. As will be discussed below, this motion did not arise out of a "simple scheduling conflict." Nor was this motion filed as a "stunt" to drive up the costs of litigation, as AS&E offensively, and disingenuously, implied. Rather, this motion grew out of AS&E's refusal to meet the demands of the Court's scheduling order.

3.      I attended the scheduling conference on July 27, 2004. At that conference, the Court required that expert reports be exchanged on January 28, 2005. This gave the parties a full six months to first gather documents and then to take depositions to obtain the information that their experts needed to prepare their reports. Normally, six months would provide plenty of time.

854260.1

4.      Discovery had started conventionally and predictably.  We had served document requests on July 9, 2004, and received a perfunctory response from AS&E on August 25 raising boilerplate objections and promising production of various categories of documents.  We expected to take AS&E's deposition promptly on receipt of copies of those documents.  On September 17 we thus served a notice of deposition for October 6.

5.      AS&E, however, requested that the deposition be postponed to give it more time to gather and produce the documents it had promised way back on August 25.  Because there were still several months left before the January 28 deadline, we courteously acceded to that postponement.

6.      AS&E delayed several months in producing the documents.  Although the requests had been served July 9, 2004, AS&E did not produce them until after November 4.  After inspecting them and receiving copies, on November 16 we again noticed the deposition, this time for December 3.

7.      At 4:46 p.m. on November 29, I received a telephone message from an attorney for AS&E saying that December 3 "doesn't work for us," and wanting to reschedule.  I then had conversations with him in which he told me that AS&E's difficulties had arisen ostensibly because another of AS&E's attorneys would be tied up in trial in another case until December 20.

8.      In considering his request to postpone the deposition, I was concerned about the January 28 deadline.  I thus told him we would agree to change the date of the deposition only if AS&E would commit to a reasonable alternate date.  The response

he gave each time was that he was "endeavoring" to get acceptable dates from his client and he would get back to me.

9.     When he did not get back to me with proposed dates, I became concerned that AS&E was attempting to stall the taking of the deposition for a substantial period, which would obviously cause problems because of the January 28 deadline. I thus communicated to him orally and in writing (Ex. 2 to AS&E Opp.) that the deposition notice for December 3 would not be withdrawn unless I had an "ironclad" agreement to a specific alternate date.

10.     I then received an e-mail (Ex. 4 to AS&E Opp.) from him on December 2 confirming my worst suspicions. He proposed that the deposition be postponed for <u>at least two months</u> to either January 26 or February 14, 2005. Since this would make it impossible for L-3 to make the January 28 deadline, I had to reject his suggestion.

11.     He followed up that message with another one in which he proposed pushing back the dates in the scheduling order to accommodate this two month delay. L-3 rejected changing the scheduling order.

12.     Since this issue was important and could not be resolved between the parties, we obviously needed to bring it to the Court's attention. To put the issue in a procedural posture ripe for the Court to decide, we refused to withdraw the deposition notice. When AS&E failed to appear for the scheduled deposition, we filed this motion. This procedure and its necessity was clearly explained in a December 2 e-mail (Ex. 3 to AS&E Opp.) to AS&E counsel:

> We had originally noticed this deposition for October 6, but postponed it because your client needed more time to produce documents. We faxed our notice for tomorrow's deposition on November 17. If all your client wanted was a more convenient date, it has

had ample time to suggest one, but has not done so.  We strive to be courteous to other counsel, but it appears that your client is trying to avoid or, at a minimum, seriously delay discovery.  This is nothing magic about tomorrow, but we cannot agree to call the deposition off if your client cannot commit to an acceptable date certain on which it will be held.  <u>Under the rules, the only way to deal with an intransigent party is to notice a deposition, record the no-show, and move for sanctions</u>.  As the Court has set deadlines, we cannot allow your client to string us along for months.

(Emphasis added).

13.     These communications belie the irresponsible statement in AS&E's Opposition that this Motion is a stunt, which it clearly is not.  Rather, the rules provide for such a motion as the vehicle to compel compliance with a party's obligation to timely participate in conducting the discovery needed to meet the Court's deadlines.

14.     AS&E's record on complying with discovery rules is not good.  AS&E had refused to appear for a deposition in an earlier patent action against L-3.  The notice for that deposition had covered pretty much the same subjects as the deposition notice here.  In that action, L-3 had also filed two motions to compel AS&E to produce documents, to which AS&E filed no opposition.  AS&E was allowed to drop that action only after agreeing never to attempt to enforce the patents in that suit against L-3's product.


