UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

)
L-3 COMMUNICATIONS SECURITY )
AND DETECTION SYSTEMS )
CORPORATION DELAWARE )
)                    Civil Action No. 04-10339-RWZ
Plaintiff, )
)
v. )
)
AMERICAN SCIENCE & )
ENGINEERING, INC. )
)
Defendant )
_____)

### AS&E's OPPOSITION TO L-3'S EMERGENCY MOTION
### AND
### MEMORANDUM IN SUPPORT OF AS&E's
### MOTION TO EXTEND DISCOVERY DEADLINES
### OR FOR TEMPORARY STAY OF DISCOVERY

There is no emergency here. L-3 has not identified any reason that its pending motion for

sanctions [Court Docket # 27], or even this case, must be decided now, this day, this hour, this

minute. There is no preliminary injunction motion pending. The proverbial bulldozer is not

revving its engine at the gate. Yes, there are discovery deadlines approaching, but AS&E has

already offered to extend the pretrial deadlines in this case. Indeed, AS&E does not oppose L-

3's request for an extension of discovery deadlines, including the deadlines for expert reports, so

long as AS&E gets equal extensions. AS&E has therefore cross-moved for an extension of all

discovery deadlines or, alternatively, to stay discovery until resolution of its pending summary

judgment motion [Court Docket # 31]. A universal extension or temporary stay will permit this

Court to consider the summary judgment motion, which could significantly narrow the issues

here and reduce the time and expense needed for future discovery and trial.

## BACKGROUND FACTS

As chronicled in AS&E's opposition to L-3's motion for sanctions [Court Docket # 30], the current spate of motions stems from a simple scheduling conflict. After waiting months into the discovery period, L-3 finally noticed the Rule 30(b)(6) deposition of AS&E. AS&E's attorney had a scheduling conflict (an upcoming trial) and asked, as a courtesy, to reschedule the deposition. Contrary to L-3's misrepresentation, AS&E did not refuse to produce a witness. Rather, AS&E offered alternative dates. Moreover, realizing that the discovery deadlines would need to be extended, AS&E also proposed "an appropriate extension of the discovery schedule." **Exh. 1**, E-Mail from AS&E's counsel to L-3's counsel, dated December 2, 2004.

L-3's own delays and conduct in this litigation show that there is no particular urgency here requiring strict adherence to the original discovery deadlines or immediate consideration of L-3's motion for sanctions. The procedural history of this case shows that L-3's anxiousness is unwarranted.

Specifically, L-3 filed a declaratory judgment action on February 19, 2004. AS&E moved to dismiss for lack of actual controversy [*see* Court Docket # # 4-5]. In particular, AS&E argued that it had not threatened immediate suit and thus L-3 had no cause for alarm. Indeed, as AS&E argued, it was not even clear at that point that L-3 was making or selling the products that L-3 mistakenly thought were accused of patent infringement. (L-3 now claims to be marketing products that may infringe, and AS&E has based its infringement counterclaims in part on L-3's assertions.) Surely if L-3 had not filed its alarmist declaratory judgment complaint back then, there would be no litigation now because AS&E had no plans to sue L-3 at that point, having just settled another patent suit with L-3. In effect, L-3 had awoken a sleeping dog. At that point, AS&E was content to avoid unnecessary litigation.

In any event, on May 19, 2004, this Court held that it had declaratory judgment jurisdiction and denied AS&E's motion to dismiss. Thereafter, the parties proceeded with the initial pleadings stage, with each side amending its complaint or answer. As a result, the initial pleadings were not completed until July 23, 2004, when L-3 filed its reply to AS&E's amended answer. Thus, it took over two additional months for L-3 to complete the initial pleadings, showing no sense of urgency in the process.

