UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
L-3 COMMUNICATIONS SECURITY         )
AND DETECTION SYSTEMS               )
CORPORATION DELAWARE                )
                                    )   Civil Action No. 04-10339-RWZ
            Plaintiff,              )
                                    )
      v.                            )
                                    )
AMERICAN SCIENCE &                  )
ENGINEERING, INC.                   )
                                    )
            Defendant               )
_____ )

## AS&E's REPLY IN FURTHER SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON L-3's INEQUITABLE CONDUCT DEFENSES

Faced with AS&E's undisputed evidence, L-3 has now dropped its claim that AS&E failed to disclose to the Patent & Trademark Office ("PTO") the non-mobile CargoSearch system located at Otay Mesa, California ("the Otay Mesa installation"). *See* L-3's Opposition Brief at fn. 1. In other words, L-3 has admitted that AS&E did not commit inequitable conduct because AS&E had, in fact, fully disclosed the Otay Mesa installation to the PTO. Thus, as an initial matter, this Court should enter summary judgment for AS&E and against L-3 on that portion of L-3's inequitable conduct claim concerning the Otay Mesa installation. The Court should also order stricken from L-3's complaint any reference to the Otay Mesa installation.

Although L-3 has not yet admitted that AS&E fully disclosed the government contract (DAAB10-95-C-0001), the undisputed evidence shows that AS&E did disclose all material facts about that contract. L-3's only argument to the contrary is that AS&E did not tell the PTO the date of the contract and thus that the contract was allegedly a prior art sale. But as a matter of

law, the contract does not evidence a prior art sale under the on-sale bar and thus AS&E did not omit material facts. Moreover, L-3 has shown no intent to deceive the PTO.

### A.  L-3 Has Not Shown a Failure to Disclose Material Prior Art

As L-3 itself argues, to qualify as a prior art sale under the on-sale bar, the invention has to be ready for patenting more than one year before the patent's earliest priority date. *Pfaff v. Wells Electronics, Inc.*, 52 U.S. 55, 67 (1998). Just because a product was offered for sale, or was the subject of a contract, does not mean that it was also ready for patenting such that the related offer or sale would meet the on-sale bar. *See Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1308 (Fed. Cir. 2004) (even if a claimed invention was the subject of an earlier commercial transaction, it was not "on sale" if, at the time, it still needed development work to be made useful); *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004) (no on-sale bar because the alleged prior art engineering drawings did not demonstrate that the product was ready for patenting).

Here, L-3 has not shown that inventions in the two patents were ready for patenting back in October 1994, when the contract was signed. Indeed, there is no indication that the invention was ready for patenting in October 1994. Thus, L-3 has not shown that the government contract was prior art that would be material to the PTO's examination of the patents-in-suit.

Indeed, as seen in the contract at issue, the mobile inspection system was still in the drawing-board stage, still a proposal, at the time of the contract. For example, AS&E made clear to the U.S. Army contract authorities that the contract was for a "<u>proposed</u> program to <u>develop</u> a fully-mobile version of the 450 kV CARGOSEARCH system . . ." Exhibit 1 to L-3's Opposition Brief at AS&E00502402 (emphasis added). As such, AS&E told that Army that it "<u>will</u> develop a system design specification," which task "<u>will</u> include specification of the truck and the truck

body." *Id*. at AS&E00502428 (emphasis added). The use of the future tense "will" shows that these tasks had not yet been performed.

Likewise, AS&E made clear that there remained "major tasks" to complete, including in particular "System <u>Conceptual</u> Design and Specification." *Id*. at AS&E 00502427 (emphasis added). As a matter of law, because AS&E had not yet completed the conception of the invention at that time, it could not have been ready for patenting. After all, the touchstone of invention is conception. *AcroMed Corp. v. Sofamor Danek Group, Inc.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001); *Burroughs Wellcome Co. v. Barr Laboratories, Inc.*, 40 F.3d 1223, 1227-28 (Fed. Cir. 1994) ("Conception is the touchstone of inventorship, the completion of the mental part of invention").

Accordingly, because the mobile inspection system proposed to the Army was still in development, it could not be the subject of an on-sale bar.

Moreover, each claim of each patent discloses its own invention. Each claim of each patent stands on its own and remains valid and enforceable independent of the other claims. 35 U.S.C. § 282; *Dana Corp. v. American Axle & Mfg., Inc.*, 279 F.3d 1372, 1376 (Fed. Cir. 2002). As such, a court errs when it invalidates all claims of a patent under the on-sale bar without first determining "whether the subject of the barring activity met each of the limitations of the claim, and was thus an embodiment of the claimed invention." *Id*. at 1375 (citation omitted).

Here, L-3 has not provided claim charts and the detailed analysis necessary to show whether the contract at issue disclosed embodiments meeting each and every limitation of the claims. The '533 patent has twelve claims. The '623 patent has fifty-seven claims. L-3 has not even offered evidence that one claim, let alone the combined sixty-nine claims, was anticipated by the government contract (i.e., that the contract discloses embodiments meeting each and every

limitation of at least one claim). Accordingly, L-3 has failed to show that the alleged prior art sale was even material to the examination.

### B. L-3 Has Shown No Intent to Deceive

L-3 has also offered no evidence of intent to deceive the PTO. To prove a claim of inequitable conduct, the patent challenger must show, with clear and convincing evidence, (1) a failure to disclose material information (2) with an intent to deceive the PTO. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). Here, even assuming for sake of argument that AS&E failed to disclose material information, L-3 has shown no wrongful intent. Indeed, the undisputed fact that AS&E disclosed the governing contract and disclosed that it was first proposed in January 1994 shows the opposite--that there was no intent to deceive. As such, L-3's inequitable conduct claims should be dismissed. *See Monon Corp. v. Stoughton Trailers, Inc.*, 239 F.3d 1253, 1264 (Fed. Cir. 2001) (affirming judgment of no inequitable conduct because there was no evidence of bad intent).

### C. No Further Discovery Is Necessary

Finally, L-3 is not entitled to further discovery under Rule 56(f) because it has not met all of the requirements of that rule. Rule 56(f) requires, *inter alia*, that the party not first attempt to meet the summary judgment motion "head-on" and then fall back on 56(f) as a safety valve. C.*B. Trucking, Inc. v. Waste Mgmt, Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (affirming ruling that party was not entitled to further discovery to challenge summary judgment). Here, L-3 has managed to write an 11-page brief opposing summary judgment and has thus attempted to meet the challenge head-on. L-3 should not be allowed to both oppose summary judgment, as it has, and then fall back on a Rule 56(f) safety valve.

A party seeking further discovery must also submit "reasons stated by affidavit" for its inability to present "facts essential" to opposing summary judgment. Rule 56(f). Specifically, the party must "set forth a plausible basis for believing that specified facts . . . probably exist" and then "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *C.B. Trucking*, 137 F.3d at 44.

Here, L-3 has not presented the required Rule 56(f) affidavit. Nor has L-3 stated with particularly what facts it hopes to find and how those facts would change the outcome of summary judgment here. L-3 cannot rely on its generalized statement that it seeks discovery on the alleged prior art sale. Accordingly, L-3 has failed to meet the requirements of Rule 56(f) and should not be allowed further discovery on the subject of this summary judgment motion.

## CONCLUSION

For all of these reasons, and those stated in AS&E's initial brief, AS&E respectfully requests that the Court grant it summary judgment on L-3's inequitable conduct claims.

Dated: January 28, 2005

AMERICAN SCIENCE AND
ENGINEERING, INC.

*By its attorneys*,

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004
ebelt@bromsun.com

01945/00511 360140.1