IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

### DECLARATION OF ROBERT M. ABRAHAMSEN IN SUPPORT OF FURTHER DISCOVERY PURSUANT TO FED. R. CIV. P. 56(f)

1.     As counsel for plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), I make this declaration under penalty of perjury in support of further discovery pursuant to Fed. R. Civ. P. 56(f).

2.     L-3 has been diligent in attempting to obtain discovery concerning the Mobile CargoSearch Contract (contract no. DAAB10-95-C-0001), in the form of a Rule 30(b)(6) deposition of American Science & Engineering, Inc. ("AS&E"), for many months. These efforts were fully outlined in the opening (D.I. 28) and reply (D.I. 35) memoranda and declaration (D.I. 36) L-3 filed in support of its Rule 37 Motion for Sanctions.

3.     AS&E finally appeared for that deposition on February 17, 2005. At the deposition, the witness confirmed that on October 19, 1994, AS&E had signed a contract with the U.S. Government requiring it to deliver a fully-operational Mobile

CargoSearch system, and that the award of that contract was a significant event of which most AS&E employees would have been aware.

4. The witness testified, however, that neither of the inventors named on the patents was still employed by AS&E. He also testified that his knowledge of the state of development of the Mobile CargoSearch system as of the critical date of the patents was incomplete, and that he lacked knowledge concerning the preparation and prosecution of AS&E's patents before he joined the company in June of 1998.

5. L-3 has issued a deposition subpoena to the lead inventor named on AS&E's patents, Roderick Swift. Given Mr. Swift's heavy involvement with the Mobile CargoSearch project at AS&E, it is likely that Mr. Swift will be able to testify as to the state of development of the Mobile CargoSearch system prior to the critical date of AS&E's patents, and thus will be able to confirm that conception of the claimed invention had been completed, and that drawings and descriptions had been prepared that would have been sufficient to enable one of ordinary skill in the art to practice the claimed invention, at that time. It is also expected that Mr. Swift will be knowledgeable about how patent prosecution decisions were made when AS&E's patent applications were first filed, as well as the nature of the decisions that were actually made and the impetus behind them. (L-3 also intends to question Mr. Swift about certain prior art articles he co-authored, which were not disclosed to the Patent Office during the prosecution of AS&E's patents).

6. L-3 has also issued deposition subpoenas to the attorneys that prosecuted AS&E's patents, Bruce D. Sunstein and Samuel J. Petuchowski. Mr. Sunstein and Mr. Petuchowski are required to bring the patent prosecution files they maintained for AS&E

867573.1                                            2

to the deposition. Those depositions will address the attorneys' knowledge of the Mobile CargoSearch Contract during the prosecution of the relevant patent applications. It is expected that AS&E's patent attorneys will confirm that they were aware that the Mobile CargoSearch Contract was entered into prior to the critical date, and that a deliberate decision was made not to bring that fact to the attention of the Patent Office.

7.  This information is necessary for L-3 to fully respond to AS&E's motion for partial summary judgment.


Dated: March 1, 2005                    /s/ Robert M. Abrahamsen
                                        Robert M. Abrahamsen