(C) why the claims are patentable; and

(D) why they were not presented earlier.

A supplemental reissue oath/declaration must accompany the amendment. The supplemental reissue oath/declaration must state that the error(s) to be corrected arose without any deceptive intention on the part of the applicant. The supplemental reissue oath/declaration submitted after allowance must be directed to the error(s) applicant seeks to correct after allowance. This oath/declaration need not cover any earlier errors, since all earlier errors should have been covered by a reissue oath/declaration submitted prior to allowance.

Occasionally correcting an error after allowance does not include an amendment of the specification or claims of the patent. For example, the correction of the error could be the filing of a certified copy of the original foreign application (prior to the payment of the issue fee - see 37 CFR 1.55(a)(2)) to obtain the right of foreign priority under 35 U.S.C. 119 (see *Brenner v. State of Israel*, 400 F.2d 789, 158 USPQ 584 (D.C. Cir. 1968)) where the claim for foreign priority had been timely made in the application for the original patent. In such a case, the requirements of 37 CFR 1.312 must still be met. This is so, because the correction of the patent is an amendment of the patent, even though no amendment is physically entered into the case. Thus, for a reissue oath/declaration submitted after allowance to correct an additional error (or errors), the reissue applicant must comply with 37 CFR 1.312 in the manner discussed above.

## 1445   Reissue Application Examined in Same Manner as Original Application

As stated in 37 CFR 1.176, a reissue application, including all the claims therein, is subject to "be examined in the same manner as a non-reissue, non-provisional application." Accordingly, the claims in a reissue application are subject to any and all rejections which the examiner deems appropriate. It does not matter whether the claims are identical to those of the patent or changed from those in the patent. It also does not matter that a rejection was not made in the prosecution of the patent, or could have been made, or was in fact made and dropped during prosecution of the patent; the prior action in the prosecution of the patent does not prevent that rejection from being made in the reissue application. Claims in a reissue application enjoy no "presumption of validity." *In re Doyle*, 482 F.2d 1385, 1392, 179 USPQ 227, 232-233 (CCPA 1973); *In re Sneed*, 710 F.2d 1544, 1550 n.4, 218 USPQ 385, 389 n.4 (Fed. Cir. 1983). Likewise, the fact that during prosecution of the patent the examiner considered, may have considered, or should have considered information such as, for example, a specific prior art document, does not have any bearing on, or prevent, its use as prior art during prosecution of the reissue application.

## 1448   Fraud, Inequitable Conduct, or Duty of Disclosure Issues [R-2]

The Office no longer investigates and rejects reissue applications under 37 CFR 1.56. The Office will not comment upon duty of disclosure issues which are brought to the attention of the Office in reissue applications except to note in the application, in appropriate circumstances, that such issues are no longer considered by the Office during its examination of patent applications. Examination as to the lack of deceptive intent requirement in reissue applications will continue but without any investigation of fraud, inequitable conduct, or duty of disclosure issues. Applicant's statement in the reissue oath or declaration of lack of deceptive intent will be accepted as dispositive except in special circumstances such as an admission or judicial determination of fraud, inequitable conduct, or violation of the duty of disclosure.

### ADMISSION OR JUDICIAL DETERMINATION

An admission or judicial determination of fraud, inequitable conduct, or violation of the duty of disclosure is a special circumstance, because no investigation need be made. Accordingly, after consulting with the Technology Center (TC) Special Program Examiner (SPRE), a rejection should be made using the appropriate one of form paragraphs 14.21.09 or 14.22 as reproduced below.

Any admission of fraud, inequitable conduct or violation of the duty of disclosure must be explicit, unequivocal, and not subject to other interpretation. Where a rejection is made based upon such an admission (see form paragraph 14.22 below) and applicant responds with any reasonable interpretation of the facts that would not lead to a conclusion of fraud,

inequitable conduct or violation of the duty of disclosure, the rejection should be withdrawn. Alternatively, if applicant argues that the admission noted by the examiner was not in fact an admission, the rejection should also be withdrawn.

