UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.<br><br>Defendant | Civil Action No. 04-10339-RWZ |

**AS&E'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STAY LITIGATION PENDING CONCLUSION OF REISSUE PROCEEDINGS IN THE PATENT AND TRADEMARK OFFICE**

L-3 has made the '929 reissue proceedings in the PTO a second front in its attack on AS&E's "MobileSearch" family of patents for mobile x-ray inspection systems. L-3 has expressly linked the reissue proceedings with the inequitable conduct and on-sale bar disputes at the heart of the litigation and has demanded that AS&E submit to the PTO the summary judgment briefs on those issues. Thus, these proceedings should be stayed while the PTO considers the issues raised by L-3.

The interrelatedness of the two proceedings can be seen in the intensity of L-3's efforts to influence the reissue process. In correspondence with AS&E, L-3 has pressed its position that the '929 reissue examination is part-and-parcel with the proceedings before this Court. L-3 has gone so far as to threaten AS&E with additional claims of inequitable conduct if AS&E failed to comply with L-3's demands to address the issue in the PTO. AS&E thus faced a Hobson's

choice: raise the issue in the PTO, at great expense, or risk an increase in this litigation. AS&E should not be forced to carry the costs of fighting on both fronts.

L-3 cannot seriously contend, as it does in its opposition brief, that the reissue proceedings have no bearing on this litigation. L-3 itself has linked the two proceedings. To wit:

- In an e-mail dated March 18, 2005, L-3's litigation counsel, Mr. Abrahamsen, stated that, "Given the relationship of the requested files [from the '929 reissue proceedings] to the patents-in-suit, . . . Inequitable conduct committed in connection with the '929 patent could thus directly affect the enforceability of at least one of the two patents-in-suit." **Exh. A** to AS&E's Memorandum of Law in Support of Its Motion to Say ("AS&E's Memorandum").

- In a letter dated March 21, 2005, L-3's counsel insisted that AS&E withdraw the patent application from issue and submit to the PTO the summary judgment briefs that L-3 had filed on the inequitable conduct and on-sale bar issues. L-3 then threatened that if AS&E did not comply, "this letter, and its contents, will be cited against your client as evidence of inequitable conduct." **Exh. B** to AS&E's Memorandum.[1]

Indeed, even after AS&E moved to stay the litigation, L-3 continued to insist that AS&E submit additional information to the PTO. Again, L-3 threatened that "If you fail to do so, however, this letter, and its contents, will be cited against your client as evidence of inequitable conduct." **Exh. E**, Letter of April 6, 2005, from Robert M. Abrahamsen, Esq., to Samuel J. Petuchowski, Esq.

That L-3 has insisted that AS&E submit the summary judgment briefs to the PTO -- briefs concerning the two patents-in-suit -- shows all the more the connection between the two

---

[1] Of note, when L-3 made its demand, the reissue application for the '929 patent was approved and was about to issue, thus ending the reissue proceedings. See File history of the '929 reissue application, **Exh. D** to AS&E's Memorandum. Thus, it was particularly costly and difficult for AS&E to "stop the presses," as it were, to withdraw the reissue application from issue and have it reexamined.

proceedings and all the more that L-3 wants AS&E to fight a two-front war. L-3's strategy all along has been to force AS&E to spend money and to increase this litigation needlessly. Indeed, L-3 itself initiated this declaratory judgment litigation, even though it had just settled litigation with AS&E over other MobileSearch-related patents and even though AS&E had not threatened another suit. L-3's tactics point to an improper motive to get the much smaller AS&E to spend money fighting its larger competitor. Opening a new front in the war certainly forces AS&E to do just that.

Finally, L-3 understates its ability to participate directly in the '929 reissue proceedings. PTO procedures allow L-3 to submit arguments and evidence directly to the PTO explaining its contentions that AS&E's family of patents for mobile x-ray inspection devices are invalid due to alleged inequitable conduct and the on-sale bar. MPEP § 1441.02. Further, L-3 overstates the delay associated with the grant of a stay during reexamination. In fact, if the Court grants a stay, the '929 reissue application will be fast tracked for examination. The PTO addresses reissue applications involved in stayed litigation in advance of other reissue applications. MPEP § 1441.03. Thus, the benefits of granting a stay clearly outweigh any inconvenience L-3 may claim to suffer.

## CONCLUSION

AS&E seeks a stay until the conclusion of the reissue proceedings so that the Court and the parties may benefit from the PTO's expert assessment of L-3's inequitable conduct and on-sale bar claims. Further, a stay will prevent inconsistent rulings and spare AS&E the burden and cost of litigating L-3's claims on two fronts. AS&E respectfully requests that this Court stay these proceedings.

3

## RULE 7.1 CERTIFICATE

The undersigned certifies that counsel for the parties conferred in a good faith attempt to resolve and narrow the issues but were unable to do so.

Dated: April 27, 2005

AMERICAN SCIENCE AND
ENGINEERING, INC.

*By its attorneys*,

/s/ John F. Ward
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004
jward@bromsun.com

01945/00511 381054.1