IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SCIENCE & ENGINEERING, INC., <br><br> Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

### L-3'S RESPONSE TO AS&E'S MOTION FOR LEAVE TO FILE POST-HEARING SUPPLEMENTAL SUBMISSION

AS&E moved for leave to make a supplemental submission of certain deposition testimony it claimed provided "independent corroboration" of the arguments it has already made. L-3 does not oppose AS&E's motion. L-3 is filing this response, however, for the limited purpose of pointing out the submission's complete lack of relevance to the issues before the Court.

Just as it did in its earlier papers, AS&E ignored in its proposed supplemental submission the core proposition on which L-3 based its motion papers: **The disclosure of AS&E's patents was copied, almost *verbatim*, from the pre-critical date Army Contract**. The argument is simple. If the disclosure in the patents was enabling (as AS&E has asserted it was), then so was the nearly-identical disclosure in the contract.

Rather than dealing with that issue head on, however, AS&E has again tried to obfuscate the Catch-22 it is in by presenting evidence concerning the progress it had made in actually building the Mobile CargoSearch system required by the contract.

What AS&E fails to appreciate is that what happened during the performance of the contract is irrelevant to the issue before the Court.

As the parties agreed at the June 15th hearing, the only issue presented by both of the motions before the Court is whether the invention was "ready for patenting" prior to the critical date. The Supreme Court has told us that one of the ways an invention can be shown to have been ready for patenting is "by proof that prior to the critical date the inventor had prepared drawings or other description of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 67-68 (1998). Here, AS&E has made the untenable argument that the disclosure provided in its patents would have enabled one of ordinary skill in the art to practice the invention, but that the nearly-identical[1] disclosure provided in the pre-critical date Army Contract would not.

## CONCLUSION

Accordingly, regardless of whether AS&E was still in the process of building the system required by the Army Contract, the claimed invention was indisputably "ready for patenting" prior to the critical date of AS&E's patents. L-3's motion for partial summary judgment (D.I. 61) should thus be GRANTED, and AS&E's motion for partial summary judgment (D.I. 31) should be DENIED.

---

[1] The corresponding portions of the Army Contract and the patent specification are set forth in the chart attached as Ex. A to L-3's Reply Memorandum In Support of Its Motion for Partial Summary Judgment that Certain Claims of U.S. Patent No. 5,903,623 Are Invalid Under 35 U.S.C. §102(b). (D.I. 69). It should be appreciated, however, that in many respects the Army Contract actually contains a substantially more detailed disclosure than the patent specification.

912487.1

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE

Dated: July 5, 2005

/s/ James J. Foster
James J, Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
John L. Strand, BBO #654985
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
jfoster@wolfgreenfield.com

**912487.1**