IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ |

**MEMORANDUM IN SUPPORT OF L-3'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS BY BROMBERG & SUNSTEIN LLC**

Plaintiff, L-3 Communications Security and Detection Systems Corporation Delaware ("L-3"), moves to compel the production of certain documents by non-party law firm Bromberg & Sunstein LLC ("B&S").

**BACKGROUND**

L-3 brought this action against defendant, American Science & Engineering, Inc. ("AS&E") in February 2004 to declare, among other things, that U.S. Patent Nos. 5,903,623 and 6,292,533 are invalid because AS&E had sold the subject matter of those patents to the United States Army more than one year before it filed its first patent application, and also to declare them unenforceable because AS&E and its attorneys (including B&S attorneys) intentionally withheld information relating to that sale from the United States Patent & Trademark Office ("PTO") during the prosecution of AS&E's patent applications.

On March 22-23, 2005, L-3 took the depositions of two attorneys AS&E had retained to prepare and prosecute its patent applications.  The subpoenas compelling those depositions had required the deponents to bring with them to their depositions the original files for the various patents they had prosecuted.  (Exs. A and B).  L-3 explained that the purpose of that request was not to permit it to inspect and copy the files, but to allow the deponents to use the correspondence in the files (which had been withheld on grounds of privilege) to refresh their recollections, as necessary, concerning the various actions that were taken and decisions that were made during the course of prosecuting the pertinent patent applications.  (Ex. C).  Since many of the events at issue took place as long as ten years in the past, L-3 was concerned that the memories of the witnesses would be incomplete.

B&S refused to comply with the subpoena and did not bring the requested files to the depositions.[1]  (D.I. 81,  Ex. 12 at 15-16; D.I. 81, Ex. 13 at 88).  It did, however, produce copies of certain documents from those files, and provided L-3 with a privilege log (Ex. D) identifying 174 documents it was withholding on grounds of privilege or work product.

A detailed summary of the evidence adduced at the depositions, and its significance to L-3's inequitable conduct defense, was provided in the Supplemental Submission of L-3 in Opposition to AS&E's Motion for Partial Summary Judgment  (D.I. 80), and thus will not be repeated here.  Although the attorneys' testimony strongly supported a finding that inequitable conduct had occurred, as L-3 had anticipated, the witness's memories were deficient in several respects.  Of particular relevance to this

---

[1] Bruce Sunstein testified that he did not review any of the patent prosecution files maintained by B&S to prepare for his deposition.  (D.I. 81, Ex. 12 at 37).

2

motion, neither witness could recall the nature or extent of Mr. Sunstein's involvement in the preparation or prosecution of any of AS&E's non-provisional patent applications. (D.I. 81, Ex. 12 at 23-33, 52-53; D.I. 81, Ex. 13 at 7-11). In addition, the witnesses could not recall whether they were aware that the Army Contract had been entered into prior to the critical date (D.I. 81, Ex. 12 at 57; D.I. 81, Ex. 13 at 16-17, 46), whether they had any conversations with each other concerning the consideration of on-sale bar issues (D.I. 81, Ex. 12 at 93; D.I. 81, Ex. 13 at 13-14, 22, 50-51, 58-59), whether they had conducted any legal research when studying whether patent protection could be sought in view of AS&E's prior commercialization of the invention (D.I. 81, Ex. 12 at 57-58), or whether and to what extent they had reconsidered the on-sale bar issue in the wake of <u>Pfaff v. Wells Electronics, Inc.</u>, 525 U.S. 55 (1998) (D.I. 81, Ex. 12 at 67-69; D.I. 81, Ex. 13 at 52-55). In short, the witnesses suffered from a significant lack of memory concerning *what* they did during the prosecution of AS&E's patent applications, *when* they performed such work, and *how much time* they spent doing it.

In an effort to fill in at least some of the gaps, L-3 served a subpoena (attached as Ex. E) on B&S requesting, among other things, "records reflecting time spent or work done on" relevant patent prosecution matters it had handled for AS&E. B&S refused to produce the subpoenaed documents, however, claiming that <u>all</u> of them were immune from discovery on grounds of attorney-client privilege or work product. (Ex. F). Although requested (Ex. G), B&S has not provided L-3 with a privilege log in connection with the March 28 subpoena.

