EXHIBIT E

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

L-3 COMMUNICATIONS SECURITY AND
DETECTION SYSTEMS CORPORATION
DELAWARE

        Plaintiff,

v.

AMERICAN SCIENCE & ENGINEERING,
INC.

        Defendant.

**SUBPOENA IN A CIVIL CASE**

U.S. Dist. Ct. D. Mass.
Case No: 04-10339-RWZ

TO:    **Bromberg and Sunstein LLP, 125 Summer Street, Boston, MA 02110**

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to bring the following documents or objects to the deposition at the place, the date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below. **See the documents described in the attached Schedule A.**

| PREMISES | DATE AND TIME |
|---|---|
| Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, MA 02210 | April 11, 2005, 10:00 am |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for L-3 Communications Security and Detection Systems Corporation Delaware | DATE<br>March 28, 2005 |
|---|---|

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
Robert M. Abrahamsen
olf, Greenfield & Sacks, P.C.
0 Atlantic Avenue
Boston, MA 02210-2206
617-646-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

78724

I hereby certify and return that today, March 29, 2005, at 12:45 PM, I summoned the within named witness Bromberg and Sunstein LLP to appear and give testimony (*or produce*) as within directed, by delivering in hand to Pamela Signorelli, Agent in Charge, a true and attested copy of the within United States District Court Subpoena. Said service was effected at: Bromberg and Sunstein LLP, 125 Summer St. 11th floor, Boston, MA 02110.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing information is true and correct. Executed on March 29, 2005.

**Francis Davis,** Constable, City of Boston
& Disinterested Person over Age 18.

Service:$55.00


**Butler and Witten**
Boston, MA
(617) 325-6455 ,

## Schedule A

1.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 60/011,495, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

2.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 08/799,533, now U.S. Patent No. 5,764,683, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

3.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 90/005,268, now Reexamination certificate 4211, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

4.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/072,212, now U.S. Patent No. 5,903,623, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

5.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/305,417, now U.S. Patent No. 6,252,929, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

6.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 10/229,993, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

7.   All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/855,961, now U.S. Patent No. 6,292,533, including, without limitation, e-mails or documents stored in any electronic document management system or other storage medium.

8.   All records reflecting time spent or work done on matter number 1945/151.

9.   All records reflecting time spent or work done on matter number 1945/157.

10.   All records reflecting time spent or work done on matter number 1945/507.

11.   All records reflecting time spent or work done on matter number 1945/184.

12.   All records reflecting time spent or work done on matter number 1945/193.

13.    All records reflecting time spent or work done on matter number 1945/A27.

14.    All records reflecting time spent or work done on matter number 1945/A21.

EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-10339-RWZ |
| v. | ) ) | |
| AMERICAN SCIENCE & ENGINEERING, INC. | ) ) ) | |
| Defendant | ) ) | |

## OBJECTIONS TO PLAINTIFF'S SUBPOENA OF
## NON-PARTY BROMBERG & SUNSTEIN LLP

Defendant American Science & Engineering, Inc. ("AS&E") and Non-Party Bromberg & Sunstein LLP ("B&S") objects to the subpoena dated March 28, 2005, and attached document requests (the "Subpoena") served on B&S, a non-party to this lawsuit, by plaintiff, L-3 Communications Security and Detection Systems Corporation ("L-3"). Subject to the objections below, B&S will produce non-privileged, responsive documents in its possession, custody or control which have not been previously produced in response to a prior subpoena or request for production of documents.

However, no statement that documents will be produced shall be construed as a representation that any such documents exist or that such documents are in the possession, custody or control of B&S. Further, no statements that documents will be produced shall be construed as a waiver of the attorney/client privilege or work product doctrine. Any documents to be produced will be produced at a mutually agreeably time, at the offices of Bromberg & Sunstein LLP.

### GENERAL OBJECTIONS

1.     AS&E and B&S object to the subpoena and attached discovery requests to the extent that they seek to impose discovery obligations beyond the scope of the applicable provisions of the Federal Rules of Civil Procedure.

2.     AS&E and B&S object to the subpoena and attached discovery requests to the extent that they seek confidential communications, accounting data, and other information

protected from discovery by the attorney-client privilege, the work product doctrine, Fed. R. Civ. P. 26(b), and any other applicable privilege or immunity.

3.     AS&E and B&S object to the discovery requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, meant only to harass B&S, irrelevant to the subject matter of this action, outside the scope of permissible discovery, and/or unlikely to lead to the discovery of admissible evidence.

