

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE<br><br>    Plaintiff and Counter-defendant<br><br>    v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.<br><br>    Defendant and Counterclaimant | Civil Action No. 04-10339-RWZ |

## DECLARATION OF JOHN F. WARD

I, John F. Ward, declare as follows:

1.   I am an associate at Bromberg & Sunstein LLP, counsel of record for American Science & Engineering, Inc. ("AS&E") in this matter.

2.   Bromberg & Sunstein has produced more than 2,200 pages of documents in response to the three subpoenas L-3 has served on Bromberg & Sunstein and its individual partners in the course of this litigation.

3.   Specifically, in response to subpoenas L-3 served on Attorneys Sunstein and Petuchowski, Bromberg & Sunstein LLP produced 738 documents on March 16, 2005. The following day, Bromberg & Sunstein produced an additional 527 documents. That document production was followed by the production of an additional 971 documents on March 22, 2005.

4.   During March 2005, in conjunction with its document productions, Bromberg & Sunstein provided L-3 with logs accounting for documents withheld from production due to attorney client privilege and/or the work product doctrine. Such a log was provided to L-3 on

March 16, 2005, in conjunction with Bromberg & Sunstein's first document production. Bromberg & Sunstein supplemented that privilege log on March 22, 2005 to account for the privileged documents withheld from the documents produced on March 17 and 22, 2005.

5. Several months later, in a letter dated May 31, 2005, L-3 requested that Bromberg & Sunstein produce 24 documents listed on its Supplemental Privilege Log of March 22, 2005. **Exh. A.** In response to L-3's letter, AS&E did two things. First, on June 8, 2005, AS&E produced 12 of the 24 documents sought by L-3, the documents described in entries 69-71, 73-75, 129-132 and 136-137 on Bromberg & Sunstein's Supplemental Privilege Log. These documents reflected the content of various teleconferences concerning the '683 patent which were, upon reconsideration, determined not to contain attorney/client communications or material immune from disclosure under the work product doctrine.

6. Second, on June 30, 2005, AS&E issued a Second Supplemental Privilege log. **Exh. B.** In that privilege log AS&E removed the entries associated with the documents produced on June 8, 2005, and revised numerous document descriptions in an attempt to discourage L-3's persistent insistence for the production of Bromberg & Sunstein's privileged documents. Significantly, in its motion to compel, L-3 dropped its request for the production of five of the privileged documents which L-3 had demanded in its May 31st letter. Specifically, L-3 dropped its request for the production of various attorney generated notes and internal memos relating to attorney/client privilege. *See* Second Supplemental Privilege Log entries 67, 83, 95, 169 and 171. *Id.* Thus, through its June 8, 2005, document production, and supplemental privilege log, AS&E has satisfied most of the requests in L-3's letter of May 31st.

7. The remaining six privilege log documents sought in L-3's letter of May 31, 2005, and an additional nine documents never before raised by L-3, are the subject of its motion to compel.

8. Before July 18, 2005, I informed L-3's counsel, Mr. Abrahamsen, that AS&E would not produce documents concerning attorney time charges, as sought in L-3's subpoena of March 28, 2005. Indeed, I communicated this position on several occasions. For example, in the Objections to Plaintiff's Subpoena of Non-Party Bromberg & Sunstein, dated April 8, 2005, Bromberg & Sunstein told L-3 that Bromberg & Sunstein would "produce no documents' in response to L-3's request for attorney time charges and billing records because such documents were non-discoverable under the attorney/client privilege and/or work product doctrine. **Exh. C.**

9. In a letter dated April 13, 2005, L-3 asked Bromberg & Sunstein to reconsider its position concerning the billing records. **Exh. D.** In response, on April 15, 2005, Bromberg & Sunstein provided L-3 with ample citations to cases which support the propriety of AS&E's position that attorneys' billing records are non-discoverable in this matter. **Exh. E.** To me, that L-3 has waited until now to file a motion to compel such records -- a motion it threatened to file in May 2005 -- shows that L-3 does not really need or want these additional documents but is moving now either to harass AS&E or because it believes it did not fare well in its attempt to argue summary judgment on the on-sale bar and inequitable conduct issues.

10. I was unaware of Attorney Abrahamsen's most recent request for a Rule 37.1 conference until I read Exhibit K to L-3's Motion to Compel, dated August 3, 2005. Only then did I discover that his e-mail requesting a Rule 37.1 conference was unopened in my e-mail account. My failure to open that e-mail prior to that time was not intentional but rather was an oversight, due in part to my absence from the office when that e-mail arrived. Earlier in the day

on July 18, 2005, I read and replied to an email from Attorney Abrahamsen via my Blackberry while away from my office. Although I saw an email from Attorney Abrahamsen in my in-box when I returned to the office, I assumed it to be the e-mail I responded to earlier in the day while away from the office. When I read the email attached to L-3's motion to compel, I realized that Attorney Abrahamsen emailed me twice on July 18, 2005, and that I had opened and replied to the first email, but not the second email. Both emails have the word "Interrogatories" on the subject line, a fact which contributed to my assumption that I had received only one email from Attorney Abrahamsen that day.

11.  I have communicated with Attorney Abrahamsen on numerous discovery related matters throughout the course of this litigation – including requests for Rule 37.1 conferences. Those communications have been extensive because, while pressing its improper claims for the production of privileged documents during the last 4 months, L-3 has simultaneously noticed and taken depositions and served supplemental interrogatories on AS&E. In connection with these various discovery matters, I have worked closely with counsel for L-3. For example, on June 17, 2005, I traveled to Washington D.C. with Attorney Abrahamsen when he took the deposition of Mr. Roy Lindquist. On July 20, 2005, two days after he sent his Rule 37.1 request, I sent Attorney Abrahamsen AS&E's Response to L-3's Second Set of Interrogatories. Thus, even though I communicated with Attorney Abrahamsen on discovery related matters after he sent his email of July 18, 2005, he <u>never</u> raised L-3's Rule 37.1 request with me prior to filing the motion to compel.

4

Signed under the pains and penalties of perjury this 17th day of August, 2005.

/s/ John F. Ward
John F. Ward

01945/00511 424518.1