

EXHIBIT 2-C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.<br><br>Defendant | Civil Action No. 04-10339-RWZ |

## OBJECTIONS TO PLAINTIFF'S SUBPOENA OF NON-PARTY BROMBERG & SUNSTEIN LLP

Defendant American Science & Engineering, Inc. ("AS&E") and Non-Party Bromberg & Sunstein LLP ("B&S") objects to the subpoena dated March 28, 2005, and attached document requests (the "Subpoena") served on B&S, a non-party to this lawsuit, by plaintiff, L-3 Communications Security and Detection Systems Corporation ("L-3"). Subject to the objections below, B&S will produce non-privileged, responsive documents in its possession, custody or control which have not been previously produced in response to a prior subpoena or request for production of documents.

However, no statement that documents will be produced shall be construed as a representation that any such documents exist or that such documents are in the possession, custody or control of B&S. Further, no statements that documents will be produced shall be construed as a waiver of the attorney/client privilege or work product doctrine. Any documents to be produced will be produced at a mutually agreeably time, at the offices of Bromberg & Sunstein LLP.

### GENERAL OBJECTIONS

1. AS&E and B&S object to the subpoena and attached discovery requests to the extent that they seek to impose discovery obligations beyond the scope of the applicable provisions of the Federal Rules of Civil Procedure.

2. AS&E and B&S object to the subpoena and attached discovery requests to the extent that they seek confidential communications, accounting data, and other information

protected from discovery by the attorney-client privilege, the work product doctrine, Fed. R. Civ. P. 26(b), and any other applicable privilege or immunity.

3.  AS&E and B&S object to the discovery requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, unreasonably cumulative, duplicative, meant only to harass B&S, irrelevant to the subject matter of this action, outside the scope of permissible discovery, and/or unlikely to lead to the discovery of admissible evidence.

4.  AS&E and B&S object to the subpoena and attached discovery requests to the extent that they attempt to require B&S to (1) conduct anything other than a reasonable inquiry into the information sought or (2) disclose information not within B&S's possession, custody, or control.

5.  AS&E and B&S object to the subpoena and discovery requests to the extent that they seek documents previously produced in the course of this litigation, including documents produced in response to the subpoenas previously served by L-3 upon B&S and/or its individual partners.

6.  Further, B&S notes that thus far in the course of this litigation, B&S has produced more than 1200 documents in response to subpoenas served by L-3 upon B&S and/or its individual partners. AS&E and B&S object to this latest subpoena and discovery requests because it is duplicative, harassing, and an abuse of the discovery process.

7.  The preceding objections apply to all of the requests listed in Schedule A of the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 60/011,495, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 1:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 2:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 08/799,533, now U.S. Patent No. 5,764,683, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 2:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 3:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 90/005,268, now Reexamination certificate 4211, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 3:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 4:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/072,212, now U.S. Patent No. 5,903,623, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 4:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S

further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 5:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/305,417, now U.S. Patent No. 6,252,9293, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 5:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 6:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 10/229,993, now U.S. Patent No. including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 6:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 7:

All documents concerning the preparation or prosecution of U.S. Patent Application Ser. No. 09/855,961, now U.S. Patent No. 6,292,533, including, without limitation, e-mails or documents stored in any electronic documents management system or other storage medium.

RESPONSE TO REQUEST NO. 7:

    B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S further objects to this request to the extent that it seeks information that is subject to the attorney-client privilege or subject to the work product doctrine. Further, B&S objects to this request to the extent that it seeks documents already in the possession of L-3. Subject to and without waiving the foregoing objections, B&S will produce documents responsive to this request to the extent that such documents were not previously produced in response to L-3.

REQUEST NO. 8:

    All records reflecting time spent or work done on matter number 1945/151.

RESPONSE TO REQUEST NO. 8:

    B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 9:

    All records reflecting time spent or work done on matter number 1945/157.

RESPONSE TO REQUEST NO. 9:

    B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 10:

    All records reflecting time spent or work done on matter number 1945/507.

RESPONSE TO REQUEST NO. 10:

    B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under

the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 11:

All records reflecting time spent or work done on matter number 1945/184.

RESPONSE TO REQUEST NO. 11:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 12:

All records reflecting time spent or work done on matter number 1945/193.

RESPONSE TO REQUEST NO. 12:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 13:

All records reflecting time spent or work done on matter number 1945/A27.

RESPONSE TO REQUEST NO. 13:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

REQUEST NO. 14:

All records reflecting time spent or work done on matter number 1945/A21.

## RESPONSE TO REQUEST NO. 14:

B&S objects to this request on the grounds that it is overbroad, and that compliance with this request would cause B&S undue burden, inconvenience and expense. B&S objects to this request on the grounds that it is not reasonably calculated to lead to discoverable evidence. We understand this request to ask for time sheets and client invoices immune from discovery under the attorney-client privilege and/or work product doctrine and, thus, B&S will produce no documents in response to this request.

Dated: April 8, 2005

AMERICAN SCIENCE AND ENGINEERING, INC.

*By its attorneys,*

_____
Erik Paul Belt, BBO # 558620
John F. Ward, BBO # 64668
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004

## CERTIFICATE OF SERVICE

I certify that a copy of the above document was served upon counsel for the plaintiff by facsimile and first class mail on the above date.

_____
John F. Ward

01945/00511 376716.1