



EXHIBIT 2-D

Robert M. Abrahamsen
rabrahamenr@wolfgreenfield.com
direct dial 617.646.8256

April 13, 2005

*VIA FACSIMILE*

John F. Ward, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02210

  Re: L-3 Communications v. American Science & Engineering, Inc.
     Civil Action No. 04-10339-RWZ (D. Mass.)
     Our File No. L0632.60003US00

Dear John:

  We received the "Objections to Plaintiff's Subpoena of Non-Party Bromberg & Sunstein LLP," which you served on April 8, 2005.

  In response to items 1-7, you indicated that responsive documents would be produced and would be made available for inspection at your offices "at a mutually agreeable time." We would like to inspect those documents as soon as possible, preferably this week, so please let us know the earliest possible date on which they can be made available for our inspection and copying. At the same time, we would also like to inspect all of the "E-size" drawings that were included in AS&E's production. Accordingly, please make arrangements for those documents to be available for our inspection and copying as well.

  In response to items 8-14, you refused to produce any documents on grounds of "attorney-client privilege and/or work product doctrine." As the requests were limited to "records reflecting time spent or work done on" patent prosecution matters, however, it is doubtful that work product doctrine would immunize any of them from production. Status Time Corp. v. Sharp Electronics Corp., 95 F.R.D. 27, 29 (S.D.N.Y. 1982).

  In addition, "[i]n the absence of unusual circumstances, the amount of an attorney's fee and the conditions of his employment do not come within the attorney-client privilege." Bailey v. Meister Brau, Inc., 55 F.R.D. 211, 214 (N.D.Ill. 1972). See also Saxholm AS v. Dynal, Inc., 164 F.R.D. 331, 339 (E.D.N.Y. 1996) ("The general rule is that information concerning a client's identify and fees are not protected by the attorney-client privilege."). That privilege, after all, would attach only to confidential communications between attorney and client that were made for the purpose of obtaining legal advice. E.g., U.S. v. Massachusetts Institute of Technology,

Wolf, Greenfield & Sacks, P.C.  |  600 Atlantic Avenue  |  Boston, Massachusetts 02210-2206
887353.1  617.720.3500  |  fax 617.720.2441  |  www.wolfgreenfield.com

04/13/05  WED 16:58  [TX/RX NO 5018]  ☑002



John F. Ward, Esq.
April 13, 2005
Page 2

129 F.3d 681, 684 (1st Cir. 1997). It therefore seems doubtful that attorney-client privilege would attach to any of the requested materials either.

  L-3 thus requests that Bromberg & Sunstein LLC reconsider its refusal to produce the documents specified in categories 8-14 of the subpoena. For any materials for which Bromberg & Sunstein LLC continues to withhold, L-3 will require a log identifying the purported bases for withholding the documents or portions thereof, and will likely ask the Court to conduct an *in camera* inspection of any such materials to ascertain whether the asserted bases for withholding them are legitimate.

  Please let me know Bromberg & Sunstein LLC's position on this matter by the end of the week.

          Very truly yours,

          WOLF, GREENFIELD & SACKS, P.C.

          Robert M. Abrahamsen

RMA