UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE<br><br>    Plaintiff and Counter-Defendant<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.<br><br>    Defendant and Counterclaimant | Civil Action No. 04-10339-RWZ |

DECLARATION OF SAMUEL J. PETUCHOWSKI, Ph.D., Esq.

I, Samuel J. Petuchowski, declare as follows:

1. I am a partner at Bromberg & Sunstein LLP and patent counsel to American Science & Engineering, Inc. ("AS&E"). I am familiar with AS&E's patent portfolio, including the patents-in-suit in the above captioned matter, United States Patent No. 5,903,623 ("the '623 patent") issued to Swift *et al*. on May 11, 1999 and United States Patent No. 6,292,533 issued to Swift *et al*. on September 18, 2001 ("the '533 patent"). The '623 and '533 patents have been assigned to AS&E. These patents are directed to certain embodiments of a mobile x-ray inspection system, which, in 1994-95 was known as Mobile CargoSearch and is now known, simply, as MobileSearch.

2. AS&E's U.S. Patent No. 6,252,929 ("the '929 patent"), attached as **Exh. 1**, issued on an application that was a continuation of the application that issued as the '623 patent. On August 28, 2002, AS&E filed an application for reissue of the '929 patent ("the '993 reissue application"). That reissue application is currently pending before the US Patent and Trademark

Office (USPTO). The pending reissue claims are directed to certain embodiments of the MobileSearch system.

3. I understand that L-3 asserts in this litigation that certain claims of the '623 patent are invalid under the on-sale bar in view of U.S. Army Contract DAAB 10-95-C-0001 (October 19, 1994) (the "Contract"). In March 2005, L-3 demanded that AS&E bring the on-sale bar issue to the attention of the USPTO so that the USPTO could consider it during its examination of the pending reissue application. **Exh. 2** (Letter of Robert Abrahamson, March 21, 2005). L-3 claimed that the outcome of the '929 reissue proceeding could affect the enforceability of the '533 and/or '623 patents. **Exh. 3** (email of Robert Abrahamson, March 18, 2005).

4. Accordingly, on behalf of AS&E, I filed a Request for Continued Examination (RCE) in the '929 reissue proceeding on March 29, 2005. The RCE included an Information Disclosure Statement (IDS) providing key documents underpinning L-3's assertions of patent invalidity in this litigation, including the Contract, as well as pleadings of L-3 laying out L-3's contentions in regard to the Contract and other documents that L-3 deemed relevant to the on-sale bar and inequitable conduct issues brief in the summary judgment motions.

5. In correspondence addressed to me, dated April 6, 2005, L-3, through its litigation counsel, demanded that AS&E disclose to the USPTO further references, all of which L-3 deemed relevant to the summary judgment motions that this Court recently decided. **Exh. 4** (letter of Robert Abrahamson, April 6, 2005). Accordingly, on April 11, 2005, I filed a Supplemental Information Disclosure Statement containing the additional materials so that the USPTO could consider them.

6. Third-party intervention in a pending USPTO proceeding (other than in requesting a re-examination or lodging a protest) is proscribed under regulations promulgated in

accordance with 35 USC 122(c), made applicable to reissue applications through operation of 35 USC 251, par. 3. Accordingly, it is highly unusual for a third party to demand that a prosecuting attorney file particular references in a pending application. Nonetheless, given that L-3 itself deemed these materials relevant to the court proceedings, I filed the references so that the USPTO could consider them in relation to the pending reissue application.

7. On September 12, 2005, the USPTO issued an office action in connection with AS&E's reissue application. **Exh. 5** (Office Action, September 12, 2005). As required by Section 609 of the Manual of Patent Examining Procedure, the Office Action included the Listing of Attachments to Information Disclosure Statement submitted by AS&E with its IDS.

8. The USPTO examiner, Craig Church (the same examiner who allowed the '533 and '623 patents at issue in this litigation), divided the disclosed references into two groups, indicating by his initials that he had reviewed those references (including the Contract) considered to constitute to be prior art, while ruling out those references he did not consider to constitute prior art.

9. Significantly, Examiner Church initialed the Contract, showing that he considered it in his examination of the reissue application. Examiner Church also crossed out other citations on the IDS and noted that those materials are "not prior art."

10. Examiner Church issued a rejection of the claims of the '929 patent as obvious (when combined with the teachings of an earlier-published article) over AS&E's Model 101 Van (not the Mobile CargoSearch truck) described as background in the Contract. (The Model 101 Van is not a Mobile CargoSearch-like system. Rather, the referenced van simply carries an inspection system to a site but does not inspect while in motion, as required by the claims of the patents-in-suit and the pending reissue claims of the '929 patent.) Thus, it appears that the

Contract was only relevant to Examiner Church's rejection of the claims insofar as the Contract was the source of a reference to an earlier product of AS&E predating the Contract, and not by virtue of the actual subject matter of the Contract. That is, the alleged sale of a Mobile CargoSearch system, which L-3 argued triggered the on-sale bar, was not material to Examiner Church's review of the pending reissue patent.

11.  In the Office Action of September 12, Examiner Church decided not to cite the Contract as anticipatory prior art (35 USC § 102) of any kind, and, more particularly, he found no on-sale bar (35 USC § 102(b)) on which to base a rejection of the '929 patent.

12.  AS&E filed a response to the September 12 Office Action on September 21, 2005 addressing Examiner Church's obviousness concerns. **Exh. 6** (AS&E Response to September 12, 2005 office action, September 21, 2005). In that response, AS&E described the difference between the Model 101 Van and the MobileSearch system that is the subject of the pending reissue claims.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON OCTOBER 7, 2005.

_____
Samuel J. Petuchowski, Ph.D., Esq.

01945/00511 434970.2