


SPECIALISTS IN INTELLECTUAL PROPERTY LAW

**Robert M. Abrahamsen**
rabrahamsen@wolfgreenfield.com
direct dial 617.646.8256

April 6, 2005

BY HAND DELIVERY

Samuel J. Petuchowski, Esq.
Bromberg & Sunstein, LLP
125 Summer Street
Boston, MA 02110-1618

BROMBERG & SUNSTEIN LLP
RECEIVED
APR 0 6 2005

Re:   Reissue Application Ser. No. 10/229,993
       Your File No. 1945/A27
       Titled: MOBILE X-RAY INSPECTION SYSTEM FOR LARGE OBJECTS

Dear Dr. Petuchowski:

We have reviewed the information disclosure statement (IDS) you filed with the United States Patent and Trademark Office on March 29, 2005 in connection with prosecution of Application Serial No. 10/229,993. The section entitled "STATEMENT AS TO INFORMATION NOT FOUND IN PATENTS OR PUBLICATIONS" (beginning on page 5 of 11) contained several inaccurate or potentially misleading statements. The purpose of this letter is to bring those statements to your attention, and to urge you to make a further, remedial disclosure to the Patent Office.

To facilitate that process for you, we have prepared the attached "Supplemental Statement as to Information not Found in Patents or Publications," which we request that you file in substantially the form presented so as to ensure that the examiner will not be misled by the noted inaccuracies. If you disagree in any way with the contents, you should file it anyway as a disclosure, informing the examiner that the document was prepared by attorneys for a party in litigation against your client on a related patent. If you wish, you may attach a copy of this letter.

As an individual owing a duty of good faith and candor to the PTO, we trust that you will file this paper promptly. If you fail to do so, however, this letter, and its contents, will be cited against your client as evidence of inequitable conduct.

Very truly yours,

WOLF, GREENFIELD & SACKS, P.C.

Robert M. Abrahamsen

RMA/psv
Enclosures
cc:   Eric P. Belt, Esq. (w/o encls.)

Wolf, Greenfield & Sacks, P.C.   |   600 Atlantic Avenue   |   Boston, Massachusetts 02210-2206
884625.1      617.720.3500   |   fax 617.720.2441   |   www.wolfgreenfield.com

# SUPPLEMENTAL STATEMENT AS TO INFORMATION NOT FOUND IN PATENTS OR PUBLICATIONS

Applicant is filing this paper to correct certain inaccurate or potentially misleading statements that were made on pages 5-7 of the information disclosure statement (IDS) filed in this application, along with a request for continued examination (RCE), on March 29, 2005.

<u>1.</u>

On page 5, the IDS stated that "The existence of the Contract and a copy of the contents of the Technical Proposal were filed with a provisional application (Serial No. 60/011,495) on which the present Reissue Application relies for priority."

That statement may have given the misleading impression that a copy of the Contract was filed with the provisional application, and thus that the Contract had previously been fully considered as an event occurring before the critical date. No copy of the Contract was filed, however, nor was the date the contract was signed or the obligations of the parties under the contract ever specified in any submission.

The IDS should also have made clear that only a selected portion of the Technical Proposal was included as an exhibit to the provisional application. (A complete copy of the Technical Proposal submitted to the U.S. Army in early 1994 is attached as Exhibit **O**). The selected portion excluded any documents that identified that it had been a proposal or that reflected the date and circumstances under which the proposal had been submitted (<u>see</u> the introductory correspondence and various cover pages). Further, the selected portion did not include the SUMMARY section (Part A), which stated, among other things, that "Delivery of the completed prototype system is estimated to be twelve (12) months after contract award." Finally, the selected portion excluded the entire STATEMENT OF WORK (Part C), which specified, among other things, that the Assignee of the present application was offering to provide "deliverable equipment" to the government (<u>e.g.</u>, <u>see</u> Paragraph 1.5.1).

