IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SCIENCE & ENGINEERING, INC.,<br><br>Defendant. | CIVIL ACTION NO. 04-10339-RWZ<br>**(FILED UNDER SEAL)** |

## L-3'S OPPOSITION TO AS&E'S MOTION FOR RECONSIDERATION

L-3 Communications Security and Detection Systems Corporation Delaware ("L-3") files this memorandum in opposition to American Science & Engineering, Inc.'s ("AS&E") motion for reconsideration, or, in the alternative, for a stay pending appeal. (D.I. 89).

A.   Motion for Reconsideration

On September 16, 2005, this Court granted L-3's motion invalidating 36 claims of U.S. Patent No. 5,903,623 ("the '623 patent") because those claims were anticipated by a sale to the government more than a year before the earliest application for the patent was filed. (D.I. 88). On October 7, 2005, AS&E filed a motion for reconsideration of that decision. (D.I. 89).

A motion for reconsideration must "must either clearly establish a manifest error of law or present newly discovered evidence." Landrau-Romero v. Banco Popular De Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000). Thus, courts routinely deny motions for reconsideration. See, e.g., id. (upholding denial of

949014.1

motion for reconsideration); Emmanuel v. International Broth. of Teamsters, Local Union No. 25, 2005 WL 2596447 (1st Cir. Oct. 14, 2005) (same); Mills v. Merrimack N.H. Police Dept., 130 Fed. Appx. 481 (1st Cir. 2005) (same).  As described below, AS&E has established no error of law, nor introduced any new evidence.

1. Patent Office Communication

The Court concluded that the contract of October 19, 1994 was a statutory bar under 35 U.S.C. § 102(b) because it was a commercial offer for sale and because the invention of the '623 patent had been ready for patenting.  (D.I. 88, p.7).  Specifically, the Court supported its conclusion by observing that the detailed description of the product in the contract was virtually identical to that of the product claimed in the patent.  (D.I. 88, pp. 4-5).

AS&E has now argued that the Court should reconsider this decision because of "new evidence."  (D.I. 90, pp. 3-6)  AS&E, however, has submitted no new evidence.  Instead, it has urged the Court to abandon its well reasoned September 16 decision because an examiner in the Patent Office, in a recent communication involving a different patent, ostensibly "did not find" an on-sale bar.  (D.I. 90, p. 1).

AS&E's statement is misleading.  The patent office proceeding that AS&E referred to is a reissue of United States Patent No. 6,252,929 ("the '929 patent"), which is not involved in this action.  In that ex parte proceeding, a copy of the October 1994 contract had been one of 19 items submitted in a March 2005 information disclosure statement.  (D.I. 91, Ex. 5, pp. 5-7).

The examiner in question did not claim to disagree with this Court's on-sale bar conclusion. (D.I. 91, Ex. 5) Indeed, his communication did not even discuss the on-sale bar issue that was the subject of the Court's September 16 opinion. His communication did not suggest that he had even considered that issue.[1]

In any event, since this is really not "evidence," reconsideration would only be appropriate if the communication clearly established a "manifest error of law." But the examiner did not state that the Court's conclusion was wrong, let alone point out or explain any error. Thus reconsideration on the basis of this irrelevant communication would be pointless.

In any case, what that examiner would eventually conclude as to whether the sale was covered by the on-sale bar would not bind this Court. To the contrary, district courts are charged with reviewing the propriety of an examiner's actions, not the other way around. See Quad Envtl. Techs. v. Union Sanitary Dist., 946 F.2d 870, 876 (Fed. Cir. 1991) ("The Courts are the final arbiter of patent validity and, although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide").

---

[1] He appears to have regarded the contract as prior art. (D.I. 91, Ex. 5, pp. 3-4). His communication rejected all the claims being sought in that proceeding because they were unpatentable over that contract, when considered together with another prior art reference. (D.I. 91, Ex. 5, pp. 3-4). He crossed out the other 18 submitted items, writing "not prior art" next to each. (D.I. 91, Ex. 5, pp. 5, 7). Whether he even read those submissions cannot be discerned.

2. <u>Shifting of Burden of Proof</u>

AS&E argued (D.I. 90, pp. 6-11) that the evidence L-3 presented on invalidity and the Court's declaratory judgment jurisdiction was insufficient, and that the Court improperly shifted the burden of proof on those two issues to AS&E. AS&E, however, failed to support its argument.

<u>Invalidity</u>

To support its validity challenge, L-3 had presented detailed claim charts showing the correspondence between the features of the deliverable product described in the Mobile CargoSearch Contract and the individual limitations of challenged claims (using the figures and language that appeared in the contract). (<u>See</u> D.I. 63, Ex. A). L-3 had also demonstrated that the written description of the patent was copied almost verbatim from the contract itself. (<u>See</u> D.I. 69, Ex. A). Thus, the subject of the Mobile CargoSearch Contract necessarily had to have been ready for patenting, because AS&E's patents themselves contained no more detail than the contract. The Court found that the deposition testimony of AS&E's witness, Dr. Callerame, was insufficient as a matter of law to rebut L-3's clear and convincing showing on those issues. (D.I. 88, pp. 5-7).