Dated:  December 28, 2004                    /s/ James J. Foster_____
                                             James J. Foster


854260.1                                     4

EXHIBIT 4

# Abrahamsen, Robert

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Wednesday, July 28, 2004 11:34 AM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-10339-RWZ L-3 Communications Security and Detection Systems Corporation Delaware v. American Science and Engineering, Inc. "Scheduling Conference" |

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Urso, Lisa entered on 7/28/2004 at 11:33 AM EDT and filed on 7/27/2004

Case Name: L-3 Communications Security and Detection Systems Corporation Delaware v. American Science and Engineering, Inc.
Case Number: 1:04-cv-10339 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?90772

Document Number:
Copy the URL address on the line below into the location bar of your Web browser to view the document:

Docket Text:
electronic Clerk's Notes for proceedings held before Judge Rya W. Zobel : Scheduling Conference held on 7/27/2004. Judge accepts A-E of the joint statement; Discovery due by 4/29/2005. Settlement Report due by 1/28/2005. Further Scheduling Conference set for 5/4/2005 02:00 PM in Courtroom 12 before Judge Rya W. Zobel. (Urso, Lisa)

The following document(s) are associated with this transaction:

1:04-cv-10339 Notice will be electronically mailed to:
Robert M. Abrahamsen          rabrahamsen@wolfgreenfield.com, psmithvictor@wolfgreenfield.com

Michael A. Albert          malbert@WolfGreenfield.com, litigation@wolfgreenfield.com;dpefine@wolfgreenfield.com

Erik Paul Belt          ebelt@bromsun.com, idiaz@bromsun.com

John L. Strand          jstrand@wolfgreenfield.com, cdownie@wolfgreenfield.com

John F. Ward          jward@bromsun.com, chiggins@bromsun.com

1:04-cv-10339 Notice will not be electronically mailed to:

EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE | ) ) ) ) | |
| | ) | Civil Action No. 04-10339-RWZ |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY DEMANDED |
| AMERICAN SCIENCE & ENGINEERING, INC. | ) ) ) | |
| Defendant | ) ) | |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Plaintiff, L-3 Communications Security And Detection Systems Corporation Delaware ("L-3") and Defendant, American Science & Engineering, Inc. ("AS&E"), submit this joint statement in accordance with Local Rule 16.1(D), and the Court's Order of July 1, 2004, in advance of the Scheduling Conference before the Court on July 27, 2004, at 2:30 p.m.

1. Proposed Agenda for Scheduling Conference.
   a. Establish an effective and expeditious discovery and trial schedule (see below).
   b. Address suitable Protective Order for protection of confidential or proprietary commercial information.
   c. Explore the possibility of settlement.

2. Proposed Pretrial Schedule
   a. Initial Disclosures by:               July 27, 2004
   b. Join parties or amend pleadings by:   November 2, 2004
   c. Exchange expert reports by:           January 28, 2005
   d. Exchange rebuttal expert reports by:  February 28, 2005
   e. Complete all discovery by:            April 29, 2005
   f. File all dispositive motions by:      May 27, 2005

g.  Hold final pretrial conference by:          30 days after ruling on dispositive
                                                motions

h.  Parties Ready for Trial                     To be scheduled by court

3.  <u>Certifications of Counsel</u>

The certifications of plaintiff and defendant and their respective counsel pursuant to
Local Rule 16.1(D)(3) are attached.  See Attachment A and B.

4.  <u>Phased Discovery</u>

Phased discovery is not required in this action.

5.  <u>Trial by Magistrate</u>

The parties do not consent to trial by Magistrate Judge.


Respectfully submitted,                         Respectfully submitted,

AMERICAN SCIENCE &                              L-3 COMMUNICATIONS SECURITY
ENGINEERING, INC.                               AND DETECTION SYSTEMS
                                                CORPORATION DELAWARE

By its Attorneys,                               By its Attorneys,

Erik Paul Belt, BBO# 558620                     Michael A. Albert, BBO# 558566
John F. Ward, BBO# 646689                       James J. Foster, BBO# 553285
BROMBERG & SUNSTEIN LLP                         Robert M. Abrahamsen, BBO# 636635
125 Summer Street                               WOLF, GREENFIELD & SACKS, P.C.
Boston, Massachusetts 02110                     600 Atlantic Avenue
Telephone:  (617) 443-9292                      Boston, Massachusetts 02210
Facsimile: (617) 443-0004                       Telephone:  (617) 646-8000
E-mail: ebelt@bromsun.com                       Facsimile: (617) 646-8646

Dated at: Boston, Massachusetts                 Dated at: Boston, Massachusetts
       July 20, 2004                                   July 20, 2004


01945/00511  324072.1

-2-