The parties completed a Rule 16 Joint Statement in July and attended the first scheduling conference on July 27, 2004. Under the initial pretrial schedule that this Court endorsed, discovery ends on April 29, 2005. Thus, there are still three months left in the original discovery schedule, and immediate deadlines can be re-arranged. Another few months added to the schedule should not make a difference in the overall context of this litigation.

After the first scheduling conference, the parties traded written discovery requests. L-3 served numerous, burdensome requests requiring AS&E to produce over 50 boxes of documents, which was no small feat. Answering L-3's numerous document requests took more time than originally anticipated and thus forced delays in the schedule. AS&E also answered numerous interrogatories and requests for admissions. AS&E complied with its discovery obligations.

By the time that L-3 noticed the deposition, several months of the original discovery schedule had passed by. AS&E believes, therefore, that extending discovery three additional months is warranted so that both parties can complete the necessary depositions and expert discovery in sane fashion. Again, L-3 has identified no business or legal exigencies requiring more urgent action, and AS&E is aware of none.

Finally, AS&E has moved for summary judgment on L-3's inequitable conduct claims. [*See* Court Docket # # 31-32.] Showing no urgency in getting a quick decision, L-3 asked

AS&E for an extension of its time to oppose, which AS&E granted. L-3 has now filed its opposition brief, and AS&E plans to file a short reply, with the Court's permission.

## ARGUMENT

Courts in this district often stay or extend discovery as the circumstances warrant, particularly when a pending dispositive motion may narrow or eliminate issues in the case. Such stays or extensions save judicial resources and, just as importantly, save the parties time and money. *See, e.g., Lunkenheimer Co. v. Federal Deposit Ins. Corp.,* Civ. A. No. 92-11050-Z, 1992 WL 142033 at * 1 (D. Mass., June 10, 1992) (Zobel, J.) (granting the defendant's motion to stay discovery pending resolution of the defendant's summary judgment motion); *Tracy v. Local 255 of the Int'l Union of Electronic, Electrical, Technical, Salaried and Machine Workers*, 783 F. Supp. 1527, 1528 (D. Mass. 1992) (Posner, M.J.) ("this court ordered a stay of discovery pending a ruling on the [summary judgment] motion"); *Republic of Turkey v. OKS Partners*, 797 F. Supp. 64, 66 (D. Mass. 1992) (Skinner, J.) ("I allowed defendants' motion to stay discovery pending disposition of these motions [to dismiss]").

Litigation is costly enough. Disposition of the pending summary judgment motion could eliminate claims from this case and thus save the parties time and money. Any decision on the motion, whether grant or denial, may even prompt settlement discussions. There is no reason to force the parties to continue discovery that may be unnecessary after decision of the motion. Indeed, Fed. R. Civ. P. 1 directs courts and parties to secure <u>inexpensive</u> resolution of every action. AS&E's proposed stay or extension of discovery will do just that.

L-3 has identified no cause for urgency here. The discovery deadlines can safely be extended a few more months to allow the parties to regroup and conduct meaningful depositions and expert discovery in sane, deliberate fashion.

Finally, there is no reason to grant L-3 additional time for discovery, as it requests, without also granting like time to AS&E.  AS&E has committed no transgression meriting such a harsh sanction.  As argued in AS&E's opposition to L-3's motion for sanctions, AS&E has complied with its discovery obligations and has not refused to produce a deponent.  AS&E merely sought to reschedule the deposition to permit AS&E's counsel to complete an important trial.  L-3, however, refused to extend to AS&E's counsel the professional courtesy that he deserves and, indeed, that he has extended to L-3's counsel on other occasions (such as extending the time for L-3 to oppose summary judgment).

## CONCLUSION

For all of the foregoing reasons, AS&E respectfully requests that (a) this Court deny L-3's emergency motion [Docket # 41] and (b) grant AS&E's motion to extend or stay discovery.

Dated: January 25, 2005

AMERICAN SCIENCE AND
ENGINEERING, INC.

*By its attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
ebelt@bromsun.com

01945/00511  359666.1