Form paragraph 14.21.09 should be used where the examiner becomes aware of a judicial determination of fraud, inequitable conduct or violation of the duty of disclosure on the part of the applicant **independently of the record of the case**, i.e., the examiner has external knowledge of the judicial determination.

Form paragraph 14.22 should be used where, **in the application record**, there is (a) an explicit, unequivocal admission by applicant of fraud, inequitable conduct or violation of the duty of disclosure which is not subject to other interpretation, or (b) information as to a judicial determination of fraud, inequitable conduct or violation of the duty of disclosure on the part of the applicant. External information which the examiner believes to be an *admission* by applicant should never be used by the examiner, and such external information should never be made of record in the reissue application.

¶ *14.21.09 Rejection, 35 U.S.C. 251, No Error Without Deceptive Intention - External Knowledge*

Claims [1] rejected under 35 U.S.C. 251 since error "without any deceptive intention" has not been established. In view of the judicial determination in [2] of [3] on the part of applicant, a conclusion that any error was "without deceptive intention" cannot be supported. [4]

**Examiner Note:**
1. In bracket 1, list all claims in the reissue application.
2. In bracket 2, list the Court or administrative body which made the determination of fraud or inequitable conduct on the part of applicant.
3. In bracket 3, insert --fraud--, --inequitable conduct-- and/or --violation of duty of disclosure--.
4. In bracket 4, point out where in the opinion (or holding) of the Court or administrative body the determination of fraud, inequitable conduct or violation of duty of disclosure is set forth. Page number, column number, and paragraph information should be given as to the opinion (or holding) of the Court or administrative body. The examiner may add explanatory comments.

**\*\*>**

¶ *14.22 Rejection, 35 U.S.C. 251, No Error Without Deceptive Intention-Evidence in the Application*

Claims [1] rejected under 35 U.S.C. 251 since error "without any deceptive intention" has not been established. In view of the reply filed on [2], a conclusion that any error was "without deceptive intention" cannot be supported.

[3]

**Examiner Note:**
1. In bracket 1, list all claims in the reissue application.
2. In bracket 2, insert the filing date of the reply which provides an admission of fraud, inequitable conduct or violation of duty of disclosure, or that there was a judicial determination of same.
3. In bracket 3, insert a statement that there has been an admission or a judicial determination of fraud, inequitable conduct or violation of duty of disclosure which provide circumstances why applicant's statement in the oath or declaration of lack of deceptive intent should not be taken as dispositive. Any admission of fraud, inequitable conduct or violation of duty of disclosure must be explicit, unequivocal, and not subject to other interpretation.

<

See MPEP § 2012 for additional discussion as to fraud, inequitable conduct or violation of duty of disclosure in a reissue application.

## 1449    Protest Filed in Reissue Where Patent Is in Interference [R-2]

If a protest (see MPEP Chapter 1900) is filed in a reissue application related to a patent involved in a pending interference proceeding, the reissue application should be referred to the Office of Patent Legal Administration (OPLA) before considering the protest and acting on the reissue application.

The OPLA will check to see that:

(A) all parties to the interference are aware of the filing of the reissue; and

(B) the Office does not allow claims in the reissue which are unpatentable over the pending interference count(s), or found unpatentable in the interference proceeding. >After the reissue application has been reviewed by the OPLA, the reissue application with the protest will be returned to the examiner. See MPEP § 1441.01 for a discussion as to protests under 37 CFR 1.291(a) in reissue applications.<

## 1449.01   Concurrent Office Proceedings [R-2]

>

I.  CONCURRENT REEXAMINATION PROCEEDINGS:<

37 CFR 1.565(d) provides that if "a reissue application and an *ex parte* reexamination proceeding on which an order pursuant to 37 CFR 1.525 has been