In early June, L-3 informed B&S that it intended to challenge a number of items listed on its privilege log and asked B&S to reconsider those designations. In response,

3

B&S agreed to produce a handful of documents it had listed on its log, and indicated that it was confident the remaining designations would withstand challenge. It promised to produce a revised log that would more accurately reflect its entitlement to claim privilege. After dragging its feet for an entire month (see Ex. H), B&S finally served a revised privilege log (copy attached as Ex. I) which contained some additional information with respect to the nature of certain withheld documents.

Upon receiving and reviewing the revised log, L-3 again contacted B&S stating its continued intention to challenge a number of the designations. (See Ex. J). B&S indicated it intended to again reconsider the identified designations, stating that it would likely produce additional documents rather than taking the issue up with the Court. (Id.). In spite of repeated inquiries, B&S refused to commit either to producing additional documents or to producing another revised log. (See Ex. K).

Having been stonewalled, L-3 finally requested a Rule 37.1 conference on the privilege log issue on July 18, 2005. (Id.). B&S has neither responded to that request[2] nor produced any additional documents or another revised privilege log.

By this motion, L-3 seeks the production of the documents requested in item numbers 8-14 of the March 28, 2005 subpoena (Ex. E), as well as document numbers 10, 29, 52, 53, 58, 59, 66, 72, 76-78, 80, 92, 138 and 139 identified in B&S's logs (Exs. D & I), because B&S has made an insufficient showing that such documents are immune from discovery. In the alternative, L-3 requests the Court perform an *in camera*

---

[2] Local Rule 37.1 provides that "Failure of opposing counsel to respond to a request for a discovery conference within seven (7) days of the request shall be grounds for sanctions, which may include automatic allowance of the motion."

inspection of such documents to determine whether B&S's assertion of privilege or work product immunity was proper.

## ARGUMENT

The attorney-client privilege attaches only to confidential communications between attorney and client that were made for the purpose of obtaining legal advice. E.g., U.S. v. Massachusetts Institute of Technology, 129 F.3d 681, 684 (1st Cir. 1997). Documents that merely reveal "the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Clarke v. American Commerce National Bank, 974 F.2d 127,129 (9th Cir. 1992); In re Grand Jury Subpoenas Dated December 18, 1981 and January 4, 1982, 561 F.Supp 1247, 1261 (E.D.N.Y. 1982) (documents that "concern the general nature of services performed by outside counsel … as well as the fee charged for those services … have been consistently held to lie outside the protection of the attorney-client privilege"). Only when such documents "also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law," do they fall within the privilege. Clarke, 974 F.2d at 129.

It was B&S's burden to establish that each of the documents in question falls within the privilege. Id. It has thus far made no such showing with respect to document numbers 10, 29, 52, 53, 58, 59, 66, 72, 76-78, 80, 92, 138 and 139 identified in its logs

888993.1

(Exs. D & I), and has not even attempted to make such a showing with respect to the documents responsive to items 8-14 of the March 28 subpoena. (Ex. E).

In addition, because items 8-14 of the subpoena (Ex. E) were limited to "records reflecting time spent or work done on" patent prosecution matters, it is doubtful that work product doctrine would immunize <u>any</u> of them from production. <u>Status Time Corp. v. Sharp Electronics Corp</u>., 95 F.R.D. 27, 29 (S.D.N.Y. 1982) (finding that documents generated in connection with preparation and prosecution of patent application were not protected from disclosure by the work-product doctrine).

Accordingly, L-3 requests an order compelling B&S to produce the documents specified in item numbers 8-14 of the March 28 subpoena (Ex. E), as well as document numbers 10, 29, 52, 53, 58, 59, 66, 72, 76-78, 80, 92, 138 and 139 identified in the logs (Exs. D & I), because B&S has made an insufficient showing that such documents are immune from discovery. In the alternative, L-3 requests that the Court perform an *in camera* inspection of such documents to determine whether B&S's assertion of privilege or work product immunity was proper.

888993.1

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE |
| Dated: August 3, 2005 | /s/ James J. Foster<br>James J, Foster, BBO #553285<br>Michael A. Albert, BBO #558566<br>Robert M. Abrahamsen, BBO #636635<br>John L. Strand, BBO #654985<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue<br>Boston, Massachusetts 02210<br>Tel.: 617.646.8000<br>Fax: 617.646.8646<br>jfoster@wolfgreenfield.com |

### Local Rule 37.1 Statement

L-3's counsel, Robert Abrahamsen, and B&S's counsel, John Ward, conferred on a number of occasions, including various letters, e-mails, telephone conversations, and in-person discussions during June-July, 2005, to discuss the issues presented in this motion, but have been unable to reach an agreement concerning whether certain documents at issue are immune from discovery.

888993.1