4.     AS&E and B&S object to the subpoena and attached discovery requests to the extent that they attempt to require B&S to (1) conduct anything other than a reasonable inquiry into the information sought or (2) disclose information not within B&S's possession, custody, or control.

5.     AS&E and B&S object to the subpoena and discovery requests to the extent that they seek documents previously produced in the course of this litigation, including documents produced in response to the subpoenas previously served by L-3 upon B&S and/or its individual partners.

6.     Further, B&S notes that thus far in the course of this litigation, B&S has produced more than 1200 documents in response to subpoenas served by L-3 upon B&S and/or its individual partners.  AS&E and B&S object to this latest subpoena and discovery requests because it is duplicative, harassing, and an abuse of the discovery process.

7.     The preceding objections apply to all of the requests listed in Schedule A of the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 60/011,495, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 1:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense.  B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence.  B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine.  Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3.  Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

2

REQUEST NO. 2:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 08/799,533, now U.S. Patent No. 5,764,683, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 2:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 3:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 90/005,268, now Reexamination certificate 4211, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 3:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 4:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/072,212, now U.S. Patent No. 5,903,623, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 4:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S

further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 5:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/305,417, now U.S. Patent No. 6,252,9293, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 5:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 6:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 10/229,993, now U.S. Patent No. including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 6:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 7:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/855,961, now U.S. Patent No. 6,292,533, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 7:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 8:

All records reflecting time spent or work done on matter number 1945/151.

RESPONSE TO REQUEST NO. 8:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 9:

All records reflecting time spent or work done on matter number 1945/157.

RESPONSE TO REQUEST NO. 9:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 10:

All records reflecting time spent or work done on matter number 1945/507.

RESPONSE TO REQUEST NO. 10:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under

the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 11:

All records reflecting time spent or work done on matter number 1945/184.

RESPONSE TO REQUEST NO. 11:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 12:

All records reflecting time spent or work done on matter number 1945/193.

RESPONSE TO REQUEST NO. 12:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 13:

All records reflecting time spent or work done on matter number 1945/A27.

RESPONSE TO REQUEST NO. 13:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 14:

All records reflecting time spent or work done on matter number 1945/A21.

RESPONSE TO REQUEST NO. 14:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense.  B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence.   We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

Dated: April 8, 2005

AMERICAN SCIENCE AND
ENGINEERING, INC.

*By its attorneys,*

Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 64668
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004

### CERTIFICATE OF SERVICE

I certify that a copy of the above document was served upon counsel for the plaintiff by facsimile and first class mail on the above date.

John F. Ward

01945/00511  376716.1

7

EXHIBIT G



**Wolf Greenfield**
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Robert M. Abrahamsen**
rabrahamenr@wolfgreenfield.com
direct dial 617.646.8256

April 13, 2005

*VIA FACSIMILE*

John F. Ward, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02210

> Re:    L-3 Communications v. American Science & Engineering, Inc.
>          Civil Action No. 04-10339-RWZ (D. Mass.)
>          Our File No. L0632.60003US00

Dear John:

We received the "Objections to Plaintiff's Subpoena of Non-Party Bromberg & Sunstein LLP," which you served on April 8, 2005.

In response to items 1-7, you indicated that responsive documents would be produced and would be made available for inspection at your offices "at a mutually agreeable time." We would like to inspect those documents as soon as possible, preferably this week, so please let us know the earliest possible date on which they can be made available for our inspection and copying. At the same time, we would also like to inspect all of the "E-size" drawings that were included in AS&E's production. Accordingly, please make arrangements for those documents to be available for our inspection and copying as well.

In response to items 8-14, you refused to produce any documents on grounds of "attorney-client privilege and/or work product doctrine." As the requests were limited to "records reflecting time spent or work done on" patent prosecution matters, however, it is doubtful that work product doctrine would immunize any of them from production. Status Time Corp. v. Sharp Electronics Corp., 95 F.R.D. 27, 29 (S.D.N.Y. 1982).