<u>2.</u>

Applicant further wishes to inform the Examiner that a document entitled "Price Proposal II of II" (a copy of the introductory portion of which is attached as Exhibit **P**), was also submitted to the U.S. Army in early 1994, together with the Technical Proposal.

<u>3.</u>

Page 5 of the IDS further stated that "...a development effort, rather than a deliverable product, is specified..." Similarly, on page 6, the IDS stated that "the contract was ... not for the procurement of a product."

Those statements were inaccurate. The Contract indicated (at least in Section 1.5.1) that "a fully-operational, prototype Mobile CARGOSEARCH system intended for the non-intrusive x-ray inspection of vehicles in cargo containers, substantially as described in Volume 1, Part B,

Section 3 of this proposal, <u>will be delivered</u> at the conclusion of the proposed program." (Emphasis added).

<u>4</u>.

Also on page 5, the IDS stated that "nor was there any such product ... designed prior to the critical date." That statement was inaccurate, however. The technical description provided in Part B of the Contract did set forth a "design" for the product to be delivered.

<u>5</u>.

On page 6, the IDS stated that "Section C of the Contract contains no Operational Specifications as would a contract for sale of a product." That statement was misleading, however, because Section 1.5.1 of the Contract indicated that the delivered system would be "substantially as described in Volume 1, Part B, Section 3 of [the] proposal," which section did set forth operational specifications.

<u>6</u>.

The IDS also stated on page 6 that, at the February 14, 1995 Preliminary Design Review (PDR), there were identified "a large number of issues that still required resolution before there could be any assurance as to whether ... the prototype that the Assignee was contracted to develop would operate." That statement may have been misleading, however. None of the action items resulting from the PDR gave rise to doubt that the prototype would operate as intended. During a recent deposition, the first-named inventor on the present application, Dr. Roderick Swift, testified that at the time he authored the proposal (more than two years before the provisional application was filed) he was "reasonably confident" that the system could be built, and that it would work for its intended purpose.

With respect to the materials that were actually presented at the February 1995 PDR (a copy of which is behind Tab 2 of Exhibit **U**), Applicant acknowledges that the substantive information reflected in them had been reduced to paper in advance of the critical date. It should furthermore be noted that the PDR materials (on the tenth page) stated that the initial version of the system specification had been "completed."

<u>7</u>.

On page 7, the IDS stated that "a proposal by NITON Corporation" was being disclosed which was "of uncertain provenance and unknown date." Applicant has since learned, however, that the referenced proposal (Exhibit **N** to the March 29 IDS) had been submitted to the government by a consortium of companies, including NITON Corporation, prior to the critical date of the present application, and was intended to elicit an "acceptance" by the government. Applicant thus requests that the examiner consider that proposal as a prior art "offer for sale" that would affect the patentability of the claims presented in the present application.

<u>8</u>.

Applicant also wishes to disclose two prior art articles (attached as Exhibits **Q** and **R**), which described a prior art "CargoSearch" system that had been deployed at Otay Mesa,

2

California prior to the critical date of the present application. In considering these documents, the examiner should appreciate that various witnesses and documents (including the October 1994 contract – see p. B-5 ("It is the principal objective of this proposed program to develop a fully-mobile version of the 450 kV CARGOSEARCH system...")) have characterized an embodiment of the system described in the present patent application as a "mobile version" of the Otay Mesa CargoSearch system.

9.

Applicant also wishes to make of record a Reply Memorandum that was recently filed by the litigant referenced in the March 29 IDS in support of its motion for partial summary judgment that certain claims of U.S. Patent No. 5,903,623 (of which the present application is a continuation) are invalid under 35 U.S.C. §102(b), as well as the exhibits that accompanied that memorandum. (A copy of the Reply Memorandum is attached as Exhibit **S,** and a copy of a declaration including the exhibits referenced in the Reply Memorandum is attached as Exhibit **T**).

Finally, to facilitate the examiner's review of the earlier-submitted memoranda of the above-noted litigant, a copy of a declaration that included as attachments certain exhibits referred to in those memoranda is attached as Exhibit **U**.