AS&E complained that L-3 did not meet its burden of proof because it did not "offer the testimony of a technical witness" to support its motion. (D.I. 90, p. 7). Testimony of a technical witness is <u>not required</u> for a party to meet its burden of proof. <u>Chore-Time Equip., Inc. v. Cumberland Corp.</u>, 713 F.2d 774, 779 (Fed. Cir. 1983) ("the subject matter, i.e., the scope and content, of those [prior art] patents being easily discernible from their drawings and written descriptions, no

testimony, expert or otherwise, regarding their scope and content was necessary"); Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1270 (Fed. Cir. 1986) ("The argument that [expert testimony is required] borders on the frivolous.  We have never required a party to proffer expert testimony on claim interpretation or on application of claim language to accused devices.").  No expert testimony was needed to show the striking similarity between the disclosure and claims of the '623 patent and the content of the Mobile CargoSearch Contract.

As noted in the Court's opinion, Dr. Callerame's "technical" testimony, such as it was, either supported L-3's position or was belied by the facts.  (D.I. 88, pp. 5-7).  Accordingly, the burden of proof on the invalidity issue was properly allocated, and was indisputably satisfied.

Declaratory Judgment Jurisdiction

AS&E showed no ground for Reconsideration.  AS&E's memorandum (D.I. 90, pp. 9-11) simply rehashed the same arguments it made on the motion in its earlier papers.  (D.I. 66, pp. 18-19).  L-3 responded fully, (D.I. 69, pp. 14-15) and the Court took L-3's view.  (D.I. 88, p. 7).  A motion for reconsideration "does not allow the losing party to repeat old arguments previously considered and rejected."  National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990).

B. <u>Rule 54(b) Request</u>

The request that the Court enter a final judgment under rule 54(b) is particularly unworthy. Appellate courts discourage use of that rule, restricting it only to unusual circumstances. <u>See</u> <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 42 (1st Cir. 1988), <u>quoting</u> <u>Morrison-Knudsen Co. v. Archer</u>, 655 F.2d 962, 965 (9th Cir.1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."). In this case, AS&E has accused L-3 of infringing various claims of two patents by the sale of certain products. (D.I. 7-9, 13, 69, p. 14). The Court's summary judgment ruling removed from the case some, but not all, of the claims from one of the patents. (D.I. 88, p. 7).

The Court's decision, however, did not remove any of the parties. A number of claims remain to be adjudicated, including several claims from the same patent from which claims had been ruled invalid. The same products are being accused of infringing both the removed and the remaining claims. (D.I. 69, p. 14).

Further, if AS&E were to succeed at trial on the remaining claims, L-3's products would be found to be infringing, and AS&E could get an injunction and its full measure of damages irrespective of the invalidated claims. The claims which the Court has invalidated would become of little interest. Thus, nothing can be gained by piecemeal appeals in this case.

The leading authority in this circuit on rule 54(b) is Spiegel v. Trustees of Tufts College, supra.  Virtually every consideration listed in that opinion goes against AS&E's Rule 54(b) request:

1) All parties remain:

> [N]otwithstanding the order of dismissal, the action remains pending for trial in the district court as to all the parties.  This circumstance alone counsels hesitation in the use of Rule 54(b).  It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below.

Id. at 44 (internal citations omitted).

2) If AS&E were to succeed at trial on the remaining claims, the claims now sought to be appealed "would be largely (if not entirely) mooted and the need for appellate review would vanish.  Appellate courts, understandably, have treated such a possibility as a major negative in the Rule 54(b) equation."  Id. at 45.

3) The factual underpinnings of the adjudicated and unadjudicated claims are inextricably intertwined.  The technology, the products, and much of the claim language is identical.  "It does not strike us as betokening sound judicial administration for an appellate court and a trial court to be simultaneously passing upon different legal theories in a situation involving the same parties and, basically, the same facts."  Id.

4) AS&E argued that the trial of the remaining claims might somehow transpire differently if that trial is deferred until after an interlocutory appeal.  (D.I. 90, pp. 13-14).  That argument is questionable and unpersuasive:

> Virtually <u>any</u> interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial. … To entertain an early appeal just because reversal of a ruling made by the district court <u>might</u> transpire and <u>might</u> expedite a particular appellant's case would defoliate Rule 54(b)'s protective copse. This would leave the way clear for the four horsemen of too easily available piecemeal appellate review: congestion, duplication, delay, and added expenses.

<u>Id.</u> at 46.

## **CONCLUSION**

For the above reasons, AS&E's motion for reconsideration of partial summary judgment or, in the alternative, a stay pending appeal should be DENIED.

Respectfully submitted,

L-3 COMMUNICATIONS SECURITY AND DETECTION SYSTEMS CORPORATION DELAWARE

Dated: October 21, 2005

/s/ James J. Foster
James J, Foster, BBO #553285
Michael A. Albert, BBO #558566
Robert M. Abrahamsen, BBO #636635
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel.: 617.646.8000
Fax: 617.646.8646
jfoster@wolfgreenfield.com