## 2005  Comparison to Requirement for Information [R-2]

Under 37 CFR 1.56, each individual associated with the filing and prosecution of a patent application has a duty to disclose on his or her own initiative information material to patentability under 37 CFR 1.56. By contrast, under 37 CFR 1.105, an examiner or other Office employee is authorized to require, from parties identified in 37 CFR 1.56, information reasonably necessary to examine or treat a matter in an application. The provisions of 37 CFR 1.105 are detailed in MPEP § 704 *et seq.* The criteria for requiring information under 37 CFR 1.56, i.e., materiality to the patentability of claimed subject matter, is substantially higher than the criteria for requiring information under 37 CFR 1.105, i.e., reasonable necessity to the examination of the application. >See, e.g., *Star Fruits S.N.C. v. United States,* 280 F.Supp.2d 512, 515-61 (E.D. Va 2003)("Beyond that which a patent applicant is duty-bound to disclose pursuant to 37 CFR 1.56, an examiner may require the production of 'such information as may be reasonably necessary to properly examine or treat the matter.'").< Thus, information required by the examiner pursuant to 37 CFR 1.105 would not necessarily be considered material to patentability in itself, but would be necessary to obtain a complete record from which a determination of patentability will be made.

## 2010  Office Handling of Duty of Disclosure/Inequitable Conduct Issues [R-2]

Determination of inequitable conduct issues requires an evaluation of the intent of the party involved. While some court decisions have held that intent may be inferred in some circumstances, consideration of the good faith of the party, or lack thereof, is often required. In several court decisions, a high level of proof of intent to mislead the Office was required in order to prove inequitable conduct under 37 CFR 1.56. See *In re Harito,* 847 F.2d 801, 6 USPQ2d 1930 (Fed. Cir. 1988) and *FMC Corp. v. Manitowoc Co.,* 835 F.2d 1411, 5 USPQ2d 1112 (Fed. Cir. 1987). The Office is not the best forum in which to determine whether there was an "intent to mislead"; such intent is best determined when the trier of facts can observe demeanor of witnesses subjected to cross-examination. A court, with subpoena power, is presently the best forum to consider duty of disclosure issues under the present evidentiary standard for finding an "intent to mislead." The court proceeding involves two participating adverse parties. This is not the case in the Office, since even "protesting" parties are not permitted to participate under the rules. Also, it is the courts and not the Office that are in the best position to fashion an equitable remedy to fit the precise facts in those cases where inequitable conduct is established. Furthermore, inequitable conduct is not set by statute as a criteria for patentability but rather is a judicial application of the doctrine of unclean hands which is appropriate to be handled by the courts rather than by an administrative body. Because of the lack of tools in the Office to deal with this issue and because of its sensitive nature and potential impact on a patent, Office determinations generally will not deter subsequent litigation of the same issue in the courts on appeal or in separate litigation. Office determinations would significantly add to the expense and time involved in obtaining a patent with little or no benefit to the patent owner or any other parties with an interest.

Accordingly, the Office does not investigate and reject original or reissue applications under 37 CFR 1.56. Likewise, the Office will not comment upon duty of disclosure issues which are brought to the attention of the Office in original or reissue applications except to note in the application, in appropriate circumstances, that such issues are no longer considered by the Office during its examination of patent applications. Examination of lack of deceptive intent in reissue applications will continue but without any investigation of inequitable conduct issues. Applicant's statement of lack of deceptive intent normally will be accepted as dispositive except in special circumstances such as an admission or judicial determination of fraud or inequitable conduct. >See notice published in the *Official Gazette* at 1095 O.G. 16 (October 11, 1988).< See >also< MPEP § 2022.05.

>Issues of fraud and/or inequitable conduct in an interference proceeding before the Board of Patent Appeals and Interferences (Board) will be considered by the Board if they are raised by way of preliminary motion for judgment under 37 CFR 1.633(a). The motion must be filed during the period set for filing preliminary motions (37 CFR 1.636(a)), or good

cause (37 CFR 1.655(b)) must be shown as to why the issues of fraud and/or inequitable conduct were not timely raised during the preliminary motion period. Issues of fraud and/or inequitable conduct will not be considered in any interference in which the times for taking testimony or the times for filing briefs for final hearing have already been set, unless 'good cause' is shown under 37 CFR 1.655(b). An example of good cause would be where fraud or inequitable conduct is first discovered during taking of testimony. See notice published in the *Official Gazette* at 1133 O.G. 21 (December 10, 1991).<

## 2012   Reissue Applications Involving Issues of Fraud, Inequitable Conduct, and/or Violation of Duty of Disclosure [R-2]

Questions of "fraud," "inequitable conduct," or violation of "duty of disclosure" or "candor and good faith" can arise in reissue applications.