In addition, "[i]n the absence of unusual circumstances, the amount of an attorney's fee and the conditions of his employment do not come within the attorney-client privilege." Bailey v. Meister Brau, Inc., 55 F.R.D. 211, 214 (N.D.Ill. 1972). See also Saxholm AS v. Dynal, Inc., 164 F.R.D. 331, 339 (E.D.N.Y. 1996) ("The general rule is that information concerning a client's identify and fees are not protected by the attorney-client privilege."). That privilege, after all, would attach only to confidential communications between attorney and client that were made for the purpose of obtaining legal advice. E.g., U.S. v. Massachusetts Institute of Technology,


Wolf Greenfield
SPECIALISTS IN INTELLECTUAL PROPERTY LAW

John F. Ward, Esq.
April 13, 2005
Page 2


129 F.3d 681, 684 (1st Cir. 1997). It therefore seems doubtful that attorney-client privilege would attach to any of the requested materials either.

L-3 thus requests that Bromberg & Sunstein LLC reconsider its refusal to produce the documents specified in categories 8-14 of the subpoena. For any materials for which Bromberg & Sunstein LLC continues to withhold, L-3 will require a log identifying the purported bases for withholding the documents or portions thereof, and will likely ask the Court to conduct an *in camera* inspection of any such materials to ascertain whether the asserted bases for withholding them are legitimate.

Please let me know Bromberg & Sunstein LLC's position on this matter by the end of the week.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Robert M. Abrahamsen

RMA

EXHIBIT H

## Abrahamsen, Robert

**From:**   Abrahamsen, Robert
**Sent:**   Friday, July 01, 2005 10:49 AM
**To:**   'John F. Ward'
**Subject:** RE: Revised Privilege Log

John - If you sent it by mail, can you please also fax or e-mail us a copy?  Thanks, Bob

---

**From:** John F. Ward [mailto:JWard@bromsun.com]
**Sent:** Thursday, June 30, 2005 6:15 PM
**To:** Abrahamsen, Robert
**Subject:** RE: Revised Privilege Log

I served a second supplemental privilege log today.  John

> -----Original Message-----
> **From:** Abrahamsen, Robert [mailto:Robert.Abrahamsen@WolfGreenfield.com]
> **Sent:** Thursday, June 30, 2005 5:14 PM
> **To:** John F. Ward
> **Cc:** Foster, James
> **Subject:** RE: Revised Privilege Log
>
> John - On June 8 (following Dr. Hynes' deposition), you promised to get me a revised log in a couple of
> days.  On June 15th (the day of the summary judgment hearing), you promised to get it to me by the end of
> that week.  On June 21, you again said you would have it to me in a day or two.  At this point, your promise
> to deliver a revised log (at some unspecified date in the future) rings hollow.  You have thus left us with no
> choice but to file an appropriate motion to challenge your privilege claim.  Bob
>
> > **From:** John F. Ward [mailto:JWard@bromsun.com]
> > **Sent:** Thursday, June 30, 2005 4:32 PM
> > **To:** Abrahamsen, Robert
> > **Subject:** RE: Revised Privilege Log
> >
> > Bob,
> >
> > You can assume what you like.  But I said I will serve a second supplemental privilege log, and I will.
> >
> > John
> >
> > > -----Original Message-----
> > > **From:** Abrahamsen, Robert [mailto:Robert.Abrahamsen@WolfGreenfield.com]
> > > **Sent:** Thursday, June 30, 2005 11:31 AM
> > > **To:** John F. Ward
> > > **Cc:** Foster, James; Erik Belt
> > > **Subject:** RE: Revised Privilege Log
> > >
> > > John -  If we do not receive a revised privilege log from you by the close of business today, we will
> > > assume you have changed your mind about providing us with one.  Bob
> > >
> > > > **From:** John F. Ward [mailto:JWard@bromsun.com]
> > > > **Sent:** Tuesday, June 21, 2005 11:07 AM

**To:** Abrahamsen, Robert
**Subject:** RE: Revised Privilege Log

Bob, I will have it for you in a day or two.  Thanks, John

-----Original Message-----
**From:** Abrahamsen, Robert [mailto:Robert.Abrahamsen@WolfGreenfield.com]
**Sent:** Monday, June 20, 2005 3:32 PM
**To:** John F. Ward
**Subject:** Revised Privilege Log

John - You promised us a revised privilege log for the B&S production by the end of last week.  Please let us know when we can expect to receive it.  Thanks, Bob


**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.646.8000 | 617.720.2441 fax
*This e-mail message and any attachments may contain confidential or privileged information.*
*If you are not the intended recipient, please notify me immediately by replying to this*
*message. Please destroy all copies of this message and any attachments. Thank you.*

This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone at 617-443-9292.

7/28/2005