### REQUIREMENT FOR "ERROR WITHOUT ANY DECEPTIVE INTENTION"

Both 35 U.S.C. 251 and 37 CFR 1.175 promulgated pursuant thereto require that the error must have arisen "without any deceptive intention." *In re Heany*, 1911 C.D. 138, 180 (1911), unequivocally states:

> Where such a condition [fraudulent or deceptive intention] is shown to exist the right to reissue the patent is forfeited.

Similarly, the court in *In re Clark*, 522 F.2d 623, 627, 187 USPQ 209, 213 (CCPA 1975) indicated:

> Reissue is not available to rescue a patentee who had presented claims limited to avoid particular prior art and then had failed to disclose that prior art . . . after that failure to disclose has resulted in invalidating of the claims.

It is clear that "fraud" cannot be purged through the reissue process. See conclusions of Law 89 and 91 in *Intermountain Research and Eng'g Co. v. Hercules Inc.*, 171 USPQ 577, 631-32 (C.D. Cal. 1971).

Clearly, where several patents or applications stem from an original application which contained fraudulent claims ultimately allowed, the doctrine of unclean hands bars allowance or enforcement of any of the claims of any of the applications or patents. See *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 19 USPQ 228, 230 (1933); *East Chicago Machine Tool Corp. v. Stone Container Corp.*, 181 USPQ 744, 748 (N.D. Ill.), *modified*, 185 USPQ 210 (N.D. Ill. 1974). See also *Chromalloy American Corp. v. Alloy Surfaces Co.*, 339 F. Supp. 859, 173 USPQ 295 (D.Del. 1972) and *Strong v. General Electric Co.*, 305 F. Supp. 1084, 162 USPQ 141 (N.D. Ga. 1969), *aff'd*, 434 F.2d 1042, 168 USPQ 8 (5th Cir. 1970), *cert. denied*, 403 U.S. 906 (1971) where fraud or inequitable conduct affecting only certain claims or only one of related patents was held to affect the other claims or patent. Clearly, "fraud" practiced or attempted in an application which issues as a patent is "fraud" practiced or attempted in connection with any subsequent application to reissue that patent. The reissue application and the patent are inseparable as far as questions of "fraud," "inequitable conduct," or "violation of the duty of disclosure" are concerned. See *In re Heany, supra;* and *Norton v. Curtiss*, 433 F.2d 779, 792, 167 USPQ 532, 543 (CCPA 1970), wherein the court stated:

> We take this to indicate that any conduct which will prevent the enforcement of a patent after the patent issues should, if discovered earlier, prevent the issuance of the patent.

Clearly, if a reissue patent would not be enforceable after its issue because of "fraud," "inequitable conduct" or "violation of the duty of disclosure" during the prosecution of the patent sought to be reissued, the reissue patent application should not issue. *>Where no investigation is needed to establish< such circumstances, an appropriate remedy would be to reject the claims in the application in accordance with 35 U.S.C. 251. See MPEP § 1448.

The examiner is **not to make any investigation** as to the lack of deceptive intent requirement in reissue applications. Applicant's statement (in the oath or declaration) of lack of deceptive intent will be accepted as dispositive except in special circumstances such as **an admission or judicial determination** of fraud, inequitable conduct or violation of the duty of disclosure, where no investigation need be made and the fact of the admission or judicial determination exists *per se*. Also, any admission of fraud, inequitable conduct or violation of the duty of disclosure must be explicit, unequivocal, and not subject to other interpretation. Where a rejection is made based upon such an admission (see MPEP § 1448) and applicant